UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x
MICHAEL FEDER, On Behalf of Himself and :   Civil Action No. 04-CV-8141
All Others Similarly Situated,     :
                                  :   <u>CLASS ACTION</u>
                Plaintiff,    :
                                    :
      vs.                              :
                                    :
AMERICAN INTERNATIONAL GROUP,    :
INC., et al.,                           :
                                    :
              Defendants.    :
———————————————————— :
JEROME NOLL, Individually and On Behalf   Civil Action No. 04-CV-8226
of All Others Similarly Situated,     :
                                    :   <u>CLASS ACTION</u>
                Plaintiff,    :
                                    :
      vs.                              :
                                    :
AMERICAN INTERNATIONAL GROUP,    :
INC., et al.,                           :
                                    :
             Defendants.    :
———————————————————— x

[Caption continued on following page.]

MEMORANDUM IN SUPPORT OF THE MOTION OF PLUMBERS AND PIPEFITTERS
FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL
OF SELECTION OF LEAD COUNSEL

```
                                                     x
STEPHEN FRANK, On Behalf of Himself and  :    Civil Action No. 04-CV-8292
All Others Similarly Situated,           :
                                         :    CLASS ACTION
                    Plaintiff,           :
                                         :
            vs.                          :
                                         :
AMERICAN INTERNATIONAL GROUP,            :
INC., et al.,                            :
                                         :
                    Defendants.          :
                                         :
JOSEPH SCUILLA, Individually and On      :    Civil Action No. 04-CV-8336
Behalf of All Others Similarly Situated, :
                                         :    CLASS ACTION
                    Plaintiff,           :
                                         :
            vs.                          :
                                         :
AMERICAN INTERNATIONAL GROUP, et         :
al.,                                     :
                                         :
                    Defendants.          :
                                         :
EUGENE OLSON,                            :    Civil Action No. 04-CV-8339
                                         :
                    Plaintiff,           :    CLASS ACTION
                                         :
            vs.                          :
                                         :
AMERICAN INTERNATIONAL GROUP,            :
INC., et al.,                            :
                                         :
                    Defendants.          :
                                                     x
```

[Caption continued on following page.]

```
                                             x
ROBERT J. CASEY II, On Behalf of Himself   :   Civil Action No. 04-CV-8366
and All Others Similarly Situated,         :
                                           :   CLASS ACTION
                          Plaintiff,       :
                                           :
              vs.                          :
                                           :
AMERICAN INTERNATIONAL GROUP, et           :
al.,                                       :
                                           :
                          Defendants.      :
                                           :
LISA M. CROUCH, On Behalf of Herself and   :   Civil Action No. 04-CV-8579
All Others Similarly Situated,             :
                                           :   CLASS ACTION
                          Plaintiff,       :
                                           :
              vs.                          :
                                           :
AMERICAN INTERNATIONAL GROUP,              :
INC., et al.,                              :
                                           :
                          Defendants.      :
                                           :
                                           :
MICHAEL CASSIDY, Individually and On       :   Civil Action No. 04-CV-8642
Behalf of All Others Similarly Situated,   :
                                           :   CLASS ACTION
                          Plaintiff,       :
                                           :
              vs.                          :
                                           :
AMERICAN INTERNATIONAL GROUP,              :
INC., et al.,                              :
                                           :
                          Defendants.      :
                                             x
```

[Caption continued on following page.]

―――――――――――――――――――― x

ANNE E. FLYNN, On Behalf of Herself and :    Civil Action No. 04-CV-9301
All Others Similarly Situated,         :

                                         :    <u>CLASS ACTION</u>

                         Plaintiff,    :

           vs.                    :

AMERICAN INTERNATIONAL GROUP, et    :
al.,                                           :

                      Defendants.    :

――――――――――――――――――――

ROBERT D. JAFFEE IRA ROLLOVER, et al., :    Civil Action No. 04-CV-9615

                      Plaintiffs,    :    <u>CLASS ACTION</u>

           vs.                    :

AMERICAN INTERNATIONAL GROUP,    :
INC., et al.,                                  :

                      Defendants.    :

―――――――――――――――――――― x

## I.        PRELIMINARY STATEMENT

Presently pending before this Court are at least ten-related securities class action lawsuits (the "Actions") brought on behalf of all those who purchased or otherwise acquired American International Group, Inc. ("AIG" or the "Company") shares between October 28, 1999 and 10:58 a.m. EDT on October 14, 2004, inclusive (the "Class Period") and allege violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. §78(j)(b) and 78(t)) and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5).

