UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
| IN RE AMERICAN INTERNATIONAL GROUP, INC. SECURITIES LITIGATION | : : | Master File No. 04 Civ. 8141 (JES) |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : |  |
| This Document Relates to: ALL ACTIONS | : : | <u>Oral Argument Requested</u> |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**DECLARATION OF STACEY A. SHORTALL IN SUPPORT OF THE MOTION BY DEFENDANTS AMERICAN INTERNATIONAL GROUP, INC. AND RICHMOND INSURANCE COMPANY LTD. TO DISMISS PLAINTIFF'S CONSOLIDATED SECOND AMENDED CLASS ACTION COMPLAINT**

STACEY A. SHORTALL declares:

1.      I am an associate at the law firm of Paul, Weiss, Rifkind, Wharton & Garrison LLP and make this declaration in support of the Motion by Defendants American International Group, Inc. ("AIG") and Richmond Insurance Company Ltd. To Dismiss Plaintiff's Consolidated Second Amended Class Action Complaint.

2.      The purpose of this declaration is to make part of the record the documentary evidence to which we refer in our accompanying Memorandum of Law.

3.      Attached as Exhibit A is a true and correct copy of Plaintiff's Consolidated Second Amended Class Action Complaint, dated September 27, 2005.

4.      Attached as Exhibit B is a true and correct copy of the complaint filed in *Feder* v. *AIG et al.*, 04 Civ. 8141, dated October 15, 2004.

5.      Attached as Exhibit C is a true and correct copy of the complaint filed in *Noll* v. *AIG et al.*, 04 Civ. 8226, dated October 18, 2004.

6.     Attached as Exhibit D is a true and correct copy of the complaint filed in *Frank* v. *AIG et al.*, 04 Civ. 8292, dated October 19, 2004.

7.     Attached as Exhibit E is a true and correct copy of the complaint filed in *Scuilla* v. *AIG et al.*, 04 Civ. 8336 dated October 20, 2004.

8.     Attached as Exhibit F is a true and correct copy of the complaint filed in *Olson* v. *AIG et al.*, 04 Civ. 8339, dated October 21, 2004.

9.     Attached as Exhibit G is a true and correct copy of the complaint filed in *Casey II* v. *AIG et al.*, 04 Civ. 8366, dated October 22, 2004.

10.     Attached as Exhibit H is a true and correct copy of the complaint filed in *Crouch* v. *AIG et al.*, 04 Civ. 8579, dated October 29, 2004.

11.     Attached as Exhibit I is a true and correct copy of the complaint filed in *Cassidy* v. *AIG et al.*, 04 Civ. 8642, dated November 2, 2004.

12.     Attached as Exhibit J is a true and correct copy of the complaint filed in *Flynn* v. *AIG et al.*, 04 Civ. 9301, dated November 19, 2004.

13.     Attached as Exhibit K is a true and correct copy of the complaint filed in *Jaffee IRA Rollover* v. *AIG et al.*, 04 Civ. 9615, dated December 7, 2004.

14.     Attached as Exhibit L is a true and correct copy of the complaint filed in *San Francisco Employees' Retirement System* v. *AIG et al.*, 05 Civ. 4720, dated May 12, 2005.

15.     Attached as Exhibit M is a true and correct copy of the Order entered February 8, 2005, under which *Feder* v. *AIG et al.*, *Noll* v. *AIG et al.*, *Frank* v. *AIG et al.*, *Scuilla* v. *AIG et al.*, *Casey II* v. *AIG et al.*, *Olson* v. *AIG et al.*, *Crouch* v. *AIG et al.* and *Cassidy* v. *AIG et al.*, *Flynn* v. *AIG et al.*, *Jaffee IRA Rollover* v. *AIG et al.* were

consolidated into *In re American International Group, Inc. Securities Litigation*, Master File No. 04 Civ. 8141.

16.     Attached as Exhibit N is a true and correct copy of the Order entered June 23, 2005, under which *San Francisco Employees' Retirement System* v. *AIG* was consolidated into *In re American International Group, Inc. Securities Litigation*, Master File No. 04 Civ. 8141.

17.     Attached as Exhibit O is a true and correct copy of Bloomberg professional stock quotes reflecting the closing price on the New York Stock Exchange ("NYSE") of AIG common stock on November 29, 2005.

18.     Attached as Exhibit P is a true and correct copy of the sworn certificate filed by the Ohio Public Employees Retirement System pursuant to the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4(a)(2)), dated December 14, 2004.

19.     Attached as Exhibit Q is a true and correct copy of the *Business Insurance* article dated May 9, 1988, entitled "Competition tempers broker results."

20.     Attached as Exhibit R is a true and correct copy of the *Business Insurance* article dated October 13, 1997, entitled "J&H/M&M Curbs Local Office Options: Regional Brokering To Chubb Sparks Clients Concerns."

21.     Attached as Exhibit S is a true and correct copy of the opinion issued by the New York Insurance Department (the "NYID"), OGC Opinion No. 2000-130, dated October 4, 2000, entitled "Insurer's [sic] payment of bonuses to insurance brokers and agents."

22.     Attached as Exhibit T is a true and correct copy of the opinion issued by the NYID, OGC Opinion No. 2002-126, dated May 8, 2002, entitled "Insurers [sic] payment of bonuses to agents, general agents, and brokers for the sale of group insurance."

23.     Attached as Exhibit U is a true and correct copy of AIG's press release issued January 30, 2002, published on *Business Wire*, entitled "AIG Issues Statement on Structured Transactions Involving the PNC Financial Services Group, Inc."

24.     Attached as Exhibit V is a true and correct copy of the *Wall Street Journal* article dated January 31, 2002, entitled "Ernst & Young Says It Played Dual PNC Role."

25.     Attached as Exhibit W is a true and correct copy of the *Wall Street Journal* article dated February 14, 2002, entitled "Bank Regulators Examine 'Securitizations' In Wake of Enron's Accounting Debacle."

