```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
IN RE AMERICAN INTERNATIONAL              Master File No.
GROUP, INC. SECURITIES LITIGATION         04 Civ. 8141 (JES)
----------------------------------------X
THIS ORDER RELATES TO:                    MEMORANDUM OPINION
     ALL ACTIONS                              AND ORDER


----------------------------------------X

----------------------------------------X
FLORIDA STATE BOARD OF ADMINISTRATION,

                    Plaintiff,
                                          05 Civ. 7886 (JES)
          - against -
                                          MEMORANDUM OPINION
AMERICAN INTERNATIONAL GROUP, INC.,           AND ORDER
MAURICE GREENBERG, MARTIN J. SULLIVAN,
HOWARD SMITH, MICHAEL J. CASTELLI,
CHRISTIAN MILTON, L. MICHAEL MURPHY,
KAREN RADKE, JEAN-BAPTIST TATEOSSIAN,
and DAVID N. FIELDS,

                    Defendants.
----------------------------------------X
```
**SPRIZZO, D.J.:**

Before the Court are two Motions to Dismiss filed by defendant Michael Murphy ("Murphy"). For the reasons set forth below, the Court denies both Motions.

**BACKGROUND**

The above-captioned actions are securities fraud actions[1] on behalf of persons who purchased publicly-traded securities of American International Group ("AIG"). Murphy was a senior executive at AIG's offices in Bermuda.

Plaintiffs in the action captioned 04-8141 first attempted to serve Murphy through Bermuda's Central Authority, which never personally served Murphy, instead delivering the papers to Murphy's wife. See Def.'s Mem. of Law, dated December 19, 2005, 1-2; Pls.' Mem. of Law, dated February 6, 2006, 48-49. Plaintiffs in the action captioned 05-7886 served defendant Murphy through a private process

---

[1] The action captioned 04-8141 is a class action.

server in January 2006. See Pls.' Mem. of Law in Opp'n to Mot. to Dismiss, dated March 17, 2006, 21.  Defendant Murphy filed Motions to Dismiss in both actions under Rule 12(b)(5) & (6).  The Court reserved decision on these Motions pending plaintiffs' attempt to re-serve defendant.[2] See Order, dated April 27, 2006 (04-8141); Order, dated April 27, 2006 (05-7886).

Ultimately, in both actions, defendant Murphy was served personally by private process servers.[3] See Def.'s Status Report Regarding His Motion to Dismiss (04-8141), dated November 22, 2006, 2; Pl.'s Mem. of Law (05-7886), dated March 17, 2006, 21.

**DISCUSSION**

When a defendant challenges the sufficiency of service of process under Rule 12(b)(5), "the plaintiff bears the burden of proving its adequacy." See Beatie & Osborne LLP v. Patriot Sci. Corp., 431 F. Supp. 2d 367, 384 (S.D.N.Y. 2006) (internal quotations omitted).  In considering such a motion, a Court "must look to matters outside the complaint to determine whether it has jurisdiction." See id. (internal quotations omitted).

The United States and Bermuda are both signatories to the Hague Convention. See Hague Convention, November 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163 (appended to Fed. R. Civ. P. 4) ("Hague Convention").  The Hague Convention authorizes up to four alternative methods of serving process: "(1) service through the Central Authority of member states; (2) service through consular channels; (3) service by mail if the receiving state does not object; and (4) service pursuant to the internal laws of the state." See Burda Media, Inc., v. Viertel, 417 F.3d 292, 300 (2d Cir. 2005); Hague Convention, Articles 5-6. 8-10.

---

[2] Therefore, the Court has previously denied the Motion as to Murphy's claims under 12(b)(6).

[3] In the action captioned 05-7886, plaintiffs never attempted to reserve defendant Murphy, relying instead on the initial service by private process server.  See Def.'s Status Report, dated November 22, 2006, 2.

The Hague Convention directs parties to serve process through the Central Authority of the State addressed, see Hague Convention, Article 5, but specifically states that it does not interfere with "the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through the judicial officers, officials *or other competent persons* of the State of destination," see id., Article 10(c) (emphasis added).

The United Kingdom, on behalf of Bermuda, took a very limited reservation with regard to paragraphs (b) and (c) of Article 10, stating that "documents for service *through official channels* will be accepted in the United Kingdom only by the central or additional authorities and only from judicial, consular, or diplomatic officers of other Contracting States." See Declaration of the United Kingdom, Hague Convention ("Declaration") (emphasis added), ¶d; Koehler v. Dodwell, 152 F.3d 304, 307 (4th Cir. 1998).  This narrow exception applies only to documents sent through "official channels." See Koehler, 152 F.3d at 307.  In a footnote responding to a letter requesting interpretation of the reservation to Article 10(c), the United Kingdom further explains this reservation, confirming that the declaration does not preclude service "'directly' through a competent person other than a judicial officer or official." See Declaration fn.*.

Therefore, provided that the process servers who personally served Murphy constitute "other competent persons" under Article 10(c) of the Hague Convention, service was proper.  Defendant Murphy was personally served by plaintiffs' agents in each action.  Service of process in Bermuda is governed by the Rules of the Supreme Court 1985, which require personal service on the defendant by plaintiff or plaintiff's agent. See Rules of the Supreme Court, 1985, Order 10/1(1).  The private process servers who personally served Murphy constitute competent persons for purposes of service under Rule 10.

Because this Court deems service of process on defendant Murphy valid, it need not address Murphy's alleged evasion of service.  Additionally, as to defendant's claims that service was improper due to

3

untimeliness, this Court is not inclined to consider the delay in service unreasonable in light of plaintiffs' persistent attempts to serve defendant through a variety of methods.  Plaintiffs have clearly shown "good cause" for the failure to serve within 120 days under Fed. R. Civ. P. 4(m).

## CONCLUSION

Based on the foregoing, because service on defendant Murphy was proper pursuant to Bermuda law and the Hague Convention, defendant Murphy's Motions to Dismiss are hereby denied.

It is **SO ORDERED**

DATED:    New York, New York
          March  2  , 2007

_____
John E. Sprizzo
United States District Judge

4

**APPEARANCES**

JIM PETRO
ATTORNEY GENERAL OF OHIO

LABATON SUCHAROW & RUDOFF LLP
Attorneys for Plaintiff Ohio State
Funds and for Class
100 Park Avenue
New York, NY 10017

    THOMAS A. DUBBS, ESQ.
    LOUIS GOTTLIEB, ESQ.
    MARTIS ALEX, ESQ.
    DONALD P. DELANEY, ESQ.

    Of Counsel

HAHN LOESER & PARKS LLP
Attorney for Attorney General of Ohio,
Ohio State Funds, and Class
3300 BP Tower
200 Public Square
Cleveland, OH 44114-2301

    ALAN KOPIT, ESQ.

    Of Counsel

WILLIAMS & CONNOLLY LLP
Attorneys for Defendant Michael Murphy
725 Twelfth Street, NW
Washington, D.C. 20005

    GERALD A. FEFFER, ESQ.
    CRAIG D. SINGER, ESQ.
    STEPHEN D. ANDREWS, ESQ.

    Of Counsel