```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X    Master File No.
IN RE AMERICAN INTERNATIONAL                 04 Civ. 8141 (JES)
GROUP, INC. SECURITIES LITIGATION
---------------------------------------X    **MEMORANDUM OPINION**
THIS ORDER RELATES TO:                       **AND ORDER**
    ALL ACTIONS
---------------------------------------X
```

**SPRIZZO, D.J.:**

The above-captioned actions come before the Court by the Ohio Public Employees Retirement System, the State Teachers Retirement System of Ohio, and the Ohio Police and Fire Pension Fund's (collectively, "Ohio Funds" or "lead plaintiff") Motion for Leave to Amend the Complaint dated June 9, 2008. Defendants American International Group, Inc. ("AIG") and Richmond Insurance Company Ltd. ("RIC") filed an Opposition dated June 26, 2008. Defendants Maurice R. Greenberg, Starr International Company, Inc., and C.V. Starr & Co., Inc. filed an Opposition on July 1, 2008. Intervenor Maine Public Employees Retirement System filed an Opposition dated June 20, 2008. Plaintiff-Intervenors Jacksonville Police & Fire Pension Fund ("Jacksonville") and James Connolly filed Oppositions dated June 30, 2008. For the reasons set forth below, lead plaintiff's Motion is hereby denied.

## BACKGROUND

This litigation was commenced more than three-and-a-half years ago when putative class actions were filed in this Court on October 15, 2004. The putative class actions alleged that AIG and certain

of its officers and directors violated the securities laws by failing to disclose AIG's participation in bid-rigging and contingent commission schemes (alleged in a complaint by the New York Attorney General against Marsh & McLennan Companies, Inc.). See Compl. ¶¶ 1-16. The proposed class period in these actions was October 28, 1999 through October 13, 2004. See id. ¶ 1. On February 8, 2005, this Court consolidated the cases and appointed Ohio Funds as lead plaintiff. On April 19, 2005, lead plaintiff filed a Consolidated Amended Class Action Complaint, which included allegations pertaining to the same bid-rigging and contingent commission schemes, see Consolidated Am. Class Action Compl. ("Am. Compl.") ¶¶ 80-139, as well as newly-disclosed allegations of accounting improprieties involving defendant General Reinsurance Corp. See id. ¶¶ 140-95. The Amended Complaint extended the class period an additional five months to March 30, 2005. See id. ¶ 1.

On September 27, 2005, Ohio Funds filed a Second Amended Complaint, incorporating all of the allegations from the first Amended Complaint, see Consolidated Second Am. Class Action Compl. ("Second Am. Compl.") ¶¶ 225-581, plus additional allegations of improper accounting based on AIG's May 31, 2005 restated financial statements for 2000 through 2003 and the first three quarters of 2004, see id. ¶¶ 25-27, 582-605. Subsequently, defendants filed Motions to Dismiss, which the Court denied. See Order, dated April 21, 2006; Order, dated May 25, 2006; Memorandum Opinion & Order,

dated March 2, 2007. On December 15, 2006, Ohio Funds filed a Third Amended Complaint, which is the current operative pleading in this action. The Third Amended Complaint only extended the class period by two days, to April 1, 2005, and left the underlying claims and allegations unchanged. See Consolidated Third Am. Class Action Complaint ("Third Am. Compl.") ¶ 1. Defendants subsequently filed their Answers in January 2007. See Decl. of Darren W. Johnson, dated June 26, 2008 ("Johnson Decl."), Ex. 8.

Since April 2006, discovery has proceeded regarding the alleged bid-rigging and accounting fraud. After twenty months and four million pages of documents from more than 400 different custodians, lead plaintiff sent a letter on February 28, 2008 to AIG confirming that AIG's document production was substantially complete and that no further document requests were necessary.[1] See Johnson Decl., Ex. 9. Indeed, on May 23, 2008, the Court entered an Order requiring all merits discovery to be completed by December 1, 2009 and expert discovery to be completed by February 1, 2010. See Order, dated May 28, 2008.

