```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------ x

IN RE AMERICAN INTERNATIONAL         :
GROUP, INC. SECURITIES LITIGATION        Master File No. 04 Civ. 8141 (JES)
                                     :
------------------------------
                                     :   Oral Argument Requested
This Document Relates to:
ALL ACTIONS                          :
------------------------------ x
```

**MEMORANDUM OF LAW OF DEFENDANT AMERICAN INTERNATIONAL GROUP, INC., IN SUPPORT OF ITS MOTION FOR CONFIRMATION THAT APPROVAL OF A SETTLEMENT CLASS WILL NOT AFFECT DETERMINATION OF THE PRIOR-PENDING, CONTESTED MOTION FOR CLASS CERTIFICATION**

Defendant American International Group, Inc. ("AIG") respectfully submits this memorandum of law in support of its motion: (a) for an Order confirming that nothing in any Order concerning approval of Lead Plaintiff's proposed settlement with defendant PricewaterhouseCoopers LLP (the "PwC Settlement") will have any effect upon the Court's consideration and determination of Lead Plaintiff's earlier-filed motion for certification of a litigation class (the "Litigation Class Motion"); or, in the alternative (b) to defer a final determination regarding approval of the PwC Settlement until the Litigation Class Motion is decided.

## INTRODUCTION

Lead Plaintiff in this securities class action moved for class certification on February 20, 2008. Following class-related discovery, the briefing on that motion was completed on November 7, 2008. A hearing on the motion is currently scheduled for February 10, 2009.

In the interim, Lead Plaintiff reached a settlement with one defendant, PwC, and moved for approval of that settlement on September 29, 2008. The Court granted preliminary approval of the settlement on October 14, 2008, and the fairness hearing is scheduled for January 20, 2009, three weeks before the class certification hearing.

In each of these proceedings, the Court must make findings under Fed. R. Civ. P. 23. The PwC Settlement, however, is an agreement between Lead Plaintiff and one of the defendants, while the Litigation Class Motion is a vigorously contested application, which has been the subject of extensive briefing, expert testimony, and thorough legal and economic analysis submitted by *other* defendants, who are not parties to the PwC Settlement and have not agreed to certification of any class. The non-settling defendants could be seriously prejudiced if Lead Plaintiff were permitted, in pursuing the Litigation Class Motion, to rely on any findings made in connection with the PwC Settlement.

Accordingly, AIG respectfully seeks an Order providing that:

> Nothing contained in any Order concerning the PwC Settlement shall have any effect upon, and Lead Plaintiff shall not rely upon anything in any such Order in connection with, the Court's consideration and determination of the Litigation Class Motion or any other issue with respect to any of the non-settling defendants.

PwC consents to the foregoing, but Lead Plaintiff does not.

In the alternative, AIG requests that the Court stay a final determination regarding approval of the PwC Settlement until the pending Litigation Class Motion is decided. Neither PwC nor Lead Plaintiff consents to this request.

# ARGUMENT

**A.   The Court Should Confirm that Approval of a Settlement Class Will Not Affect the Court's Determination of the Litigation Class Motion.**

It is clear that issues to be decided on the Litigation Class Motion overlap with issues raised by the PwC Settlement: regardless of whether a class is to be certified for purposes of trial or settlement, the class must meet the criteria of Rule 23. *In re Grand Theft Auto Video Game Consumer Litig.*, 251 F.R.D. 139 (S.D.N.Y. 2008); *see also Denney v. Deutsche Bank AG*, 443 F.3d 253, 270 (2d Cir. 2006) (the "requirements of [Rule 23(a) and (b)] should not be watered down by virtue of the fact that the settlement is fair or equitable"). Here, although the proposed classes are not identical,[1] they are similar, and both will require consideration by the Court under Rule 23. *See In re Initial Pub. Offerings Sec. Litig.*, 471 F.3d 24, 33 (2d Cir. 2006) (class certification under Fed. R. Civ. P. 23 requires a "rigorous" analysis); *see also McLaughlin v. Am. Tobacco Co.*, 522 F.3d 215, 219 (2d Cir. 2008) (explaining that when certifying a litigation class a court must make an actual "ruling" that each Rule 23 requirement is met). For example,

---

[1]   The proposed Litigation Class is defined as:

> All persons who purchased or otherwise acquired AIG securities including equity, fixed income and all other securities during the class period, [October 28, 1999 to April 1, 2005] . . . and who were damaged thereby. (Lead Plaintiff's Memorandum of Law in Support of its Motion for Class Certification, at 6).

