UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――― X
:
IN RE AMERICAN INTERNATIONAL GROUP,   : Master File No. 04 Civ. 8141 (JES)(AJP)
INC. SECURITIES LITIGATION            :
                                      :
This Document Relates To:  All Actions :
                                      :
―――――――――――――――――――――― X

## PROOF OF MEMBERSHIP IN CLASS

Objectors are class members as defined in the NOTICE OF PROPOSED SETTLEMENT, MOTION FOR ATTORNEYS'FEES AND EXPENSES Award AND FAIRNESS HEARING (hereinafter the "Notice.") Objectors are "... persons and entities who purchased or otherwise acquired securities issued by American International Group, Inc. ("AIG"), during the period between October 28, 1999 and April 1, 2005, inclusive (the "class period"), and who suffered damages thereby, including all persons or entities who acquired securities issued by  AIG in the secondary market, all persons or entities who acquired debt securities of AIG in the secondary market or pursuant to a registration statement or prospectus, and all persons who purchased or wrote (sold) exchange-traded option on AIG securities.

Objector ALAN ROTHSTEIN and MARILYN SIMON ROTHSTEIN JTWROS, originally represented by and referred by Paul S. Rothstein, owned 700 damaged shares of securities issued by AIG; Objector MARISA S. ROTHSTEIN ROTH -- IRA, originally represented by and referred by N. Albert Bacharach, Jr., owned 100 damaged shares of securities issued by AIG, Objector MARISA SHANA ROTHSTEIN, originally represented by and referred by N. Albert Bacharach, Jr., owned 300 damaged shares of

1

securities issued by AIG, Objector SHARYN ROTHSTEIN ROTH – IRA, originally represented by and referred by Frank H. Tomlinson, owned 100 damaged shares of securities issued by AIG, and Objector MOLLYE ROTHSTEIN, originally represented by and referred by Frank H. Tomlinson, owned 200 damaged shares of securities issued by AIG ("AIG stock"). Proof of the ROTHSTEIN Objectors' class membership is attached hereto as Exhibit "A."

## NOTICE OF INTENTION TO APPEAR

The ROTHSTEIN Objectors hereby give notice that they intend to appear, through counsel, at the Fairness Hearing presently scheduled for January 20, 2009 at 3:00 p.m. before the successor Judge to the late John E. Sprizzo, United States District Judge, in the United States District Court for the Southern District of New York, United States Courthouse, 500 Pearl Street, New York, NY 10007.

## SUMMARY OF OBJECTIONS

The ROTHSTEIN Objectors object to Plaintiffs' Counsel's Motion for Attorneys' Fees and Reimbursement of Expenses for the following reasons:

On its face, the amount of fees requested by Class Counsel, 9% of the common fund *i.e.,* over $8 million, is in and of itself excessive.

The Notice is deficient because it fails to provide the minimal information necessary for absent class members to make an informed decision as to the reasonableness of either the $97.5 million proposed settlement or the requested 9% ($8 million) fee.

2

The Notice is deficient because it does not give adequate, detailed information to absent class members regarding: the number of damaged shares; the potential value of the settled claims; the total number of hours worked by Class Counsel; the hourly rates regarding the attorney's fees requested by class counsel; or where to access that information, either in the Court documents or on the web. Due Process requires, at least, a website linked to the attorney fee documents.

The percentage of the common fund is clearly excessive considering the likelihood of success and the effort required in order to achieve this settlement.

## OBJECTIONS

### THE CLASS NOTICE IS DEFICIENT AND THE SERVICE OF THE NOTICE VIOLATED DUE PROCESS

a. Absent class members do not have enough information in the published Notice to make an informed choice as to whether to remain class members. There is no information as to the amount of damages that potentially could have been obtained had the case been tried successfully; it only says that the parties could not agree on such a number. Also there is no information with regard to the amount of insurance available (policy limits) regarding these claims. Without that information, class members have no ability to evaluate the adequacy of the settlement.

b. The class Notice is deficient because it provides no information that would allow absent class members to easily ascertain the time class counsel put into the "PwC" matter.

c. The Notice fails to comply with the intention of the

3

amendment to Fed.R.Civ.P. 23 regarding attorney's fees. Rule 23(h) states in pertinent part:

> (5)  Motion for Award of Attorney Fees.
>
> A claim for an award of attorney fees and nontaxable costs must be made by motion under Rule 54(d)(2), subject to the provisions of this subdivision, at a time set by the court. Notice of the motion must be served on all parties and, for motions by class counsel, directed to class members in a reasonable manner.
>
> (6)  Objections to Motion.
>
> A class member, or a party from whom payment is sought, may object to the motion.

