UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re AMERICAN INTERNATIONAL GROUP, INC. SECURITIES LITIGATION<br><br>This Document Relates To:  All Actions | **ECF CASE**<br><br>Master File No. 04 Civ. 8141 (DC) (AJP)<br><br>Oral Argument Requested |

**DEFENDANT PRICEWATERHOUSECOOPERS LLP'S RESPONSE TO THE GREENBERG GROUP'S OBJECTION TO THE SETTLEMENT AGREEMENT BETWEEN LEAD PLAINTIFF AND PRICEWATERHOUSECOOPERS LLP**

CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000

*Attorneys for Defendant
PricewaterhouseCoopers LLP*

January 13, 2009

Defendant PricewaterhouseCoopers LLP ("PwC") submits this response to the limited objection by Defendants Maurice R. Greenberg, C.V. Starr & Co., Inc., Starr International Company, Inc., and Howard I. Smith (the "Greenberg Group") to the Agreement of Compromise and Settlement between Lead Plaintiff and PwC (the "Settlement Agreement").

**Argument**

The Greenberg Group acknowledges that its objection is "limited", and concerns only "one aspect of the bar order" in the Settlement Agreement. (Greenberg Objection at 1.)[1] That does not mean, however, that the provisions at issue are unimportant. To the contrary: the bar order provisions were carefully negotiated between PwC and Lead Plaintiff, and for PwC are a material element of the settlement. While expressly denying any wrongdoing and disputing liability, PwC has entered into this settlement to resolve the claims against it on a classwide basis. The bar order provides PwC with the necessary certainty that it has put the claims in this action behind it for good.

As an initial matter, it is unclear the extent to which the Greenberg Group really does object to the bar order as written by the settling parties. First, the Greenberg Group never asserts directly that the proposed bar order is improper, arguing instead that the bar order is improper "[t]o the extent, <u>if any</u>, that the proposed bar order in the Original exceeds the scope of a corresponding judgment reduction credit". (*Id.* (emphasis

---

[1] The Greenberg Group also joins in the motion of Defendant American International Group, Inc. ("AIG") for confirmation that approval of a settlement class as to PwC will not affect determination of the contested motion for certification of a litigation class as to other defendants. As stated in Daniel J. Leffell's letter to the Court of January 7, 2009, PwC consents to that clarification.

added))  Second, the Greenberg Group appears concerned more about the scope of bar orders its members might obtain in the future, rather than that of the bar order for PwC here.  Tellingly, the Greenberg Group acknowledges that its "objection would be adequately resolved" by an order regarding the scope of a bar order in a future settlement of this action by the Greenberg Group.  (*Id.* at 1-2.)  This hypothetical scenario need not be addressed at this time, and should not preclude entry of the bar order as submitted by the settling parties.

The bar order in the Settlement Agreement comports with *Gerber v. MTC Electronics Technologies Co.*, 329 F.3d 297 (2d Cir. 2003), which is the controlling precedent on bar orders in securities class actions.  In *Gerber*, the Second Circuit held that a securities settlement may properly bar not only "contribution and indemnification claims", but also "a 'disguised' contribution or indemnity claim, such as a negligence claim where the injury to the non-settling defendants was their liability to the plaintiffs".  *Id.* at 305.  Consistent with *Gerber*, Paragraph 15 of the proposed Order and Final Judgment as to PricewaterhouseCoopers LLP (the "Proposed Order") applies not only to claims styled as indemnification or contribution, but to "any and all claims based on any person or entity's liability to [the plaintiff class]".  The presence of the judgment credit in Paragraph 16 of the Proposed Order ensures that the bar order is fair to non-settling defendants such as the Greenberg Group.  As the *Gerber* court explained, "By ensuring that, at the end of the day, the non-settling defendants are not held responsible for any damages for which the settling defendants are proven liable, the judgment credit adequately compensates the non-settling defendants for their indemnity and contribution claims, as well as for any other claims where the harm to the non-settling defendants is

2

based on their liability to the plaintiffs." *Id.* at 306.  Tellingly, neither AIG nor any other non-settling defendant besides the Greenberg Group has objected to the proposed bar order.

The Greenberg Group fails to specify any respect in which the Proposed Order is invalid under *Gerber*, or any other authority.  Most important, the Greenberg Group fails to identify any claims it believes would be barred by the Proposed Order in its present form but which *Gerber* holds cannot be barred.  In light of the vagueness of the objection, it is impossible to determine whether there is a substantive disagreement about the scope of the bar order, or the objection simply reflects a drafting preference that the Greenberg Group would have advocated had it been a party to the Settlement Agreement (which it was not).

The bar orders at issue are contained in Paragraphs 13 to 15 of the Proposed Order.  Paragraph 13 tracks the language of the bar order required by Section 21D of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(f)(7)(A).  Paragraph 14 is a state-law contribution bar, referring expressly to New York's General Obligations Law § 15-108 and Delaware's Uniform Contribution Among Tort-feasors Law, 10 Del. C. § 6304.  Paragraph 15 is a federal securities bar, in accordance with *Gerber*.  Given their potentially different scopes, it is standard in securities class actions to enter these three types of bar orders.  *See In re PNC Fin. Servs. Group, Inc. Sec. Litig.*, 440 F. Supp. 2d 421, 439-40 (W.D. Pa. 2006).

