# Exhibit 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- x
                                                           :
                                                           :   **ECF CASE**
IN RE AMERICAN INTERNATIONAL                               :
GROUP, INC. SECURITIES LITIGATION                          :   Master File No. 04 Civ. 8141 (DC) (AJP)
                                                           :
This Document Relates To:  All Actions                     :
                                                           :
---------------------------------------------------------- x

## DECLARATION OF JULIE E. BECKER, ESQ.

I, Julie E. Becker, declare as follows under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am General Counsel of the Ohio Public Employees Retirement System ("OPERS" or the "System"), which was appointed Lead Plaintiff in this action on February 8, 2005. OPERS represents more than 908,000 active and retired state public employees. The System's assets totaled more than $69 billion in September 2008, making it the tenth largest pension fund in the United States.

2. I have been the primary counsel overseeing the AIG case throughout the litigation on behalf of OPERS, reporting to the System's Board of Trustees.

3. I respectfully submit this declaration in support of OPERS' application for reimbursement of wages and expenses directly relating to its representation of the Class. The matters testified to herein are based on my personal knowledge and/or discussions with outside counsel (*i.e.*, Labaton Sucharow LLP and Hahn Loeser & Parks LLP) and OPERS employees.

4. Since OPERS' appointment as Lead Plaintiff, the System has been closely involved in the prosecution of this case and the eventual settlement with respect to Defendant PricewaterhouseCoopers LLP ("PwC"). I have regularly communicated with outside counsel,

from initiation of the action to the present, through telephone calls, written correspondence and electronic mail, and in-person meetings in Columbus, Ohio. Outside counsel consulted frequently with me concerning litigation strategy (such as decisions relating to amending the operative complaints, motion practice, discovery issues, mediation and settlement) and kept me well-informed about the progress and status of this case. In addition, I have consulted regularly with the Ohio Attorney General's office regarding this litigation.

5. I have spent at least 178 hours representing the Class in this matter. This time was spent: consulting and strategizing with outside counsel via telephone, electronic mail and in-person meetings; reviewing pleadings, motion papers and other court documents filed on behalf of Lead Plaintiff (including drafts), and such documents filed on behalf of defendants; reviewing correspondence between outside counsel and counsel for defendants; reviewing correspondence to the Court from outside counsel and counsel for defendants; and reviewing and responding to defendants' discovery requests. During this time, I was unable to perform my regular duties on behalf of OPERS. Of that total, 7 hours were specific to issues relating to PwC, including issues related to the PwC mediation and settlement. The remainder of that total, or 171 hours, involved general issues concerning the litigation, which included, in many instances, issues that were relevant to the litigation against PwC.

6. Considering my annual salary, benefits and related administrative overhead, and in view of the number of hours I work on an annual basis, I estimate that the cost to the System for my services is approximately $175 per hour. The cost to the System for the 7 hours I performed specifically related to PwC totals $1,225.00. The cost to the System for the 171 hours I performed on the litigation generally totals $29,925.00.

7. Mark Gleaves is Associate Counsel at OPERS. For a period of roughly three months in 2006 while I was on maternity leave, Mr. Gleaves was the OPERS liaison with outside counsel regarding the prosecution of this litigation. In that capacity, Mr. Gleaves spent at least 12 hours doing so. During that time, he was unable to perform his regular duties on behalf of the System.

8. Considering Mr. Gleaves' annual salary, benefits and related administrative overhead, and in view of the number of hours he works on an annual basis, I estimate that the cost to the System for his services is approximately $150 per hour. The cost to the System for the 12 hours he performed on the litigation generally totals $1,800.00.

9. OPERS employees within the System's investment and related departments (including John Blue, Robert Ball, Anthony Enderle, Susan Sommerfeld, Timothy Steitz, Scott Murray, Timothy Swingle, Jim Wright, Dan Sarver, Alan Davidson, Walter Knox and Jerry May) spent at least 130 hours assisting the prosecution of this case, including searching for relevant documents for production, communicating with me and outside counsel regarding the litigation, meeting with other OPERS employees regarding the System's investments in AIG, meeting with counsel to prepare for depositions, and providing testimony at depositions. During that time, these employees were unable to perform their regular duties on behalf of the System.

10. Considering these employees' annual salaries, benefits and related administrative overhead, and in view of the number of hours they work on an annual basis, we estimate that the cost to the System for their services is approximately $175 per hour. Thus, the cost to OPERS for the hours its investment personnel spent assisting the prosecution of this case totals $22,750.00.

11. OPERS employees within the System's IT department (including Peggy Trump, Kevin Arnold, Lisa Castricone and Mateka Garrison) spent at least 53 hours assisting the prosecution of this case, including searching for relevant electronic documents for production, communicating with me and outside counsel regarding the litigation, meeting with other OPERS employees regarding the System's document retention policies, meeting with counsel to prepare for depositions, and providing testimony at depositions. During that time, these employees were unable to perform their regular duties on behalf of the System.

12. Considering these employees' annual salaries, benefits and related administrative overhead, and in view of the number of hours they work on an annual basis, we estimate that the cost to the System for their services is approximately $65 per hour. Thus, the cost to OPERS for the hours the System's IT personnel spent assisting the prosecution of this case totals $3,445.00.

13. The cost to OPERS for the hours of all the System's employees (legal, investment and IT) on the matters pertaining to the litigation generally totals $57,920.00.

14. Accordingly, I respectfully request that OPERS be awarded $16,144.00 for wages of its employees related to the System's representation of the Class as Lead Plaintiff, broken down as follows:

    a. $1,225.00 attributed to the time I spent on matters directly related to PwC; and

    b. $14,919.00 attributed to the time that I, along with all other OPERS employees, spent on the case generally.

I declare under penalty of perjury that the foregoing is true and correct, within the limits of my knowledge. Executed this 13th day of January 2009.

*Julie E. Becker*
Julie E. Becker