# Exhibit 21

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IN RE GENERAL MOTORS CORP. SECURITIES AND DERIVATIVE LITIGATION | MDL No. 1749<br>Master Case No. 06-md-1749<br>Hon. Gerald E. Rosen<br>This Document Relates to:<br>2:06-cv-12258-GER<br>2:06-cv-12259-GER |

_____ /

**ORDER APPROVING ATTORNEYS' FEES AND EXPENSES
AND AWARDING COSTS AND EXPENSES TO NAMED AND LEAD PLAINTIFFS**

This matter came on for hearing on December 22, 2008 (the "Final Approval Hearing"), and for a supplemental hearing on January 6, 2009 (the "Supplemental Fairness Hearing") to consider any objections received as a result of the Supplemental Notice to the Class ordered by this Court on December 15, 2008, upon the application of the parties for approval, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, of the Settlement set forth in the Stipulation and Agreement of Settlement dated September 16, 2008 (the "Stipulation") resolving the above-captioned action (the "GM Securities Action"), and which, along with the defined terms therein, is incorporated herein by reference; and for approval of Co-Lead Counsels' Motion for (I) Award of Attorneys' Fees and Reimbursement of Expenses (the "Fee Request") and for (II) Awards to Lead and Named Plaintiffs (the "Costs Awards"), and the Court having considered all papers and arguments submitted in favor of and in opposition to the Fee Request and Costs Awards, and otherwise being fully informed in the premises and good cause appearing therefor,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. The Court, for purposes of this Order, adopts all defined terms as set forth in the Stipulation.

2. Pursuant to and in compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finds that notice of the Final Approval Hearing (the "Notice") was given in accordance with the Court's Order of Preliminary Approval and for Notice and Hearing dated September 23, 2008 (the "Preliminary Approval Order") and its Order dated December 16, 2008 regarding the Supplemental Notice to members of the Class as certified by the Court in the Preliminary Approval Order, advising them of Co-Lead Counsels' intention to seek (1) the Fee Request and (2) the Costs Awards, and of their right to object thereto, and a full and fair opportunity was accorded to all Class Members to be heard with respect to the Fee Request and the Costs Awards, and that said notice was the best notice practicable and was adequate and sufficient.

3. In response to the Notice, there were the following objections to the Fee Request filed or asserted by apparent class members, as follows: (1) the Pennsylvania State Employees' Retirement System ("SERS"); (2) Independent Fiduciary Services ("IFS"), which is the fiduciary for several trusts through which GM employee benefit plans are funded; (3) Mildred Terry Warren; (4) Gregg Geanuracos; (5) Larry Banks; (6) Hans Klar; (7) Merle and Martha Likins; (8) Rick Jasinski; (9) Glenn Brewer and Elise Fitzgerald; (10) Masako Nakata; (11) Michael and Babette Rinis; (12) Paul Garrett; (13) Peter Spitalieri; and (14) Norman Mintz (collectively, the "Fee Objectors"), and of these, IFS was the only objector to complain about the Costs Awards.

4. The Court has fully considered the submissions and arguments made in favor of and opposition to the Fee Request and the Costs Awards.

5. Co-Lead Counsel are hereby awarded: (i) attorneys' fees of 15% of the Gross Settlement Fund, plus interest earned thereon at the same rate as the Class; and (ii) reimbursement of litigation costs and expenses in the amount of $1,524,929.02, plus interest

2

earned thereon at the same rate as the Class. Immediately after the date this Order is entered, the awarded attorneys' fees and expenses shall be paid from the Gross Settlement Fund to Co-Lead Counsel in accordance with the terms, conditions, and obligations set forth in the Stipulation. The awarded attorneys' fees shall be allocated to the various other plaintiffs' counsel by Co-Lead Counsel in amounts that in Co-Lead Counsels' sole discretion reflect the work performed by each non-lead counsel, as well as each non-lead counsel's contribution to the institution, prosecution and resolution of this case.

