# Exhibit 22

Case 1:04-cv-08141-DAB  Document 472-25  Filed 01/20/09  Page 2 of 3
Case 3:00-cv-01990-SRC-JJH  Document 367  Filed 05/11/2006  Page 1 of 2
Case 3:00-cv-01990-SRC-JJH  Document 362-14  Filed 05/04/2006  Page 1 of 2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

IN RE BRISTOL-MYERS SQUIBB SECURITIES
LITIGATION

Civil Action No. 00-1990 (SRC)

RECEIVED
MAY 1 1 2006
AT 8:30 _____ M
WILLIAM T. WALSH
CLERK

### ORDER APPROVING ATTORNEYS' FEES AND EXPENSES AND LEAD PLAINTIFF'S COSTS DIRECTLY RELATED TO ITS REPRESENTATION OF THE CLASS

WHEREAS, the Court, having considered the Stipulation And Agreement Of Settlement by and among Lead Plaintiff, Amalgamated Bank as trustee of the LongView Collective Investment Fund ("LongView" or "Lead Plaintiff"), and Defendants Bristol-Myers Squibb Company, Peter Dolan, Charles Heimbold and Peter Ringrose, and plaintiffs' counsel's application for attorneys' fees and reimbursement of their expenses, and LongView's application for reimbursement of its costs; and

WHEREAS, the Court, having conducted a Settlement Hearing concerning the fairness of the proposed Settlement, and plaintiffs' counsel's application for attorneys' fees and reimbursement of their expenses, and LongView's application for reimbursement of its costs; and

WHEREAS, the Court, having reviewed the entire record of the action, including the declarations submitted on behalf of Lead Plaintiff detailing the cost of its lost working time directly resulting from its representation of the Class,

THE COURT FINDS that:

Based on such factors as the successful result obtained for the Class, the percentage fee awarded in similar cases, the fact that the fee has been entirely contingent, the time, labor and

Case 1:04-cv-08141-DAB   Document 472-25   Filed 01/20/09   Page 3 of 3
Case 3:00-cv-01990-SRC-JJH   Document 367   Filed 05/11/2006   Page 2 of 2
Case 3:00-cv-01990-SRC-JJH   Document 362-14   Filed 05/04/2006   Page 2 of 2

skill that has been required on the part of plaintiffs' counsel and the considerable experience, reputation and ability of Lead Counsel, Labaton Sucharow & Rudoff LLP, and of Liaison Counsel, Lite DePalma Greenberg & Rivas, LLC, plaintiffs' counsel should be awarded attorneys' fees of 19.77% of the gross Settlement Fund, or $36,587,824, plus interest earned thereon until disbursed, at the same rate as that earned on the Settlement Fund; and

Plaintiffs' counsel's litigation expenses, in the total amount of $3,607,925.92, are reasonable expenses of the kind customarily charged to clients, and were necessarily incurred to obtain the Settlement herein; and

Pursuant to the Private Securities Litigation Reform Act (the "PSLRA"), 15 U.S.C. § 78u-4(a)(4), the expenses that Lead Plaintiff requests to be reimbursed, in the amount of $58,948.64.00, directly relate to its representation of the Class, and are reasonable; and therefore,

IT IS HEREBY ORDERED that:

1. Lead Counsel shall be awarded a fee of 19.77% of the gross Settlement Fund, or $36,587,824.00, and reimbursed $3,607,925.92 from the Settlement Fund for litigation expenses and the cost of giving notice to the Class, plus interest earned thereon until disbursed, at the same rate as that earned on the Settlement Fund; and

2. Pursuant to the PSLRA, 15 U.S.C. § 78u-4(a)(4), Lead Plaintiff LongView shall be reimbursed $58,948.64.00 for its costs directly relating to its representation of the Class, plus interest earned thereon until disbursed, at the same rate as that earned on the Settlement Fund.

Dated: Trenton, New Jersey
May __/2006

_____
Honorable Stanley R. Chesler
United States District Judge

2