ORIGINAL



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/2/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————— x

IN RE AMERICAN INTERNATIONAL : ECF CASE
GROUP, INC. SECURITIES LITIGATION :
: Master File No. 04 Civ. 8141 (DAB) (AJP)
This Document Relates To: :
All Actions : SETTLEMENT AGREEMENT
: CONFIDENTIALITY
: STIPULATION AND ORDER

————————————————————— x

IT IS HEREBY STIPULATED AND AGREED, by and between counsel for the Ohio Public Employees Retirement System, State Teachers Retirement System of Ohio, and Ohio Police & Fire Pension Fund (collectively, the "Lead Plaintiff"), on behalf of the Settlement Class (as defined in the Contingent Agreement of Compromise and Settlement ("Settlement Agreement"), and Maurice R. Greenberg, Howard I. Smith, Christian M. Milton, Michael J. Castelli, C.V. Starr & Co., Inc., and Starr International Company, Inc. (collectively, the "Starr Defendants"), parties to the above-captioned action (the "Action"), subject to the approval of the Court, that the following Stipulation and Order shall govern the *proposed draft* Settlement Agreement and the Tolling Agreement, dated September 21, 2009 ("Tolling Agreement"). **MEMO ENDORSED**

MEMO ENDORSED
DAB
10/2/09

1. For purposes of this Stipulation and Order, "Confidential Information" means the *proposed draft* Settlement Agreement and the Tolling Agreement.

2. Confidential Information shall only be disclosed to those persons identified in paragraph 3 below. All persons receiving Confidential Information shall be bound by the terms hereof. If any person violates or threatens to violate any of the terms hereof, the aggrieved party may seek any appropriate relief in this Court.

MICROFILMED OCT - 5 2009 ~3 ᴾᴹ

MEMO ENDORSED

3. Any party receiving Confidential Information may disclose it as required by law, or make available such information only to the following persons upon execution of the Agreement to Be Bound by Stipulation And Order, attached hereto as Exhibit A, by such persons:

    (a) this Court *in camera*;

    (b) Lead Plaintiff, the Starr Defendants, and their respective counsel;

    (c) any Directors and Officers Liability Insurance Carriers ("Insurance Carriers") for the Starr Defendants, but no more than two representatives of each carrier, provided that Insurance Carriers sign and agree to the attached Agreement to be Bound by Stipulation and Order;

    (d) any regulators to whom it is necessary to provide disclosures, provided that said regulators sign and agree to the attached Agreement to be Bound by Stipulation and Order;

    (e) former Judge Layn R. Phillips; and,

    (f) orally, to certain business partners of the Starr Defendants, under the procedures created for such disclosure.

4. All persons who have received Confidential Information shall take reasonable steps to safeguard such information so as to avoid its disclosure to persons who are not eligible to receive it.

5. If Confidential Information is ordered by the Court to be filed, it shall be placed in sealed envelopes or other appropriately sealed containers, bearing the caption of the action and a notation to the effect that the information contained therein is Confidential and is subject to this Stipulation and Order, which shall be filed under seal and kept under seal until further order of the Court.

6. If a party or non-party who has received Confidential Information pursuant to this Stipulation (the "Receiver") is served with a lawful subpoena or other

compulsory process requiring the disclosure of Confidential Information, the party or non-party receiving such subpoena or process shall give notice thereof to counsel for Lead Plaintiff and counsel for the Starr Defendants, (the "Designators"), as soon as practicable and in any event within two business days of receiving the subpoena or process, by electronic mail or facsimile, indicating that Confidential Information is sought and furnishing the Designators with a copy of the subpoena or other compulsory process so as to afford the Designators a reasonable opportunity to seek a protective order. The party from whom disclosure is sought will respond reasonably to any inquiry by the Designators regarding the scope of the intended disclosure. If the Designators move for a protective order within the response time provided on the subpoena or process or any extended response time, the Receiver shall not thereafter produce such Confidential Information except pursuant to a court order requiring compliance with the subpoena or other compulsory process.

7. If Confidential Information is produced pursuant to subpoena or other compulsory process, it shall continue to be treated as Confidential Information by all persons subject to this Stipulation and Order unless and until this Court otherwise directs.

8. In the event of an inadvertent disclosure of Confidential Information to a person not authorized by this Stipulation to receive such materials, the party making the inadvertent disclosure shall, upon learning of the disclosure:

    (a) promptly notify the person to whom the disclosure was made that it contains Confidential Information subject to this Stipulation;

    (b) promptly make reasonable efforts to obtain the return of the Confidential Information from and preclude its dissemination or use by the person to whom disclosure was inadvertently made; and

    (c) within two business days, serve the producing party with a written notice stating the identity of the person to whom the disclosure was made, the nature of and circumstances surrounding

the disclosure and the steps taken to obtain the return of the improperly disclosed Confidential Information and to ensure against their further dissemination or use.