Institutional Investor Plumbers and Pipefitters National Pension Fund ("Plumbers and Pipefitters") hereby moves this Court for an order to: (i) consolidate the Actions; (ii) appoint Plumbers and Pipefitters as Lead Plaintiff in the Actions under Section 21D(a)(3)(B) of the Exchange Act; and (iii) approve Plumbers and Pipefitters' selection of the law firm of Lerach Coughlin Stoia Geller Rudman & Robbins LLP ("Lerach Coughlin") to serve as Lead Counsel.

This motion is made on the grounds that Plumbers and Pipefitters is the most adequate plaintiff, as defined by the PSLRA.  Plumbers and Pipefitters is precisely the type of institutional investor that Congress sought to summon and empower when it enacted the PSLRA.  *See Ferrari v. Impath, Inc.*, 2004 U.S. Dist. LEXIS 13898 (S.D.N.Y. July 15, 2004) (holding that the institutional investors proposed as lead plaintiffs are exactly the type of lead plaintiff that Congress wanted to encourage to participate in the litigation of these actions and exercise control over the selection and actions of plaintiffs counsel).  Moreover, as an institutional investor, Plumbers and Pipefitters is accustomed to acting as a fiduciary and its experience in legal and financial matters will substantially benefit the class.

Plumbers and Pipefitters suffered losses of $3,388,252.40 in connection with its purchases of thousands of AIG shares during the Class Period.[1]  *See* Alba Decl. Ex. B.[2]   To the best of our knowledge, this is the greatest loss sustained by any moving class member or class member group who has brought suit or filed an application to serve as Lead Plaintiff in these Actions.  In addition, Plumbers and Pipefitters, for the purposes of this motion, adequately satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that its claims are typical of the claims of the putative class and that it will fairly and adequately represent the interests of the class.

## II.    FACTUAL BACKGROUND [3]

AIG is a holding company that, through its subsidiaries, is engaged in a range of insurance and insurance-related activities in the United States and abroad.

The complaint charges AIG and certain of its officers and directors with violations of the Securities Exchange Act of 1934.  The complaint alleges that, during the Class Period, defendants disseminated false and misleading financial statements to the investing public.  The true facts, which were known by each of the defendants but concealed from the investing public during the Class Period, were as follows: (a) that the Company was paying illegal and concealed "contingent commissions" pursuant to illegal "contingent commission agreements;" (b) that by concealing these

---

[1]    The losses suffered by Plumbers and Pipefitters are not the same as its legally compensable damages, measurement of which is often a complex legal question which cannot be determined at this stage of the litigation.  The approximate losses can, however, be determined from the certifications required under Section 21D of the Exchange Act and based upon reference to information concerning the current market for the Company's securities.  Plumbers and Pipefitters' transactions in AIG shares are set forth in the accompanying loss chart.

[2]    References to the "Alba Decl., Ex. ____" are to the exhibits attached to the accompanying Declaration of Mario Alba Jr. dated December 14, 2004 and submitted herewith.

[3]    These facts are drawn from the allegations in the complaint captioned *Michael Feder vs. American International Group, Inc., et al.*, Civil Action No. 04-CV-8141-LTS (the "*Feder* Action").

"contingent commissions" and such "contingent commission agreements" the defendants violated applicable principles of fiduciary law, subjecting the Company to enormous fines and penalties totaling potentially tens, if not hundreds, of millions of dollars; (c) that defendants had concealed the fact that AIG had engaged in illegal transactions using special purpose entities with at least five additional insurers, contrary to defendants' claims on January 30, 2002; and (d) that as a result, the Company's prior reported revenue and income were grossly overstated.

On October 14, 2004, Elliot Spitzer announced he had charged several of the nation's largest insurance companies and the largest broker with bid rigging and pay-offs he claimed violated fraud and competition laws.  On this news, AIG shares fell $6.80 per share to $60.19 per share on unusually heavy trading volume of approximately 50 million shares.