26.     Attached as Exhibit X is a true and correct copy of the Order entered September 11, 2003, entitled "Order Instituting Cease-And-Desist Proceedings, Making Findings, And Imposing Remedial Sanctions And A Cease-And-Desist Order Pursuant to Section 21C of the Securities Exchange Act of 1934 As To American International Group, Inc.," reflecting that the United States Securities and Exchange Commission (the "SEC") had instituted and settled civil and administrative proceedings against AIG concerning a transaction entered with Brightpoint Inc. ("Brightpoint").

27.     Attached as Exhibit Y is a true and correct copy of the SEC's press release issued September 11, 2003, announcing that it was instituting and settling civil and administrative actions against AIG regarding the Brightpoint transaction.

28.     Attached as Exhibit Z is a true and correct copy of the *Moody's Investor Service* article dated September 12, 2003, entitled "Moody's Comments on SEC's Announcement of Enforcement Action Against AIG."

29.     Attached as Exhibit AA is a true and correct copy of the *Wall Street Journal* article dated October 3, 2003, entitled "At Behest of AIG Chief, Grasso Pushed NYSE Firm to Buy Stock."

30.     Attached as Exhibit BB is a true and correct copy of the *Wall Street Journal* article dated October 3, 2003, entitled "Grasso pushed specialist to buy more shares of AIG; Unusual intervention came at request of giant insurance company's chairman."

31.     Attached as Exhibit CC is a true and correct copy of the *Financial Times* Comment dated October 10, 2003, authored by Maurice R. Greenberg ("Hank Greenberg"), and entitled "Shake up the NYSE specialist system or drop it."

32.     Attached as Exhibit DD is a true and correct copy of the *Wall Street Journal* article dated November 3, 2003, entitled "SEC Takes Another Look at Grasso – Influence Trading Is Subject Of Agency's New Interest."

33.     Plaintiff alleges that two of the nine current and former AIG insiders named as Defendants in Plaintiff's Consolidated Second Amended Class Action Complaint (the "Insider Defendants") — Broad and Graf — sold AIG stock on ten days during the five-year class period.  (SAC ¶ 1070.)

34.     For purposes of assisting the Court to assess the alleged AIG stock sales by Broad and Graf during the class period, a chart at page 21 of the accompanying Memorandum of Law (the "Chart") reflects calculations derived from holdings, purchases and sales information listed in the following true and correct copies of forms filed with the

SEC, pursuant to Section 16(a) of the Securities and Exchange Act of 1934, for the Insider

Defendant (the "Forms").  As shown on the Forms, (a) "Form 3" reports the number of

shares owned as well as, among other things, options to purchase common stock, and

(b) "Form 4" and "Form 5" report any changes to the information given in Form 3.

Exhibit EE:    Forms filed for Eli Broad ("Broad").

Exhibit FF:    Forms filed for Michael J. Castelli ("Castelli").

Exhibit GG:   Forms filed for John A. Graf ("Graf").

Exhibit HH:   Forms filed for Evan G. Greenberg ("Evan Greenberg").

Exhibit II:    Forms filed for Hank Greenberg.

Exhibit JJ:    Forms filed for Frank J. Hoenemeyer ("Hoenemeyer").

Exhibit KK:   Forms filed for Howard I. Smith ("Smith").

Exhibit LL:    Forms filed for Martin J. Sullivan ("Sullivan").

Exhibit MM:  Forms filed for Thomas R. Tizzio ("Tizzio").

35.    As shown in the Chart, as of November 23, 1999 (when Plaintiff

alleges that Broad sold AIG stock (SAC ¶ 1070)), the Insider Defendants collectively held

56.002 million shares of AIG stock.  This represents the sum of all the direct holdings and

options held by Broad (25,828,775), Evan Greenberg (307,671), Hank Greenberg

(28,705,390), Hoenemeyer (73,971), Smith (285,541), Sullivan (42,783) and Tizzio

(757,381), who were the Insider Defendants on that date, as calculated from:  (a) page 2 of

Broad's Form 3 dated Jan. 19, 1999, at Exhibit EE; page 1 of Broad' Form 4 dated Oct. 7,

1999 at Exhibit EE; page 1 of Broad' Form 4 dated Dec. 7, 1999, at Exhibit EE; footnote (1)

on page 2 of Broad' Form 5 dated Feb. 9, 2000, at Exhibit EE; (b) pages 1-2 of Evan

Greenberg's Form 4 dated Jan. 6, 2000, at Exhibit HH; (c) page 1 of Hank Greenberg's

Form 4, dated Dec. 7, 1999, at Exhibit II; (d) page 1 of Hoenemeyer's Form 4 dated Oct. 5, 1999, at Exhibit JJ; page 2 of Hoenemeyer's Form 4 dated Jan. 5, 2000, at Exhibit JJ; (e) pages 1-2 of Smith's Form 4 dated Feb. 7, 2000, at Exhibit KK; (f) pages 1-2 of Sullivan's Form 4 dated Jan. 10, 2000, at Exhibit LL; and (g) pages 1-2 of Tizzio's Form 4 dated Nov. 5, 1999, at Exhibit MM.

36.     As shown in the Chart, as of March 2, 2000 (when Plaintiff alleges that Broad sold AIG stock (SAC ¶ 1070)), the Insider Defendants collectively held 56.987 million shares of AIG stock.  This represents the sum of all the direct holdings and options held by Broad (25,044,538), Evan Greenberg (307,761), Hank Greenberg (30,475,099), Hoenemeyer (74,071), Smith (285,541), Sullivan (42,486) and Tizzio (757,381), who were the Insider Defendants on that date, as calculated from:  (a) pages 1-2 of Broad's Form 5 dated Feb. 9, 2000, at Exhibit EE; page 1 of Broad's Form 4 dated Apr. 6, 2000, at Exhibit EE; (b) pages 1-2 of Evan Greenberg's Form 4 dated Jan. 6, 2000, at Exhibit HH; (c) page 2 of Hank Greenberg's Form 4 dated Feb. 7, 2000, at Exhibit II; page 1 of Hank Greenberg's Form 4 dated Mar. 8, 2000, at Exhibit II; (d) pages 1-2 of Hoenemeyer's Form 4 dated Jan. 5, 2000, at Exhibit JJ; (e) pages 1-2 of Smith's Form 4 dated Feb. 7, 2000, at Exhibit KK; (f) pages 1-2 of Sullivan's Form 4 dated Jan. 10, 2000, at Exhibit LL; and (g) page 2 of Tizzio's Form 4 dated Jan. 4, 2000, at Exhibit MM; page 1 of Form 4 dated Feb. 8, 2000, at Exhibit MM.