On February 20, 2008, lead plaintiff filed a Motion for Class Certification proposing a class period from October 28, 1999 to April 1, 2005. See Lead Pl.'s Mem. in Supp. of Mot. for Class Cert., dated Feb. 20, 2008, at 6. Defendants have taken nineteen

---

[1] The Court acknowledges that further discovery was later agreed to further regarding additional transactions, see Lead Pl.'s Mem. in Supp. of Mot. for Class Cert., dated Feb. 20, 2008, at 11, but that does not diminish the substantial progress made in discovery thus far.

depositions on class certification issues, all of which were premised on the alleged class period. See Mem. of Law of Defs. AIG and RIC in Opp'n to Ohio Funds' Mot. for Leave to Amend the Compl., dated June 26, 2008, ("Defs.' Opp'n Mem.") at 7-8.

Lead plaintiff now seeks to add new and unrelated claims as well as new defendants, based on AIG's alleged writedowns in February and May 2008 of more than $20 billion stemming from losses in its portfolio of credit default swaps written by its subsidiary, AIG Financial Products Corp. ("AIGFP"). See Decl. of Zachary M. Ratzman in Supp. of Lead Pl.'s Mot. to Amend the Compl., dated June 9, 2008, Ex. A, Proposed Consolidated Fourth Am. Class Action Compl. ("Proposed Fourth Am. Compl.") ¶¶ 775-865. These claims concern events which took place more than three years after the transactions at issue in the Third Amended Complaint. The Third Amended Complaint and the proposed amendments concern different time periods, different divisions of the company, different management, different alleged objectives, different disclosures, and different shareholders. Compare Third Am. Compl. with Proposed Fourth Am. Compl. ¶¶ 1, 775-865.

Lead plaintiff knew the basis for the proposed amendment no later than February 11, 2008, before they filed their motion for class certification, before they sent their letter confirming that discovery was substantially complete, before they had defended over a dozen class certification depositions, before they stipulated to

a class certification scheduling order which required AIG to file its opposition by June 16, 2008, and before they stipulated to a scheduling order which required merits discovery to be completed within eighteen months. See Def.'s Opp'n Mem. at 9; Johnson Decl. ¶¶ 17, 20 & Exs. 9-11, 13, 14.[2] In light of these facts, lead plaintiff's Motion is hereby denied.

**DISCUSSION**

Once a party has filed a responsive pleading, leave to amend is only allowed "when justice so requires." See Fed. R. Civ. P. 15(a). A district court has the discretion to deny leave to amend when there is undue delay in bringing the amendment; bad faith or dilatory motive on the part of the movant; repeated failure to cure deficiencies by previous amendments; undue prejudice to the opposing party; or futility of amendment. See Foman v. Davis, 371 U.S. 178, 182 (1962); John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp., 22 F.3d 458, 462 (2d Cir. 1994). These "considerations of undue delay, bad faith, and prejudice to the opposing party" are the "touchstones of a district court's discretionary authority to deny leave to amend." Barrows v. Forest Laboratories, Inc., 742 F.2d 54, 58 (2d Cir. 1984).

---

[2] The proposed amendment, however, was not revealed until June 2, 2008, two weeks after plaintiff-intervenor Jacksonville filed a separate Complaint in this district alleging securities fraud violations based on AIG's CDS disclosures. See Def.'s Opp'n Mem. at 9; Johnson Decl., Exs. 16a & b. Indeed, the similarities between the Jacksonville Complaint and the proposed amendment are striking. Compare Proposed Fourth Am. Compl. ¶¶ 798-1246 with Johnson Decl., Ex. 16a & b, ¶¶ 23-121. This has spawned a litany of correspondence in three separate courts in this district regarding transfer of these actions.