The proposed Settlement Class is defined as:

> [A]ll persons who purchased or otherwise acquired AIG Securities during the period from October 28, 1999 through April 1, 2005, inclusive (the "Class Period"), including all persons and entities who held the common stock of HSB Group, Inc. ("HSB") at the time HSB was acquired by AIG in a stock for stock transaction, and all persons and entities who held the common stock of American General Corporation ("AGC") at the time AGC was acquired by AIG in a stock for stock transaction, and who were damaged thereby. (Preliminary Approval Order, at 2).

4

in determining whether to certify the proposed settlement class or the proposed litigation class, the Court will need to resolve similar (although not identical) questions regarding whether individual issues predominate over common issues, whether the proposed classes are superior to other methods of adjudication, and whether Lead Plaintiff is an adequate representative of the proposed class members.

Nevertheless, any decision on class certification in connection with the PwC Settlement will not have the benefit of the adversarial process. As the Supreme Court has explained, when making determinations regarding a settlement class, the court is presented with "a bargain proffered for its approval without benefit of adversarial investigation." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 621 (1997). In connection with the Litigation Class Motion, however, the overlapping Rule 23 questions have been the subject of extensive briefing and expert affidavits submitted by Lead Plaintiff and the non-settling defendants. The parties have extensively addressed, for example, whether Lead Plaintiff can satisfy the adequacy and typicality requirements of Rule 23 given the timing of its purchases of AIG securities and whether common questions sufficiently predominate among class members to justify the certification of Lead Plaintiff's extraordinarily broad proposed litigation class.[2] Thus, even if the record presented in connection with the PwC Settlement warrants certification of a settlement class, the far more extensive evidence and briefing submitted in connection with the Litigation Class Motion may – and we believe will – require a different result.

---

[2] *See, e.g.,* Defendants AIG and Richmond Insurance Company Ltd. Memorandum of Law in Opposition to Lead Plaintiff's Motion for Class Certification at 10-18 (outlining Lead Plaintiff's inability to fulfill typicality and adequacy requirements); Lead Plaintiff's Reply Brief in Further Support of its Motion for Class Certification at 2-12 (challenging defendants' arguments on typicality and adequacy).

Accordingly, we respectfully request to move for an Order providing that:

> Nothing contained in any Order concerning the PwC Settlement shall have any effect upon, and Lead Plaintiff shall not rely upon anything in any such Order in connection with, the Court's consideration and determination of the Litigation Class Motion or any other issue with respect to any of the non-settling defendants.

**B.  In the Alternative, the Court Should Defer Decision on the PwC Settlement Until the Litigation Class Motion Has Been Decided.**

In the event the Court denies the foregoing application, AIG requests, in the alternative, that the Court defer any final determination regarding approval of the PwC Settlement until the pending Litigation Class Motion is decided. Rule 23(d) empowers the Court to issue appropriate orders "determin[ing] the course of proceedings or prescrib[ing] measures to prevent undue repetition or complication in presenting evidence or argument." Fed. R. Civ. P. 23(d). And there is authority holding, where issues raised by a request for certification of a settlement class overlap with issues raised by an earlier contested motion for class certification, as here, the preferable course is to decide the contested class certification motion first. *See Agretti v. ANR Freight Sys., Inc.*, No. 89-5492, 1990 WL 104052, at *3-4 (N.D. Ill. Jun. 28, 1990) (holding motion for approval of partial class action settlement in abeyance pending resolution of class certification because class certification determinations "may affect whether the proposed settlement agreement is fair and reasonable and in the best interests of all affected by it"); *see also In re Bromine Antitrust Litig.*, 203 F.R.D. 403, 406 (S.D. Ind. 2001) (emphasizing that the extensive briefing on the litigation class motion provided the court with the "advantage" of full adversarial briefing when making the settlement class determination). This approach would avoid any possibility of findings based on an

agreement infecting later consideration of similar issues on a full record that might contradict those findings.

## Conclusion

For the foregoing reasons, the Court should grant AIG's Motion and enter an Order providing that:

> Nothing contained in any Order concerning the PwC Settlement shall have any effect upon, and Lead Plaintiff shall not rely upon anything in any such Order, in connection with the Court's consideration and determination of the Litigation Class Motion or any other issue with respect to any of the non-settling defendants.
>
> In the alternative, the Court should defer a final determination regarding approval

of the PwC Settlement until the pending Litigation Class Motion is decided.

Date: New York, New York
December 30, 2008

Respectfully submitted,

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

By: /s/ Daniel J. Kramer
Daniel J. Kramer
dkramer@paulweiss.com
Daniel J. Leffell
dleffell@paulweiss.com
Gary R. Carney
gcarney@paulweiss.com
1285 Avenue of the Americas
New York, NY 10019-6064
(212) 373-3000

Attorneys for Defendant American International Group, Inc.