### THE ATTORNEY'S FEE REQUEST IS EXCESSIVE

The requested attorney's fee of over $8 million is excessive and should be rejected. The percentage of the fund request is 9%. In a securities case within this District, Judge Berman, in <u>In Re: Nortel Networks Corp. Securities Litigation</u>, S.D. NY, Case No. 01:01-CV-01855-RMB-MHD (2007), found that after conducting a <u>Goldberger v. Integrated Resources</u>, 209 F.3d 43 (2d Cir. 2000) analysis, the percentage of the fund should not be the requested 8.5% but instead 3%.

While it goes without question that the attorneys whose efforts on behalf of the holders of securities issued by AIG created this $97.5 million common fund need to be justly compensated, it is this Court's duty to assure that the compensation awarded is not a windfall to Class Counsel and is proportional to the percentage of actual damages versus settlement damages received by class members.

In the world of attorney's fees, a fee request of 9% of a common fund can seem reasonable. After all, lawyers commonly contract for, and charge clients 30-40%

contingency fees. This case is only a part of the overall litigation in which these attorneys stand to make more than adequate compensation for their efforts.  The Court should take into account that each of the shareholders to this litigation stand to recover pennies for their shares.

Furthermore, there is little or no contingency risk. As the Alexander study of settlements in securities class actions showed 17 years ago: "There appears to be no appreciable risk of non-recovery" in securities class actions, because "virtually all cases are settled." Janet Cooper Alexander, Do the Merits Matter? A Study of Settlements in Securities Class Actions, 43 Stan. L. Rev. 497, 578 (1991).

The Objectors believe that a fee authorization in the 3% range of this $97.5 million common fund, i.e $2.925 million is a reasonable amount.

The Objectors hereby adopt any and all reasonable and substantial objections made by all other class members in this matter.

The Objectors have a legally protectable interest in the litigation that will be impacted by the requested legal fees, which will be impacted by the attorneys' fees paid to Class Counsel.

The Objectors, through their undersigned counsel, request that the Court sustain the Objections asserted herein, only award a reasonable fee to Class Counsel based upon Goldberger analysis, and grant all further relief as is just.

              Respectfully submitted,

              s/Paul E. Kerson
               Paul E. Kerson
              Leavitt, Kerson & Duane
              228 East 45th Street, 17th Floor
              New York, New York 10017

                                                (212) 973-9339  
                                                Bar No. PEK8789  
                                                kersonpaul@aol.com

# Exhibit "A"

| Name: | Date: | Bought: | Price: | Date: | Sold: | Price: |
|---|---|---|---|---|---|---|
| Alan & Marilyn Simon Rothstein JTWROS | 11/28/2005 01/21/2005 | 200 shs. 500 shs. | 68.90 66.51 | 11/1/2006 12/28/2007 | 300 shs. 400 shs. | 67.20 57.325 |
| Marisa S. Rothstein Roth IRA | 01/20/2005 | 100 shs. | 66.90 | 05/16/2008 | 100 shs. | 39.26 |
| Marisa Shana Rothstein | 10/29/2004 | 300 shs. | 60.04 | 08/2/2007 04/14/2008 05/16/2008 | 100 shs. 100 shs. 100 shs. | 63.70 43.92 39.25 |
| Sharyn P. Rothstein Roth IRA | 01/20/2005 | 100 shs. | 66.90 | 05/16/2008 | 100 shs. | 39.26 |
| Mollye Rothstein | 01/28/2005 | 200 shs. | 66.05 | 05/31/2005 | 200 shs. | 60.78 |

AFFIDAVIT OF SERVICE

STATE OF NEW YORK       )

COUNTY OF NEW YORK   ) ss.:

SABRINA MACK, being duly sworn, deposes and says:

On December 30, 2008 I served a true copy of the annexed Objections to Proposed Settlement in the following manner:

By mailing the same in a sealed envelope, with postage paid thereon, in a post office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addressee(s):

| | |
|---|---|
| Thomas A. Dobe, Esq | Anthony L. Ryan, Esq. |
| Nicole M. Zeiss, Esq. | Cravath, Swaine & Moore LLP |
| Labaton Sucharow LLP | Attorneys for Defendant PwC |
| Counsel for Lead Plaintiff and | Worldwide Plaza |
| the Settlement Class | 825 Eighth Ave. |
| 140 Broadway | New York, NY  10019 |
| New York, NY  10005 | |

s/Sabrina Mack
Sabrina Mack

Sworn to before me this 30th day
of December, 2008.

s/Paul E. Kerson
Notary Public