The Greenberg Group attaches a redline of proposed revisions to Paragraphs 13 to 15 in Exhibit A to its objection, but offers no argument whatsoever in support of the redline.  None of the proposed revisions is so much as mentioned—let

alone explained or justified—in the body of the Greenberg Group's objection. Neither PwC nor this Court should be put to the burden of puzzling through the revisions in the redline and guessing why they may have been proposed. *See* 7B Wright & Miller, *Federal Practice and Procedure* § 1797.1, at 113 (3d ed. 2005) ("Only clearly presented objections by those who will be bound by the settlement will be considered."). Accordingly, the Greenberg Group's proposed revisions should be rejected.

Notwithstanding the lack of any argument regarding the redlined changes, review of the Greenberg Group's redline demonstrates that none of the revisions is necessary or justified:

- The Greenberg Group's proposed revisions to Paragraphs 13 (the PSLRA bar) and 14 (the state-law bar) would add the phrase "arising out of this Action (that is, any contribution claim in which a party's damages are measured by its liability or settlement payment to the Settlement Class in this Action)". This language does not appear in the PSLRA or in the New York or Delaware contribution statutes, and is therefore unnecessary. Adding the Greenberg Group's language, which appears to relate to *Gerber*, to Paragraphs 13 and 14 would improperly collapse the PSLRA bar and the state-law bar into the *Gerber* bar.

- In Paragraph 15 (the *Gerber* bar), the Greenberg Group would replace "claims based on any person or entity's liability to Lead Plaintiffs, the Settlement Class or Class Members" with "claims where the injury to the Released Person is any person or entity's liability to Lead Plaintiffs, the Settlement Class or Class Members". The bar order as written is taken directly from *Gerber*, 329 F.3d at 305 ("based on the non-settling defendants' liability to the plaintiffs"), and therefore no change is warranted. Moreover, the Greenberg Group's proposed language is nonsensical, as it adds a requirement of "injury to the Released Person" (where the term "Released Person" is defined to mean PwC and related entities and individuals), when the claims to be barred are claims where the injury is to non-settling defendants, not to Released Persons. *See id.* at 306 ("claims where the harm to the non-settling defendants is based on their liability to the plaintiffs").

- Also in Paragraph 15, the Greenberg Group proposes to add the phrase "in this Action" and to remove the phrase "monies paid for the benefit of, or distributed to, Lead Plaintiffs, the Settlement Class or Class Members". Because "monies paid for the benefit of, or distributed to," members of the

4

> proposed plaintiff class "relating to the acts and transactions that are the subject of the Actions" inure to their benefit and reduce their claimed damages regardless of whether those monies are paid to settle this action or a related action, claims based on those payments properly are within the scope of the bar order under *Gerber*.

- Also in paragraph 15, the Greenberg Group would strike the references to the two pending shareholder derivative actions on behalf of AIG against PwC and other defendants (including Defendants Greenberg and Smith). Among the damages claimed in the derivative action pending before the Delaware Chancery Court are costs associated with AIG being "named as a defendant in numerous lawsuits", including the instant securities action and related proceedings. (Delaware Compl. ¶ 71.) Similarly, plaintiffs in the S.D.N.Y. derivative action seek damages on account of costs relating to regulatory investigations and "the huge expense and ultimate damages to flow from a series of huge class action suits against" AIG. (S.D.N.Y. Compl. ¶ 504.) Because AIG is a non-settling defendant in this action, and the pending derivative actions include claims "where the harm to the non-settling defendants [here, AIG] is based on their liability to the plaintiffs", *Gerber*, 329 F.3d at 306, the settling parties specifically identified the derivative actions in Paragraph 15 out of an abundance of caution, so as to ensure that AIG and the shareholder plaintiffs in those actions were on notice of the potential effect of the bar order here.[2]

- Finally, the Greenberg Group proposes to strike the entire last sentence of Paragraph 15, which reads, "Accordingly, to the fullest extent allowed by law, the Court hereby bars all such claims: (a) against the Released Persons; and (b) by the Released Persons against any person or entity." This proposal makes no sense, as it would retain the release in the first sentence of Paragraph 15, but strike the corresponding bar order. The sentence at issue is the *Gerber* bar. The Greenberg Group's proposal to strike that sentence is directly contrary to the concession in its objection that PwC is entitled to a *Gerber* bar. (*See* Greenberg Objection at 1.)

The lack of argument in support of the Greenberg Group's objection may be explained by the Greenberg Group's request that, rather than modify the Proposed Order, the Court declare that the Greenberg Group and other non-settling defendants would be entitled to similar bar orders. Since the Proposed Order comports with *Gerber*, PwC sees no reason why non-settling defendants should not be able to negotiate similar

---

[2] As noted above, AIG has not objected to entry of the proposed bar order.

bar orders and present them to the Court for approval.  But the circumstances of any future settlement are of course impossible to predict, and the Greenberg Group's request for what amounts to an advisory opinion from this Court seems premature.  PwC respectfully suggests that the Greenberg Group's concerns about the scope of bar orders affecting them are best addressed if and when members of the Greenberg Group reach a settlement with the plaintiff class.

## Conclusion

PwC therefore respectfully requests the Court to deny the Greenberg Group's limited objection, and for the reasons stated herein and in the other papers in support of the Settlement Agreement to find under Fed. R. Civ. P. 23(e) that the settlement between Lead Plaintiff and PwC is fair, reasonable and adequate, and to enter the Proposed Order.

Dated:  January 13, 2009

CRAVATH, SWAINE & MOORE LLP

by   __/s/ Antony L. Ryan_____
          Thomas G. Rafferty
          Antony L. Ryan

Worldwide Plaza
   825 Eighth Avenue
      New York, NY 10019
         (212) 474-1000

*Attorneys for Defendant
PricewaterhouseCoopers LLP*