6. Lead Plaintiffs Deka Investment GmbH and Deka International S.A. Luxembourg are collectively awarded $184,205, a fair and reasonable amount under the circumstances, as reimbursement for their active assistance in prosecuting this matter and for their costs incurred in representing the Class. The Court directs that such award be paid from the Gross Settlement Fund.

7. The seven Additional Named Plaintiffs, Claudia Polvani, Costantino Forlano, J. Bryan Dewell, Dan Cleveland, Mark and Ruth Koppelman, Max Marcus Katz on behalf of the Max Marcus Katz Pension & Profit Sharing Plan dated 12/31/78, and Frankfurt-Trust Investment GmbH are awarded $1,000 each as reimbursement for his, her, or its costs incurred in connection with acting as a plaintiff and Class Representative in this case, which amounts the Court finds to be fair and reasonable.

8. Based upon the evidence and pleadings submitted to the Court, the records at the Final Fairness Hearing and the Supplemental Fairness Hearing and all papers on file in this matter, the Court believes, and hereby finds, that the attorneys' fees and reimbursement of expenses awarded herein are fair and reasonable under the circumstances of the GM Securities Action. In making this award, the Court has considered the factors considered by courts in the

3

Sixth Circuit to be relevant to the determination of an appropriate fee in common fund cases and finds that:

      (a)    the Settlement provides for an excellent recovery, one of the largest securities class action settlements ever obtained within this Circuit, with a cash value of $303,000,000, plus interest, and that numerous Class Members will benefit from the Gross Settlement Fund created through the efforts of Co-Lead Counsel;

      (b)    Over 829,000 copies of the Notice were disseminated to putative Class Members stating that Co-Lead Counsel were moving for an award of attorneys' fees of up to 19% of the Gross Settlement Fund, plus interest earned at the same rate as the Class, and for reimbursement of additional costs and expenses in an amount not to exceed $1.75 million, plus interest earned at the same rate as the Class, with the attorneys' fees and expenses awarded herein being less than the maximum fees or expense reimbursements requested by Co-Lead Counsel as set forth in the Notice;

      (c)    The Court has found the Settlement to be fair, reasonable and adequate;

      (d)    Co-Lead Counsels' Fee Request as a percentage of the Gross Settlement Fund is consistent with the prevailing law of the Sixth Circuit;

      (e)    The GM Securities Action involved numerous difficult issues related to liability and damages, and there was a substantial risk of a lesser recovery or no recovery for the Class;

      (f)    Co-Lead Counsel achieved this Settlement with skill, perseverance, and diligent advocacy for the Class;

      (g)    Had Co-Lead Counsel not achieved the Settlement, there would remain a significant risk that Lead Plaintiffs and the Class may have recovered less or nothing from

4

Defendants, particularly from GM, which has needed a massive multi-billion dollar federal bailout;

(h) Co-Lead Counsel pursued this Action on a contingent basis, having received no compensation during the litigation in which they and other plaintiffs' counsel invested almost 25,000 hours of time, and any fee award has always been at risk and completely contingent on the result achieved;

(i) The time spent working on this case was at the expense of time that could have been spent on other cases;

(j) The Fee Request is supported by the Court-appointed institutional Lead Plaintiffs;

(k) A fee award under the percentage of the fund method is appropriate, and an award of 15% of the common fund recovered for the Class in attorneys' fees is reasonable and, in fact, less than awards in similarly complex cases in this jurisdiction;

(l) Lead Counsels' request for reimbursement of expenses is reasonable in light of Lead Counsels' duties to ensure full prosecution of the claims alleged in the Complaint; and

(m) This Settlement was negotiated at arm's-length, and no evidence of fraud or collusion has been presented.

5

6

9. There is no just reason for delay in the entry of this Order, and immediate entry of this Order by the Clerk of the Court is expressly directed.

                s/Gerald E. Rosen
                Gerald E. Rosen
                Chief United States District Judge

Dated: January 6, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 6, 2009, by electronic and/or ordinary mail.

                s/LaShawn R. Saulsberry
                Case Manager

710380 v1
[12/29/2008 11:53]