9.  Not withstanding any provision to the contrary in the Confidentiality Stipulation and Order entered by the Court on October 24, 2006 (the "Confidentiality Order"), Defendants Greenberg and Smith shall have the right to use any documents or depositions designated as Confidential Discovery Material pursuant to the Confidentiality Order for purposes of arbitration with American International Group, Inc. ("AIG") of claims between AIG and Messrs. Greenberg and Smith concerning any of the subject matters at issue in this litigation (the "Arbitration"). Paragraph 8 of the Confidentiality Order shall be amended to allow the following additional persons access to the Confidential Discovery Materials, upon execution of the Agreement to Abide by the Confidentiality Stipulation and Order attached as Exhibit A to the Confidentiality Order:

(a) the arbitrator in the Arbitration

(b) persons being deposed in or testifying at the Arbitration and prospective deponents or witnesses, and their counsel, during the course of depositions or testimony in the Arbitration or to the extent necessary, in preparation for such deposition or testimony in either of these Actions, provided, however, that a person identified solely in this subparagraph shall not be permitted to retain copies of such Confidential Discovery Material;

(c) expert witnesses or consultants who are employed or retained by AIG, or Messrs. Greenberg or Smith in connection with the Arbitration, provided their counsel, in good faith, requires their assistance in connection with the Arbitration, and further provided that any report created by such expert or consultant relying on or incorporating Confidential Discovery Material in whole or in part shall be designated as "Confidential" under the Confidentiality Order by the party responsible for its creation;

(d) insurance companies or other indemnitors of AIG, Mr. Greenberg or Mr. Smith that are providing coverage for claims in the Arbitration;

(e) outside vendors, to the extent necessary for the conduct of the Arbitration.

10. The signatories may modify the provisions of this Stipulation and Order at any time by written stipulation and Court order, except that the parties may extend by written agreement any of the time limits contained herein without approval of the Court.

11. This Stipulation and Order shall be effective immediately and shall survive the conclusion of this litigation.

12. The attorneys of record are responsible for employing reasonable measures to control, consistent with this Order, duplication of, access to, and distribution of copies of Confidential Information.

IT IS SO STIPULATED.

Dated: September 21, 2009

LABATON SUCHAROW LLP

By: _____
Thomas A. Dubbs (TD 9658)
Louis Gottlieb (LG 9169)
140 Broadway
New York, New York 10005
(212) 907-0700
(212) 818-0477 (Fax)

COUNSEL FOR LEAD PLAINTIFF AND THE CLASS

Dated: September 21, 2009

BOIES SCHILLER & FLEXNER LLP

By: _____
    Robert J. Dwyer
    Nicholas A. Gravante
575 Lexington Avenue, 7th floor
New York, NY 10022
Tel: (212) 446-2300
Fax: (212) 446-2350

COUNSEL FOR MAURICE R. GREENBERG, C.V. STARR & CO., INC., AND STARR INTERNATIONAL COMPANY, INC.

Dated: September ___, 2009

WINSTON & STRAWN LLP

By: _____
    Vincent A. Sama
    Jeffrey Burke
200 Park Avenue
New York, NY 10166-4193
Tel: (212) 294-6700
Fax: (212) 294-4700

COUNSEL FOR HOWARD I. SMITH

Dated: September ___, 2009

HAFETZ & NECHELES

By: _____
    Frederick P. Hafetz
    Tracy E. Sivitz
500 5th Ave, 29th Floor
New York, NY 10110
Tel: (212) 997-7595
Fax: (212) 997-7646

COUNSEL FOR CHRISTIAN M. MILTON

Dated: September ___, 2009   BOIES SCHILLER & FLEXNER LLP

By: _____
   Robert J. Dwyer
   Nicholas A. Gravante
   575 Lexington Avenue, 7th floor
   New York, NY 10022
   Tel: (212) 446-2300
   Fax: (212) 446-2350

   COUNSEL FOR MAURICE R. GREENBERG,
   C.V. STARR & CO., INC., AND STARR
   INTERNATIONAL COMPANY, INC.

Dated: September 2), 2009   WINSTON & STRAWN LLP

By: _____
   Vincent A. Sama
   Jeffrey Burke
   200 Park Avenue
   New York, NY 10166-4193
   Tel: (212) 294-6700
   Fax: (212) 294-4700

   COUNSEL FOR HOWARD I. SMITH

Dated: September ___, 2009   HAFETZ & NECHELES

By: _____
   Frederick P. Hafetz
   Tracy E. Sivitz
   500 5th Ave, 29th Floor
   New York, NY 10110
   Tel: (212) 997-7595
   Fax: (212) 997-7646

   COUNSEL FOR CHRISTIAN M. MILTON

Dated: September ___, 2009         BOIES SCHILLER & FLEXNER LLP

By: _____
    Robert J. Dwyer
    Nicholas A. Gravante
    575 Lexington Avenue, 7th floor
    New York, NY 10022
    Tel: (212) 446-2300
    Fax: (212) 446-2350

    COUNSEL FOR MAURICE R. GREENBERG,
    C.V. STARR & CO., INC., AND STARR
    INTERNATIONAL COMPANY, INC.

Dated: September ___, 2009         WINSTON & STRAWN LLP

By: _____
    Vincent A. Sama
    Jeffrey Burke
    200 Park Avenue
    New York, NY 10166-4193
    Tel: (212) 294-6700
    Fax: (212) 294-4700

    COUNSEL FOR HOWARD I. SMITH

Dated: September 21, 2009         HAFETZ & NECHELES

By: /s/ Frederick P. Hafetz
    Frederick P. Hafetz
    Tracy E. Sivitz
    500 5th Ave, 29th Floor
    New York, NY 10110
    Tel: (212) 997-7595
    Fax: (212) 997-7646

    COUNSEL FOR CHRISTIAN M. MILTON

Dated: September 21, 2009

DECHERT LLP

By: _____
Charles I. Poret
1095 Avenue of the Americas
New York, NY 10036-6797
Tel: (212) 698-3500
Fax: (212) 698-3599

COUNSEL FOR MICHAEL J. CASTELLI


SO ORDERED this 2ND day of October, 2009.

_____
Hon. Deborah A. Batts
United States District Judge