## III.   ARGUMENT

### A.   THE ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES

The Actions each assert class claims on behalf of the purchasers of AIG shares for alleged violations of the Exchange Act during the relevant time period.  The Actions name the same defendants and involve the same factual and legal issues.  They are each brought by investors who purchased AIG shares during the relevant time period in reliance on the integrity of the market for such securities and were injured by the fraud on the market that was perpetrated through the issuance of materially false and misleading statements and concealment of material information, thus artificially inflating the prices of AIG securities at all relevant times.  Consolidation is appropriate where there are actions involving common questions of law or fact.  Fed. R. Civ. P. 42 (a).  *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (3d Cir.) (1990).  That test is met here and, accordingly, the Actions should be consolidated.

**B.      PLUMBERS AND PIPEFITTERS SHOULD BE APPOINTED LEAD PLAINTIFF**

### 1.      The Procedure Required by the PSLRA

The PSLRA has established a procedure that governs the appointment of a Lead Plaintiff in "each private action arising under the [Securities Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as Lead Plaintiff.  15 U.S.C. §§78u-4(a)(3)(A)(i).  Plaintiff in the *Feder* Action caused the first notice regarding the pendency of these actions to be published on *Business Wire*, a national, business-oriented newswire service, on October 15, 2004.  *See* Alba Decl. Ex. A.  Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as Lead Plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §§78u-4(a)(3)(A) and (B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as Lead Plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members.   15 U.S.C. §78u-4(a)(3)(B).   In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that
>
> (aa) has either filed the complaint or made a motion in response to a notice...
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

- 4 -

15 U.S.C. 78u-4(a)(3)(B)(iii).  *See generally Greebel v. FTP Software*, 939 F. Supp. 57, 64

(D. Mass. 1996).

**2.    Plumbers and Pipefitters Satisfies the "Lead Plaintiff"
Requirements of the Exchange Act**

**a.    Plumbers and Pipefitters Has Complied with the
Exchange Act and Should Be Appointed Lead Plaintiff**

The time period in which class members may move to be appointed Lead Plaintiff herein

under 15 U.S.C. §78u-4(a)(3)(A) and (B) expires on December 14, 2004.  Pursuant to the provisions

of the PSLRA and within the requisite time frame after publication of the required notice (published

on October 15, 2004), Plumbers and Pipefitters timely moves this Court to be appointed Lead

Plaintiff on behalf of all members of the class.

Plumbers and Pipefitters has duly signed and filed a certification stating that it is willing to

serve as the representative party on behalf of the class.  *See* Alba Decl. Ex. C.  In addition, Plumbers

and Pipefitters has selected and retained competent counsel to represent it and the class.  *See* Alba

Decl. Ex. D.  Accordingly, Plumbers and Pipefitters has satisfied the individual requirements of 15

U.S.C. §78u-4(a)(3)(B) and is entitled to have its application for appointment as Lead Plaintiff and

selection of Lead Counsel as set forth herein, considered and approved by the Court.

**b.    Plumbers and Pipefitters Is Precisely the Type of Lead
Plaintiff Congress Envisioned When It Passed the
PSLRA**

The Congressional objective in enacting the lead plaintiff provisions was to encourage large,

organized institutional investors to play a more prominent role in securities class actions.  *See* H.R.

Conf. Rep. No. 104-369, at 34 (1995), reprinted in 1995 U.S.C.C.A.N. 679, 733 ("The Conference

Committee believes that increasing the role of institutional investors in class actions will ultimately

benefit shareholders and assist courts by improving the quality of representation in securities class

actions.").

- 5 -

Congress reasoned that increasing the role of institutional investors, which typically have a large financial stake in the outcome of the litigation, would be beneficial because institutional investors with a large financial stake are more apt to effectively manage complex securities litigation. Plumbers and Pipefitters, as an institutional investor, is precisely the type of lead plaintiff Congress envisioned when it passed the PSLRA. *See id*. ("Institutional investors and other class members with large amounts at stake will represent the interests of the plaintiff class more effectively than class members with small amounts at stake.").

**c.      Plumbers and Pipefitters Has the Requisite Financial
Interest in the Relief Sought by the Class**

During the Class Period, as evidenced by, among other things, the accompanying signed certification, *see* Alba Decl. Ex. C, Plumbers and Pipefitters purchased thousands of AIG shares in reliance upon the materially false and misleading statements issued by the defendants and were injured thereby. In addition, Plumbers and Pipefitters incurred a substantial $3,388,252.40 loss on its transactions in AIG shares. Plumbers and Pipefitters thus has a significant financial interest in this case. Therefore, Plumbers and Pipefitters satisfies all of the PSLRA's prerequisites for appointment as Lead Plaintiff in this action and should be appointed Lead Plaintiff pursuant to 15 U.S.C. 78u-4(a)(3)(B).