37.     As shown in the Chart, as of March 16, 2000 (when Plaintiff alleges that Broad sold AIG stock (SAC ¶ 1070)), the Insider Defendants collectively held 56.853 million shares of AIG stock.  This represents the sum of all the direct holdings and options held by Broad (24,910,478), Evan Greenberg (307,853), Hank Greenberg (30,474,979),

Hoenemeyer (74,171), Smith (285,541), Sullivan (42,486) and Tizzio (757,381), who were the Insider Defendants on that date, as calculated from:  (a) page 2 of Broad's Form 5 dated Feb. 9, 2000, at Exhibit EE; page 1 of Form 4 dated Apr. 6, 2000, at Exhibit EE; (b) page 2 of Evan Greenberg's Form 4 dated Jan. 6, 2000, at Exhibit HH; page 1 of Evan Greenberg's Form 4 dated Feb. 7, 2000, at Exhibit HH; (c) page 2 of Hank Greenberg's Form 4 dated Feb. 7, 2000, at Exhibit II; page 1 of Hank Greenberg's Form 4 dated Apr. 3, 2000 at Exhibit II; (d) page 2 of Hoenemeyer's Form 4 dated Jan. 5, 2000, at Exhibit JJ; page 1 of Hoenemeyer's Form 4 dated Apr. 4, 2000, at Exhibit JJ; (e) pages 1-2 of Smith's Form 4 dated Feb. 7, 2000, at Exhibit KK; (e) pages 1-2 of Sullivan's Form 4 dated Jan. 10, 2000, at Exhibit LL; and (g) page 2 of Tizzio's Form 4 dated Jan. 4, 2000, at Exhibit MM; page 1 of Tizzio's Form 4 dated Feb. 8, 2000, at Exhibit MM.

38.     As shown in the Chart, as of May 25, 2000 (when Plaintiff alleges that Broad sold AIG stock (SAC ¶ 1070)), the Insider Defendants collectively held 56.604 million shares of AIG stock.  This represents the sum of all the direct holdings and options held by Broad (24,660,023), Evan Greenberg (307,853), Hank Greenberg (30,474,807), Hoenemeyer (74,171), Smith (285,541), Sullivan (44,267) and Tizzio (757,381), who were the Insider Defendants on that date, as calculated from:  (a) page 2 of Broad's Form 5 dated Feb. 9, 2000, at Exhibit EE; page 1 of Broad's Form 4 dated June 7, 2000, at Exhibit EE; (b) page 2 of Evan Greenberg's Form 4 dated Jan. 6, 2000, at Exhibit HH; page 1 of Evan Greenberg's Form 4 dated Feb. 7, 2000, at Exhibit HH; (c) page 2 of Hank Greenberg's Form 4, dated Feb. 7, 2000, at Exhibit II; page 1 of Hank Greenberg's Form 4, dated June 8, 2000, at Exhibit II; (d) page 2 of Hoenemeyer's Form 4 dated Jan. 5, 2000, at Exhibit JJ; page 1 of Hoenemeyer's Form 4 dated Apr. 4, 2000, at Exhibit JJ; (e) pages 1-2 of Smith's

Form 4 dated Feb. 7, 2000, at Exhibit KK; (f) page 2 of Sullivan's Form 4 dated Jan. 4, 2000, at Exhibit LL; page 1 of Sullivan's Form 4 dated May 8, 2000, at Exhibit LL; and (g) page 2 of Tizzio's Form 4 dated Jan. 4, 2000, at Exhibit MM; page 1 of Tizzio's Form 4 dated Feb. 8, 2000, at Exhibit MM.

        39.     As shown in the Chart, as of December 8, 2000 (when Plaintiff alleges that Broad sold AIG stock (SAC ¶ 1070)), the Insider Defendants collectively held 80.557 million shares of AIG stock.  This represents the sum of all the direct holdings and options held by Broad (33,332,490), Castelli (30,146), Hank Greenberg (45,521,305), Hoenemeyer (111,595), Smith (426,407), Sullivan (66,398 ) and Tizzio (1,069,116), who were the Insider Defendants on that date, as calculated from:  (a) page 2 of Broad's Form 5 dated Feb. 9, 2000, at Exhibit EE; page 2 of Broad's Form 4 dated July 7, 2000, at Exhibit EE; footnote (3) on page 2 of Broad's Form 4 dated Sept. 6, 2000, at Exhibit EE; page 1 of Broad's Form 4 dated Jan. 8, 2001, at Exhibit EE; (b) page 1 of Castelli's Form 4 dated Sept. 6, 2000, at Exhibit FF; page 2 of Castelli's undated Form 5 reporting option acquisitions in December 2000, at Exhibit FF; (c) page 2 of Hank Greenberg's Form 4 dated Oct. 6, 2000, at Exhibit II; page 1 of Hank Greenberg's Form 4 dated Dec. 7, 2000, at Exhibit II; (d) page 2 of Hoenemeyer's Form 4 dated Nov. 7, 2000, at Exhibit JJ; page 1 of Hoenemeyer's Form 4 dated Jan. 8, 2001, at Exhibit JJ; (e) pages 1-2 of Smith's Form 4 dated Oct. 5, 2000, at Exhibit KK; (f) pages 1-2 of Sullivan's Form 5 dated Feb. 5, 2001, at Exhibit LL; and (g) pages 1-2 of Tizzio's undated Form 4 reporting stock and option acquisitions in July and September 2000, at Exhibit MM; page 1 of Tizzio's Form 4 dated January 8, 2001, at Exhibit MM.