Though not argued by the parties, this proposed new pleading is properly a supplemental complaint rather than an amendment to the original complaint because it avers acts occurring after the date of the complaint. See United States v. Int'l Bus. Machines Corp., 66 F.R.D. 223, 227 (S.D.N.Y. 1975). Federal Rule of Civil Procedure 15(d) provides for service of a supplemental pleading "setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Amended pleadings, which are governed by Rule 15(a), set forth matters occurring prior to the date of the original pleading. The proposed amendment involves new claims concerning actions by AIGFP regarding its portfolio of credit default swaps, which took place in 2007 and 2008—more than three years after the transactions at issue in the Third Amended Complaint. Thus, the Motion to Amend will be treated as a Motion to Serve a Supplemental Pleading pursuant to Federal Rule of Civil Procedure 15(d). See Lerman v. Chuckleberry Publ'g, Inc., 521 F. Supp. 228 (S.D.N.Y. 1981), rev'd on other grounds, 745 F.2d 123 (2d Cir. 1984). As is the case with an amended pleading, a district court can, in the exercise of its discretion, deny a motion to serve a supplemental pleading when there is undue delay, bad faith, dilatory tactics, undue prejudice to the party to be served with the proposed pleading, or futility. See Quaratino v. Tiffany & Co., 71 F.3d 58, 66 (2d Cir. 1995).

Defendants oppose lead plaintiff's Motion, claiming that granting the Motion would cause undue prejudice and would be futile. In determining what constitutes "prejudice," the Court considers "whether the assertion of the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." Block v. First Blood Associates, 988 F.2d 344, 350 (2d Cir. 1993). Additionally, a proposed amendment causes undue prejudice if, at an advanced stage of litigation, the amendment concerns "an entirely new set of operative facts of which it cannot be said that the original complaint provided fair notice." Ansam Associates, Inc. v. Cola Petroleum, Ltd., 760 F.2d 442, 446 (2d Cir. 1985); Barrows, 742 F.2d at 58.

Defendants claim that the proposed amendment would impose new discovery burdens in this litigation, as it would expand the class period by more than three years and it concerns an entirely new set of documents and custodians as well as an entirely new theory of relief. This Court agrees and finds the additional burdens placed on defendants would result in undue prejudice.[3]

---

[3] Defendants also argue that the proposed amendment would require them to redo much of the work they have already done preparing to oppose the Motion for Class Certification. This could cause enormous delay. They argue that the class certification process will have to start over, the hundreds of depositions that are presently scheduled to be taken over the next eighteen months would be put on hold, and discovery would not be completed before the December 1, 2009 deadline set

The Court is also unconvinced by lead plaintiff's arguments that having the new claims proceed would result in significant efficiencies. Lead plaintiff claims that they would be able to litigate the credit default swap claims more efficiently because (i) a Confidentiality Order has already been negotiated and signed in this Court; (ii) a document depository with more than 40,000,000 documents is already in place; and (iii) lead counsel and lead plaintiff's forensic accounting experts have already analyzed tens of millions of pages of documents, including more than 150,000 pages produced by AIG and other defendants that are relevant to the credit default swap claims. See Lead Pl.'s Mem. of Law in Supp. of its Mot. For Leave to Amend the Compl. ("Pl.'s Mot. to Amend") at 13. Lead plaintiff's suggestion that AIG would have to produce documents and witnesses relating to its credit default swap portfolio regardless of whether the new claims are part of this case or as part of a separate case "flies in the face of the objective of the PSLRA's stay of discovery, namely, that plaintiffs be able to plead legally sufficient claims prior to any discovery." In re Merrill Lynch & Co., Inc., 273 F. Supp. 2d 351, 391 (S.D.N.Y. 2003); see also 15 U.S.C. § 78u-4(b)(3)(B).

---

forth by this Court. Lead plaintiff's argument that there are still eighteen months left before discovery closes is unpersuasive. As defendants note, a large amount of document production would still have to take place just to identify which AIG employees and officers were involved in the credit default swap investments, and depositions of those employees and officers would likely have to be put on hold while production pertaining to the new claims proceeds.

Furthermore, the addition of new defendants in the proposed amendment may lead to challenges based on service or jurisdiction. Also, there may be new motions to dismiss and issues regarding the process for appointing lead plaintiff and lead counsel. The expanded class period may lead to diverging interests among parties[4] and may lead to greater difficulty in certifying a class.