**d.      Plumbers and Pipefitters Otherwise Satisfies Rule 23**

According to 15 U.S.C. §78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims

or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative.  Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification.  *See Lax v. First Merchants Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866 at *20, (N.D. Ill. Aug. 6, 1997); *Fischler v. Amsouth Bancorporation*, No. 96-1567-Civ -T-17A, 1997 U.S. Dist. LEXIS 2875, at *7-8 (M.D. Fla. Feb. 6, 1997).  Plumbers and Pipefitters satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as Lead Plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class.  Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members.  *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986).  Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical. *See Priest v. Zayre Corp.*, 118 F.R.D. 552, 555 (D. Mass. 1988) ("With respect to typicality under Rule 23(a)(3), plaintiffs need not show substantial identity between their claims and those of absent class members, but need only show that their claims arise from the same course of conduct that gave rise to the claims of the absent [class] members") (citations omitted).  The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. *Phillips v. Joint Legislative Comm. on Performance & Expenditure Review*, 637 F.2d 1014, 1024 (5th Cir. 1981).

Plumbers and Pipefitters satisfies this requirement because, just like all other class members, it: (1) purchased AIG shares during the Class Period; (2) purchased AIG shares in reliance upon the allegedly materially false and misleading statements issued by defendants; and (3) suffered damages thereby.  Thus, Plumbers and Pipefitters' claims are typical of those of other class members since its claims and the claims of other class members arise out of the same course of events.  Under Rule 23(a)(4) the representative parties must also "fairly and adequately protect the interests of the class." The PSLRA directs this Court to limit its inquiry regarding the adequacy of Plumbers and Pipefitters to represent the class to the existence of any conflicts between the interest of Plumbers and Pipefitters and the members of the class.  The standard for adequacy of representation under Rule 23(a)(4) is met by: (1) the absence of potential conflict between the named plaintiffs and the class members;  and (2) the class representatives' choice of counsel who are qualified, experienced and able to vigorously conduct the proposed litigation.  *See Modell v. Eliot Sav. Bank*, 139 F.R.D. 17, 23 (D. Mass. 1991) (citing *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 130 (1st Cir. 1985)).

Here, Plumbers and Pipefitters is an adequate representative of the class.  As evidenced by the injuries suffered by Plumbers and Pipefitters, who purchased AIG shares at prices allegedly artificially inflated by defendants' materially false and misleading statements, the interests of Plumbers and Pipefitters are clearly aligned with the members of the class, and there is no evidence of any antagonism between Plumbers and Pipefitters' interests and those of the other members of the class.  Further, Plumbers and Pipefitters has taken significant steps which demonstrate it will protect the interests of the class: it has retained competent and experienced counsel to prosecute these claims.  In addition, as shown below, Plumbers and Pipefitters' proposed Lead Counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner.  Thus, Plumbers and Pipefitters prima facie satisfies the commonality, typicality and adequacy requirements of Rule 23 for the purposes of this motion.

### C.   THE COURT SHOULD APPROVE PLUMBERS AND PIPEFITTERS'S CHOICE OF COUNSEL

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class he seeks to represent.  In that regard, Plumbers and Pipefitters has selected the law firm of Lerach Coughlin as Lead Counsel, a firm which has substantial experience in the prosecution of shareholder and securities class actions.  *See* Alba Decl. Ex. D.  Accordingly, the Court should approve Plumbers and Pipefitters' selection of counsel.

### IV.   CONCLUSION

For all the foregoing reasons, Plumbers and Pipefitters respectfully requests that the Court: (i) consolidate the Actions; (ii) appoint Plumbers and Pipefitters as Lead Plaintiff in the Actions; (iii) approve its selection of Lead Counsel as set forth herein; and (iv) grant such other relief as the court may deem just and proper.

DATED:  December 14, 2004

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN (SR-7957)
DAVID A. ROSENFELD (DR-7564)
MARIO ALBA JR. (MA-7240)


                    /s/ Mario Alba Jr.
MARIO ALBA JR.

200 Broadhollow Road, Suite 406
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

[Proposed] Lead Counsel for Plaintiffs

I:\American International Group (AIG)\LP Motions\LP Memo.doc