40.     As shown in the Chart, as of March 20, 2001 (when Plaintiff alleges that Broad sold AIG stock (SAC ¶ 1070)), the Insider Defendants collectively held 80.607 million shares of AIG stock.  This represents the sum of all the direct holdings and options held by Broad (33,185,160), Castelli (30,146), Hank Greenberg (45,657,010), Hoenemeyer (111,695), Smith (461, 407), Sullivan (73,398) and Tizzio (1,088,116), who were the Insider Defendants on that date, as calculated from:  (a) page 2 of Broad's Form 5 dated Feb. 9, 2000, at Exhibit EE; page 2 of Broad's Form 4 dated July 7, 2000, at Exhibit EE; footnote (3) on page 2 of Broad's Form 4 dated Sept. 6, 2000, at Exhibit EE; page 1 of Broad's Form 4 dated Apr. 10, 2001, at Exhibit EE; (b) page 1 of Castelli's Form 4 dated Sept. 6, 2000, at Exhibit FF; page 2 of Castelli's undated Form 5 reporting option acquisitions in December 2000, at Exhibit FF; (c) page 2 of Hank Greenberg's Form 4 dated Jan. 9, 2001, at Exhibit II; page 1 of Hank Greenberg's Form 4 dated Apr. 4, 2001, at Exhibit II; (d) page 2 of Hoenemeyer's Form 4 dated Nov. 7, 2000, at Exhibit JJ; page 1 of Hoenemeyer's Form 4 dated Apr. 4, 2001, at Exhibit JJ; (e) page 2 of Smith's Form 5 dated Feb. 6, 2001, at Exhibit KK; page 1 of Smith's Form 4 dated June 8, 2001, at Exhibit KK; (f) pages 1-2 of Sullivan's Form 5 dated Feb. 5, 2001, at Exhibit LL; and (g) page 2 of Tizzio's Form 4 dated Jan. 8, 2001, at Exhibit MM; page 1 of Tizzio's Form 4 dated Mar. 7, 2001, at Exhibit MM.

41.     As shown in the Chart, as of September 6, 2002 (when Plaintiff alleges that Graf sold AIG stock (SAC ¶ 1070)), the Insider Defendants collectively held 78.121 million shares of AIG stock.  This represents the sum of all the direct holdings and options held by Broad (29,629,047), Castelli (36,232), Graf (920,952), Hank Greenberg (45,818,933), Hoenemeyer (117,345), Smith (484,619), Sullivan (91,072) and Tizzio (1,022,484) who were the Insider Defendants on that date, as calculated from:  (a) page 2 of

Broad's Form 5 dated Feb. 9, 2000, at Exhibit EE; page 2 of Broad's Form 4 dated July 7, 2000, at Exhibit EE; footnote (3) on page 2 of Broad's Form 4 dated Sept. 6, 2000, at Exhibit EE; page 1 of Broad's Form 4 dated Apr. 10, 2001, at Exhibit EE; page 2 of Broad's Form 4 dated July 24, 2001, at Exhibit EE, pages 1-2 of Broad's Form 4, dated July 31, 2002, at Exhibit EE; (b) page 2 of Castelli's Form 4 dated Feb. 7, 2002, at Exhibit FF; page 1 of Castelli's Form 4 dated July 2002; at Exhibit FF; (c) pages 1-2 of Graf's Form 3 dated May 9, 2002, at Exhibit GG; (d) page 2 of Hank Greenberg's Form 4 dated Jan. 8, 2002, at Exhibit II; page 1 of Hank Greenberg's Form 4 dated Sept. 19, 2002, at Exhibit II; (e) page 2 of Hoenemeyer's Form 4 dated June 5, 2002, at Exhibit JJ; page 1 of Hoenemeyer's Form 4 dated Sept. 4, 2002, at Exhibit JJ; (f) pages 1-2 of Smith's Form 4 dated Sept. 4 2002, at Exhibit KK; (g) page 2 of Sullivan's Form 5 dated Feb. 8, 2002, at Exhibit LL; pages 1-2 of Sullivan's Form 4 dated Mar. 6, 2001 (although it appears it should be Mar. 6, 2002), at Exhibit LL; and (h) page 2 of Tizzio's Form 4 dated Jan. 8, 2002, at Exhibit MM; page 1 of Tizzio's Form 4 dated May 9, 2002, at Exhibit MM.

       42.     As shown in the Chart, as of December 19, 2003 (when Plaintiff alleges that Graf sold AIG stock (SAC ¶ 1070)), the Insider Defendants collectively held 49.140 million shares of AIG stock.  This represents the sum of all the direct holdings and options held by Castelli (56,831), Graf (852,849), Hank Greenberg (46,272,945), Hoenemeyer (117,470), Smith (528,219), Sullivan (203,543) and Tizzio (1,108,267), who were the Insider Defendants on that date, as calculated from:  (a) page 2 of Castelli's Form 4 dated Feb. 12, 2003; at Exhibit FF; pages 1-2 of Castelli's Form 4 dated Sept. 23, 2003, at Exhibit FF; page 2 of Castelli's Form 4 dated Oct. 20, 2003, at Exhibit FF; page 2 of Castelli's Form 4 dated Dec. 18, 2003, at Exhibit FF; (b) page 1 of Graf's Form 4 dated