Lastly, as defendants point out, the amendment would be futile because the amendment would create a class period of more than eight years and thus render the class uncertifiable. Where it appears that granting leave to amend is unlikely to be productive, it is not an abuse of discretion to deny leave to amend. See Foman, 371 U.S. at 182 (denial not abuse of discretion where amendment would be futile); Acito v. Imcera Group, Inc., 47 F.3d 47, 55 (2d Cir. 1995). Indeed, courts in this Circuit have denied motions for leave to amend as futile where plaintiff has "failed to present this court with an objective, administratively feasible method for identifying the members of the proposed class and subclasses . . . and because common questions do not predominate over individualized inquiries."[5]

---

[4] See Mem. of Law of Defs. Maurice R. Greenberg, Starr Int'l Co., Inc. and C.V. Starr & Co., Inc. in Opp'n to Pl.'s Mot. for Leave to Amend the Compl. ("Greenberg and Starr Defs.' Mem.") at 2-3.

[5] Luedke v. Delta Air Lines, Inc., No. 92 Civ. 1778, 1993 WL 313577, at *4 (S.D.N.Y. Aug. 10, 1993). See also In re Scientific Control Corp. Sec. Litig., 71 F.R.D. 491, 513 (S.D.N.Y. 1976) (denying leave to amend the complaint as futile where "[t]he Court has not found that the Count as pleaded fails to state a claim, only that it is not susceptible of class litigation.").

Federal Rule of Civil Procedure 13(a) requires that, in order for a class to be certified, class representatives must fairly and adequately protect the interests of the class, see Fed. R. Civ. P. 23(a), which requires in part that there be no substantial conflicts of interest between the class and the class representatives. See Sosna v. Iowa, 419 U.S. 393, 403 (1975). Defendants argue that there are separate, divergent shareholder interests; some class members would be arguing against each other about when the inflation occurred and what damages they can get from it. See Hr'g Tr., dated July 2, 2008, at 23. Also, Federal Rule of Civil Procedure 23(b) requires a lead plaintiff to demonstrate that common issues predominate over individual issues. See Fed. R. Civ. P. 23(b). As defendants explain, common questions do not predominate, as each set of allegations requires distinct factual and legal inquiries about various alleged omissions and misrepresentations. While lead plaintiff correctly notes that subclasses may be used to accommodate class claims with diverging individual issues, this accommodation does not alter Rule 23's predominance and typicality requirements. See, e.g., Sprague v. GMC, 133 F.3d 388, 399 n.9 (6th Cir. 1998). As noted, common questions do not predominate, and thus the class would likely become uncertifiable.

As is readily apparent here, lead plaintiff's Motion for Leave to Amend to add unrelated claims is a calculated attempt at judge

shopping. Other actions pending before Judge Preska and Judge Sullivan are more closely related to the issues in the proposed amendment. Unlike the present action, lead plaintiffs have not yet been named in these other pending actions. It seems apparent that lead plaintiff is trying to usurp lead plaintiff status over claims which are properly in front of other judges. Courts in this district have explained that "[t]he PSLRA lead plaintiff provisions ensure that securities litigation is driven by investors, not lawyers: it is not a process designed to select the most adequate complaint or a substitute for the class certification process, which almost invariably comes later." In re WorldCom, Inc. Sec. Litig., 219 F.R.D. 267, 286 (S.D.N.Y. 2003). Such motivations are not sufficient to grant a motion for leave to amend.

**CONCLUSION**

As this Court finds that granting the Motion would result in undue prejudice for defendants, as well as a potentially uncertifiable class, the Court hereby denies lead plaintiff's Motion for Leave to file a Fourth Amended Complaint.