Sept. 9, 2002, at Exhibit GG; page 2 of Graf's Form 4 dated Feb. 26, 2003, at Exhibit GG; page 2 of Graf's Form 4 dated Dec. 19, 2003, at Exhibit GG; (c) page 2 of Hank Greenberg's Form 4 dated Feb. 12, 2003, at Exhibit II; page 2 of Hank Greenberg's Form 4 dated Dec. 3, 2003, at Exhibit II; page 2 of Hank Greenberg's Form 4 dated Dec. 18, 2003, at Exhibit II; (d) page 1 of Hoenemeyer's Form 4 dated Dec. 23, 2003; page 1 of Hoenemeyer's Form 5 dated Jan. 23, 2003, at Exhibit JJ; page 2 of Hoenemeyer's Form 4 dated Feb. 12, 2003, at Exhibit JJ; (e) page 2 of Smith's Form 4 dated Dec. 17, 2002, at Exhibit KK; (f) page 2 of Sullivan's Form 4 dated Apr. 2, 2003, at Exhibit LL; page 2 of Sullivan's Form 4 dated May 7, 2003, at Exhibit LL; page 2 of Sullivan's Form 4 dated May 12, 2003, at Exhibit LL; pages 1-2 of Sullivan's Form 4 dated Dec. 18, 2003, at Exhibit LL; and page 2 of Tizzio's Form 4 dated Feb. 12, 2003, at Exhibit MM; pages 1-2 of Tizzio's Form 4 dated Dec. 18, 2003, at Exhibit MM.

43.     As shown in the Chart, as of June 1, 2004 (when Plaintiff alleges that Graf sold AIG stock (SAC ¶ 1070)), the Insider Defendants collectively held 49.184 million shares of AIG stock.  This represents the sum of all the direct holdings and options held by Castelli (56,006), Graf (774,497), Hank Greenberg (46,272,151), Hoenemeyer (125,095), Smith (610,791), Sullivan (203,707) and Tizzio (1,141,942), who were the Insider Defendants on that date, as calculated from:  (a) page 2 of Castelli's Form 4 dated Feb. 12, 2003; at Exhibit FF; pages 1-2 of Castelli's Form 4 dated Sept. 23, 2003, at Exhibit FF; page 2 of Castelli's Form 4 dated Oct. 20, 2003, at Exhibit FF; page 2 of Castelli's Form 4 dated Dec. 18, 2003, at Exhibit FF; page 1 of Castelli's Form 4 dated Jan. 8, 2004, at Exhibit FF; (b) page 2 of Graf's Form 4 dated Feb. 26, 2003, at Exhibit GG; page 2 of Graf's Form 4 dated Dec. 19, 2003, at Exhibit GG; pages 1-2 of Graf's Form 4 dated Dec. 29, 2003, at

Exhibit GG; (c) page 2 of Hank Greenberg's Form 4 dated Feb. 12, 2003, at Exhibit II; page 2 of Hank Greenberg's Form 4 dated Dec. 3, 2003, at Exhibit II; page 2 of Hank Greenberg's Form 4 dated Dec. 17, 2003, at Exhibit II; page 1 of Hank Greenberg's Form 4 dated May 17, 2004, at Exhibit II; (d) pages 1-2 of Hoenemeyer's Form 4 dated Mar. 4, 2003, at Exhibit JJ; page 2 of Hoenemeyer's Form 4 dated May 30, 2003, at Exhibit JJ; page 2 of Hoenemeyer's Form 4 dated May 20, 2004, at Exhibit JJ; (e) page 2 of Smith's Form 4 dated Feb. 12, 2003, at Exhibit KK; page 2 of Smith's Form 4 dated Nov. 26, 2003, at Exhibit KK; page 2 of Smith's Form 4 dated Dec. 18, 2003, at Exhibit KK; page 1 of Smith's Form 4 dated June 2, 2004, at Exhibit KK; (f) page 2 of Sullivan's Form 4 dated Apr. 2, 2003, at Exhibit LL; page 2 of Sullivan's Form 4 dated May 7, 2003, at Exhibit LL; page 2 of Sullivan's Form 4 dated May 12, 2003, at Exhibit LL; page 2 of Sullivan's Form 4 dated Dec. 18, 2003, at Exhibit LL; pages 1-2 of Sullivan's Form 4 dated Apr. 1, 2004, at Exhibit LL; page 2 of Sullivan's Form 4 dated May 11, 2004, at Exhibit LL; and page 2 of Tizzio's Form 4 dated Feb. 12, 2003, at Exhibit MM; page 2 of Tizzio's Form 4 dated Dec. 18, 2003, at Exhibit MM; page 1 of Tizzio's Form 4 dated May 24, 2004, at Exhibit MM.

44.     As shown in the Chart, as of September 15, 2004 (when Plaintiff alleges that Graf sold AIG stock (SAC ¶ 1070)), the Insider Defendants collectively held 48.803 million shares of AIG stock.  This represents the sum of all the direct holdings and options held by Castelli (56,006), Graf (495,109), Hank Greenberg (46,271,537), Hoenemeyer (125,095), Smith (610,791), Sullivan (203,707) and Tizzio (1,040,442), who were the Insider Defendants on that date, as calculated from:  (a) page 2 of Castelli's Form 4 dated Feb. 12, 2003; at Exhibit FF; pages 1-2 of Castelli's Form 4 dated Sept. 23, 2003, at Exhibit FF; page 2 of Castelli's Form 4 dated Oct. 20, 2003, at Exhibit FF; and page 2 of