**It is SO ORDERED.**

**DATED:** New York, New York
July, 17 2008

John E. Sprizzo
United States District Judge

11

**APPEARANCES**

SHERYL CREED MAXFIELD
FIRST ASSISTANT ATTORNEY GENERAL
STATE OF OHIO ATTORNEY GENERAL'S OFFICE
Attorney for Lead Plaintiff Ohio State
Funds and the Class

    Of Counsel


LABATON SUCHAROW, LLP
Attorneys for Lead Plaintiff Ohio State
Funds and the Class
140 Broadway
New York, NY 10005

    THOMAS A. DUBBS, ESQ.
    LOUIS GOTTLIEB, ESQ.
    MARTIS ALEX, ESQ.
    ZACHARY M. RATZMAN, ESQ.
    DONALD P. DELANEY, ESQ.

    Of Counsel


HAHN LOESER & PARKS LLP
Attorney for Lead Plaintiff Ohio State
Funds and the Class
3300 BP Tower
200 Public Square
Cleveland, OH 44114-2301

    ALAN S. KOPIT, ESQ.

    Of Counsel


PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
Attorney for Defendants American International
Group, Inc. and Richmond Insurance Company Ltd.
1285 Avenue of the Americas
New York, NY 10019-6064

    DANIEL J. KRAMER, ESQ.

    Of Counsel

BOIES, SCHILLER & FLEXNER, LLP
Attorneys for Maurice R. Greenberg,
Starr International Company, Inc.,
and C.V. Starr & Co., Inc.
575 Lexington Ave.
New York, NY 10022

    NICHOLAS A. GRAVANTE, JR., ESQ.
    ROBERT J. DWYER, ESQ.
    AMY L. NEUHARDT, ESQ.

    Of Counsel


DAVID BOIES, ESQ.
333 Main St.
Armonk, NY 10504

    Of Counsel


MORVILLO, ABRAMOWITZ, GRAND, IASON,
ANELLO & BOEHRER, P.C.
Attorney for Maurice R. Greenberg,
Starr International Company, Inc.,
and C.V. Starr & Co., Inc.
565 Fifth Ave.
New York, NY 10017

    ROBERT G. MORVILLO, ESQ.

    Of Counsel


SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
Attorneys for Maurice R. Greenberg,
Starr International Company, Inc.,
and C.V. Starr & Co., Inc.
4 Times Square
New York, NY 10036

    JOHN L. GARDINER, ESQ.
    STEVEN J. KOLLEENY, ESQ.

    Of Counsel

WINSTON & STRAWN LLP
Attorneys for Defendant Howard I. Smith
200 Park Avenue
New York, NY 10166

    VINCENT A. SAMA, ESQ.
    ERIC M. ROBINSON, ESQ.
    JEFFREY R. BURKE, ESQ.
    CATHERINE B. SCHUMACHER, ESQ.

    Of Counsel


ANDREW M. LAWLER, P.C.
Attorney for Defendant Howard I. Smith
641 Lexington Ave., 27th Floor
New York, NY 10022

    Of Counsel


THE SHAPIRO FIRM, LLP
Attorney for Plaintiff-intervenor,
James Connolly
500 Fifth Avenue, 14th Floor
New York, NY 10110

    ROBERT J. SHAPIRO, ESQ.

    Of Counsel


SCHIFFRIN, BARROWAY, TOPAZ & KESSLER, LLP
Attorneys for Plaintiff-intervernor,
James Connolly
280 King of Prussia Road
Radnor, PA 19087

    SEAN M. HANDLER, ESQ.
    CHRISTOPHER L. NELSON, ESQ.
    NAUMON A. AMJED, ESQ.

    Of Counsel

BERNSTEIN, LITOWITZ, BERGER & GROSSMAN, LLP
Attorneys for Plaintiff-intervenors
Jacksonville Police & Fire Pension Fund
125 Avenue of the Americas
New York, NY 10019

    MAX W. BERGER, ESQ.
    GERALD R. SILK, ESQ.
    NOAM MANDEL, ESQ.

    Of Counsel


BARRACK, RODOS & BACINE, P.C.
Attorneys for Intervenor
Maine Public Employees Retirement System
1350 Broadway, Suite 1001
New York, NY 10018

    A. ARNOLD GERSHON, ESQ.
    REGINA M. CALCATERRA, ESQ.

    Of Counsel


3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103

    JEFFREY W. GOLAN, ESQ.

    Of Counsel