Castelli's Form 4 dated Dec. 18, 2003, at Exhibit FF; page 1 of Castelli's Form 4 dated Jan. 8, 2004, at Exhibit FF; (b) page 2 of Graf's Form 4 dated Feb. 26, 2003, at Exhibit GG; page 2 of Graf's Form 4 dated Dec. 19, 2003, at Exhibit GG; pages 1-2 of Graf's Form 4 dated Dec. 29, 2003, at Exhibit GG; pages 1-3 of Graf's Form 4 dated June 3, 2004, at Exhibit GG; (c) page 2 of Hank Greenberg's Form 4 dated Feb. 12, 2003, at Exhibit II; page 2 of Hank Greenberg's Form 4 dated Dec. 3, 2003, at Exhibit II; page 2 of Hank Greenberg's Form 4 dated Dec. 17, 2003, at Exhibit II; page 1 of Hank Greenberg's Form 4 dated Sept. 2, 2004, at Exhibit II; (d) pages 1-2 of Hoenemeyer's Form 4 dated Mar. 4, 2003, at Exhibit JJ; page 2 of Hoenemeyer's Form 4 dated May 30, 2003, at Exhibit JJ; page 2 of Hoenemeyer's Form 4 dated May 20, 2004, at Exhibit JJ; (e) page 2 of Smith's Form 4 dated Feb. 12, 2003, at Exhibit KK; page 2 of Smith's Form 4 dated Nov. 26, 2003, at Exhibit KK; page 2 of Smith's Form 4 dated Dec. 18, 2003, at Exhibit KK; page 1 of Smith's Form 4 dated June 2, 2004, at Exhibit KK; (f) page 2 of Sullivan's Form 4 dated Apr. 2, 2003, at Exhibit LL; page 2 of Sullivan's Form 4 dated May 7, 2003, at Exhibit LL; page 2 of Sullivan's Form 4 dated May 12, 2003, at Exhibit LL; page 2 of Sullivan's Form 4 dated Dec. 18, 2003, at Exhibit LL; pages 1-2 of Sullivan's Form 4 dated Apr. 1, 2004, at Exhibit LL; page 2 of Sullivan's Form 4 dated May 11, 2004, at Exhibit LL; and page 2 of Tizzio's Form 4 dated Feb. 12, 2003, at Exhibit MM; page 1 of Tizzio's Form 4 dated Dec. 18, 2003, at Exhibit MM; page 1 of Tizzio's Form 4 dated July 20, 2004, at Exhibit MM.

45.    Based upon the calculations in paragraphs 35 to 44 of this Declaration, the AIG Insider Defendants, as a group, cumulatively held between 48.8 million shares and 80.6 million shares of AIG stock on each alleged sale date during the class period.

46.     Attached as Exhibit NN is a true and correct copy of pages 1-2 and 14-15 of AIG's Form 10-K for the year ending December 31, 2000, which describes a 50 percent common stock dividend AIG paid to holders of AIG common stock (also referred to as a "3 for 2" split of AIG common stock), on July 28, 2000.  Plaintiff inflates Broad's alleged sales by multiplying the stock he allegedly sold prior to July 28, 2000 by 1.5.

47.     As shown in the Chart, Plaintiff alleges that Broad sold 997,500 shares of AIG common stock on November 23, 1999.  (SAC ¶ 1070.)  As calculated from page 2 of Broad's Form 3 dated Jan. 19, 1999, page 1 of Broad's Form 4 dated Oct. 7, 1999, page 1 of Broad's Form 4 dated Dec. 7, 1999, and footnote (1) on page 2 of Broad's Form 5 dated Feb. 9, 2000, at Exhibit EE, on November 23, 1999, Broad held 25,828,775 shares of AIG common stock and he sold 665,000 shares on that date.  997,500 is 3.86% of 25,828,775.  665,000 is 2.57% of 25,828,775.  Plaintiff alleges that Broad sold 997,500 shares by multiplying the 665,000 shares that Broad actually sold by 1.5, even though AIG's stock split had not yet occurred.  As of November 23, 1999, the Insider Defendants, as a group, held 56.002 million shares of AIG common stock.  997,500 is 1.78% of 56.002 million.  Accordingly, even using Plaintiff's inflated number for Broad's sales on November 23, 1999, the Insider Defendants continued to hold 98.22% of their stock.

48.     As shown in the Chart, Plaintiff alleges that Broad sold 194,827 shares on March 2, 2000.  (SAC ¶ 1070.)  As calculated from pages 1-2 of Broad's Form 5 dated Feb. 9, 2000, and page 1 of Form 4 dated Apr. 6, 2000, at Exhibit EE, Broad held 25,044,538 shares of AIG common stock and he sold 129,885 shares on that date.  194,827 is 0.78% of 25,044,538.  129,885 is 0.52% of 25,044,538.  Plaintiff alleges that Broad sold 194,827 shares by multiplying the 129,885 shares that Broad actually sold by 1.5, even

though AIG's stock split had not yet occurred.  As of March 2, 2000, the Insider Defendants, as a group, held 56.987 million shares of AIG common stock.  194,827 is 0.34% of 56.987 million.  Accordingly, even using Plaintiff's inflated number for Broad's sales on March 2, 2000, the Insider Defendants continued to hold 99.66% of their stock.

49.     As shown in the Chart, Plaintiff alleges that Broad sold 375,000 shares on March 16, 2000.  (SAC ¶ 1070.)  As calculated from page 2 of Broad's Form 5 dated Feb. 9, 2000 and page 1 of Broad's Form 4 dated Apr. 6, 2000, at Exhibit EE, Broad held 24,910,478 shares of AIG common stock and he sold 250,000 shares on that date.  375,000 is 1.50% of 24,910,478.  250,000 is 1% of 24,910,478.  Plaintiff alleges that Broad sold 375,000 shares by multiplying the 250,000 shares that Broad actually sold by 1.5, even though AIG's stock split had not yet occurred.  As of March 16, 2000, the Insider Defendants, as a group, held 56.853 million shares of AIG common stock.  375,000 is 0.66% of 56.853 million.  Accordingly, even using Plaintiff's inflated number for Broad's sales on March 2, 2000, the Insider Defendants continued to hold 99.34% of their stock.

50.     As shown in the Chart, Plaintiff alleges that Broad sold 1,012,500 shares on May 25, 2000.  (SAC ¶ 1070.)  As calculated from page 2 of Broad's Form 5 dated Feb. 9, 2000 and page 1 of Broad's Form 4 dated June 7, 2000, at Exhibit EE, Broad held 24,660,023 shares of AIG common stock and he sold 675,000 shares on that date.  1,012,500 is 4.11% of 24,660,023.  675,000 is 2.74% of 24,660,023.  Plaintiff alleges that Broad sold 1,012,500 shares by multiplying the 675,000 shares that Broad actually sold by 1.5, even though AIG's stock split had not yet occurred.  As of May 25, 2000, the Insider Defendants, as a group, held 56.604 million shares of AIG common stock.  1,012,500 is

1.79% of 56.604 million.  Accordingly, even using Plaintiff's inflated number for Broad's sales on May 25, 2000, the Insider Defendants continued to hold 98.21% of their stock.

51.     As shown in the Chart, Plaintiff alleges that Broad sold 147,330 shares on December 8, 2000.  (SAC ¶ 1070.)  As calculated from page 2 of Broad's Form 5 dated Feb. 9, 2000, page 2 of Broad's Form 4 dated July 7, 2000, footnote (3) on page 2 of Broad's Form 4 dated Sept. 6, 2000, page 1 of Broad's Form 4 dated Jan. 8, 2001, at Exhibit EE, Broad held 33,332,490 shares of AIG common stock on that date.  147,330 is 0.44% of 33,332,490.  As of December 8, 2000, the Insider Defendants, as a group, held 80.557 million shares of AIG common stock.  147,330 is 0.18% of 80.557 million.  Accordingly, on December 8, 2000, the Insider Defendants continued to hold 99.82% of their stock.

52.     As shown in the Chart, Plaintiff alleges that Broad sold 259,572 shares on March 20, 2001.  (SAC ¶ 1070.)  As calculated from page 2 of Broad's Form 5 dated Feb. 9, 2000, page 2 of Broad's Form 4 dated July 7, 2000, footnote (3) on page 2 of Broad's Form 4 dated Sept. 6, 2000, and page 1 of Broad's Form 4 dated Apr. 10, 2001, at Exhibit EE, Broad held 33,185,160 shares of AIG common stock on that date.  259,572 is 0.78% of 33,185,160.  As of March 20, 2001, the Insider Defendants, as a group, held 80,607 million shares of AIG common stock.  259,572 is 0.32% of 80,607 million.  Accordingly, on March 20, 2001, the Insider Defendants continued to hold 99.68% of their stock.

53.     Based upon the calculations in paragraphs 47 to 52 of this Declaration, as shown in the fourth column of the Chart, Broad's alleged stock sales on the six days he sold stock during the five-year class period constitute between 0.44% and 4.11% of his total holdings on those days.  If the actual numbers are used, as shown in the sixth

column of the Chart, those sales were between 0.44% and 2.74% of Broad's holdings on the six days.

54.     As shown in the Chart, Plaintiff alleges that Graf sold 128,103 shares on September 6, 2002.  (SAC ¶ 1070.)  As calculated from pages 1-2 of Graf's Form 3 dated May 9, 2002, at Exhibit GG, Graf held 920,952 shares of AIG common stock on that date. 128,103 is 13.91% of 920,952.  As of September 6, 2002, the Insider Defendants, as a group, held 78.121 million shares of AIG common stock.  128,103 is 0.16% of 78.121 million.  Accordingly, on September 6, 2002, the Insider Defendants continued to hold 99.84% of their stock.

55.     As shown in the Chart, Plaintiff alleges that Graf sold 78,352 shares on December 19, 2003.  (SAC ¶ 1070.)  As calculated from page 1 of Graf's Form 4 dated Sept. 9, 2002, page 2 of Graf's Form 4 dated Feb. 26, 2003, and page 2 of Graf's Form 4 dated Dec. 19, 2003, at Exhibit GG, Graf held 852,849 shares of AIG common stock on that date.  78,352 is 9.19% of 852,849.  As of December 19, 2003, the Insider Defendants, as a group, held 49.140 million shares of AIG common stock.  78,352  is 0.16% of 49.140 million.  Accordingly, on December 19, 2003, the Insider Defendants continued to hold 99.84% of their stock.

56.     As shown in the Chart, Plaintiff alleges that Graf sold 279,388 shares on June 1, 2004.  (SAC ¶ 1070.)  As calculated from page 2 of Graf's Form 4 dated Feb. 26, 2003, page 2 of Graf's Form 4 dated Dec. 19, 2003, and pages 1-2 of Graf's Form 4 dated Dec. 29, 2003, at Exhibit GG, Graf held 774,497 shares of AIG common stock on that date. 279,388 is 36.07% of 774,497.  As of June 1, 2004, the Insider Defendants, as a group, held 49.184 million shares of AIG common stock.  279,388 is 0.57% of 49.184 million.

Accordingly, on June 1, 2004, the Insider Defendants continued to hold 99.43% of their stock.

57.     As shown in the Chart, Plaintiff alleges that Graf sold 299,499 shares on September15, 2004.  (SAC ¶ 1070.)  As calculated from page 2 of Graf's Form 4 dated Feb. 26, 2003, page 2 of Graf's Form 4 dated Dec. 19, 2003, pages 1-2 of Graf's Form 4 dated Dec. 29, 2003, and pages 1-3 of Graf's Form 4 dated June 3, 2004, at Exhibit GG, Graf held 495,109 shares of AIG common stock on that date.  299,499 is 60.49% of 495,109.  As of September15, 2004, the Insider Defendants, as a group, held 48.806 million shares of AIG common stock.  299,499 is 0.61% of 48.806 million.  Accordingly, on September15, 2004, the Insider Defendants continued to hold 99.39% of their stock.

58.     Based upon the calculations in paragraphs 54 to 57 of this Declaration, Broad and Graf's stock sales constituted only between 0.16% and 1.79% of Insider Defendants' total available holdings.

59.      The average total holdings of all the Insider Defendants on the ten alleged sales dates during the class period is 61,285,739 shares.  This average is calculated as follows based on the numbers shown in column 2 of the Chart:  56,001,512 + 56,986,877 + 56,852,889 + 56,604,043 + 80,557,457 + 80,606,932 + 78,120,684 + 49,140,124 + 49,184,189 + 48,802,687 = 612,857,394/10 = 61,285,739.

60.     Broad and Graf's total alleged sales during the class period of 3,772,071 shares (SAC ¶ 1070) is 6.15% of 61,285,739.

61.     Broad and Graf's total actual sales during the class period is 2,857,487 shares, being the total of column 5 and 7 in the Chart.  2,857,487 is 4.66% of 61,285,739.

62.     If the total holdings of all the Insider Defendants on the sales dates prior to July 28, 2000 are multiplied by 1.5, the average total holdings of all the Insider Defendants on the alleged ten sales dates increases to 72,608,005 shares.  This average is calculated as follows based on the numbers shown in column 2 of the Chart:  56,001,512 + 56,986,877 + 56,852,889 + 56,604,043)  x 1.5 + 80,557,457 + 80,606,932 + 78,120,684 + 49,140,124 + 49,184,189 + 48,802,687 = 726,080,055/10 = 72,608,005.

63.     Broad and Graf's total alleged sales during the class period of 3,772,071 shares (SAC ¶ 1070) is 5.20% of 72,608,005.

64.     As shown in the chart, the lowest total holdings of all Insider Defendants on any of the ten alleged sales dates is 48.803 million.

65.     Broad and Graf's total alleged sales during the class period of 3,772,071 shares (SAC ¶ 1070) is 7.73% of 48.803 million.

66.     Broad and Graf's total actual sales during the class period of 2,857,487 shares is 5.85% of 48.803 million.

67.     Attached as Exhibit OO is a true and correct copy of the *Business Wire* news article dated October 4, 2004 at 12:57 p.m. Greenwich Mean Time ("GMT"), entitled "American International Group, Inc. Receives SEC Notification," concerning the press announcement that the SEC and Department of Justice had issues with AIG disclosures about PNC and Brightpoint.  Because, in early October, GMT is five hours ahead of Eastern Standard Time ("EST"), the article was released no later than 7:57 a.m. EST on October 4, 2004.

68.     Attached as Exhibit PP are true and correct copies of Bloomberg professional stock quotes reflecting the daily closing prices on the NYSE of AIG common stock on October 1 and 4, 2004.

69.     Attached as Exhibit QQ is a true and correct copy of the Reuters news article dated September 11, 2003 at 2:14 p.m. GMT, concerning the SEC's press announcement that it had instituted and settled civil and administrative proceedings against AIG regarding the Brightpoint transaction.  Because, in September, GMT is five hours ahead of EST, the article was released no later than 9:14 a.m. EST on October 4, 2004.

70.     Attached as Exhibit RR are true and correct copies of Bloomberg professional stock quotes reflecting the daily closing prices on the NYSE of AIG common stock on September 10 and 11, 2003.

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.


Executed on November 30, 2005              /s/ Stacey A. Shortall
                                           Stacey A. Shortall

**Shortall Affidavit (Chart of Exhibits)**

| Ex: | Description: | Cited: |
|---|---|---|
| A | Consolidated Second Amended Class Action Complaint. | |
| B | Complaint filed in *Feder* v. *AIG*. | |
| C | Complaint filed in *Noll* v. *AIG*. | |
| D | Complaint filed in *Frank* v. *AIG*. | |
| E | Complaint filed in *Scuilla* v. *AIG*. | |
| F | Complaint filed in *Olson* v. *AIG*. | |
| G | Complaint filed in *Casey II* v. *AIG*. | |
| H | Complaint filed in *Crouch* v. *AIG*. | |
| I | Complaint filed in *Cassidy* v. *AIG*. | |
| J | Complaint filed in *Flynn* v. *AIG*. | |
| K | Complaint filed in *Jaffee IRA Rollover* v. *AIG*. | |
| L | *San Francisco Employees' Retirement System* v. *AIG*. | |
| M | Consolidation Order entered February 8, 2005. | |
| N | Bloomberg stock quotes reflecting closing price of AIG common stock on November 29, 2005. | |
| O | Sworn certificate filed by Ohio Public Employees Retirement System. | |
| P | *Business Insurance* article dated May 9, 1988. | |
| Q | *Business Insurance* article dated October 13, 1997. | |
| R | NYID opinion dated October 4, 2000. | |
| S | NYID opinion dated May 8, 2002. | |
| T | AIG press release dated January 30, 2002, published on *Business Wire*. | |

| Ex: | Description: | Cited: |
|---|---|---|
| U | *Wall Street Journal* article dated January 31, 2002. | |
| V | *Wall Street Journal* article dated February 14, 2002. | |
| W | SEC Order dated September 11, 2003. | |
| X | SEC press release issued September 11, 2003. | |
| Y | *Moody's Investor Service* article dated September 12, 2003. | |
| Z | *Wall Street Journal* article dated October 3, 2003 entitled "At Behest of AIG Chief, Grasso Pushed NYSE Firm to Buy Stock." | |
| AA | *Wall Street Journal* article dated October 3, 2003, entitled "Grasso pushed specialist to buy more shares of AIG; Unusual intervention came at request of giant insurance company's chairman." | |
| BB | *Financial Times* Comment dated October 10, 2003. | |
| CC | *Wall Street Journal* article dated November 3, 2003. | |
| DD | Broad's Forms. | |
| EE | Castelli's Forms. | |
| FF | Graf's Forms. | |
| GG | Evan Greenberg's Forms. | |
| HH | Hank Greenberg's Forms. | |
| II | Hoenemeyer's Forms. | |
| JJ | Smith's Forms. | |
| KK | Sullivan's Forms. | |
| LL | Tizzio's Forms. | |
| MM | Excerpt from AIG's Form 10-K for the year ending December 31, 2000. | |
| NN | *Business Wire* article dated October 4, 2004. | |
| OO | Bloomberg stock quotes reflecting closing price of AIG common stock on October 1 and 4, 2005. | |

| Ex: | Description: | Cited: |
|-----|-------------|--------|
| PP | Reuters news article dated September 11, 2003 | |
| QQ | Bloomberg stock quotes reflecting closing price of AIG common stock on September 10 and 11, 2005. | |