# EXHIBIT E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE AMERICAN INTERNATIONAL
GROUP, INC. SECURITIES LITIGATION

Master File No. 04 Civ. 8141 (JES)

## PRELIMINARY APPROVAL ORDER

WHEREAS:

A. The Ohio Public Employees Retirement System, State Teachers Retirement System of Ohio and Ohio Police & Fire Pension Fund (collectively the "Lead Plaintiff") and PricewaterhouseCoopers LLP ("PwC") (Lead Plaintiff and PwC collectively, the "Settling Parties"), by and through their respective counsel, have entered into a settlement of the claims asserted against PwC in the above-captioned class action (the "Action"), the terms of which are set forth in an Agreement of Compromise and Settlement (the "Agreement"), dated as of September 29, 2008;

B. The Settling Parties have moved, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for an Order preliminarily approving the Agreement; certification by the Court of a Settlement Class solely for the purposes of settlement; and providing for notice to potential members of the Settlement Class; and

C. The Court has read and considered the Agreement and exhibits thereto, including the proposed Notice, the proposed Summary Notice, the proposed Proof of Claim, and the proposed Final Judgment, and found that substantial and sufficient grounds exist for entering this Order;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court, for purposes of this Order, adopts all defined terms as set forth in the Agreement. Any inconsistencies between the Agreement and the Notice will be controlled by the language of the Agreement.

2. The Court hereby certifies the following class for the purposes of settlement only (the "Settlement Class"), pursuant to Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure: all persons who purchased or otherwise acquired AIG Securities during the period from October 28, 1999 through April 1, 2005, inclusive (the "Class Period"), including all persons and entities who held the common stock of HSB Group, Inc. ("HSB") at the time HSB was acquired by AIG in a stock for stock transaction, and all persons and entities who held the common stock of American General Corporation ("AGC") at the time AGC was acquired by AIG in a stock for stock transaction, and who were damaged thereby. Excluded from the Settlement Class are (i) the Defendants, as named in the Consolidated Third Amended Class Action Complaint (the "Complaint") in this Action; (ii) the immediate families of the Individual Defendants identified in the Complaint; (iii) any parent, subsidiary, affiliate, officer, or director of AIG; (iv) any putative Class Members who exclude themselves by filing a request for exclusion in accordance with the requirements set forth in the Notice and do not thereafter rescind such request; (v) any entity in which any excluded person has a controlling interest; and (vi) the legal representatives, heirs, successors and assigns of any excluded person.

3. The Court finds and concludes that the prerequisites to class action certification under Fed. R. Civ. P. 23(a) and 23(b)(3) have been satisfied for the Settlement Class defined herein, in that:

    (a) the members of the Settlement Class are so numerous that joinder of all Class Members is impracticable;

  (b) there are questions of law and fact common to the Class Members;

  (c) Lead Plaintiff's claims are typical of the Settlement Class's claims;

  (d) Lead Plaintiff and its counsel have fairly and adequately represented and protected the interests of the Settlement Class;

  (e) the questions of law and fact common to the Class Members predominate over any individual questions; and

  (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering that the claims of Class Members in the Action are substantially similar and would, if tried, involve substantially identical proofs and may therefore be efficiently litigated and resolved on an aggregate basis as a class action; the amounts of the claims of many of the Class Members are too small to justify the expense of individual actions; and it does not appear that there is any intent among Class Members in individually controlling the litigation of their claims.

  4. The Court hereby finds that Lead Plaintiff is an adequate representative of the Settlement Class and certifies it as class representative for the Settlement Class.

  5. The Court preliminarily approves the Agreement as being fair, reasonable and adequate, subject to further consideration at a hearing to be held before this Court on January 20, 2009 at 3:00 p.m. (the "Fairness Hearing") to determine whether the proposed settlement of the Action on the terms and conditions provided for in the Agreement is fair, reasonable and adequate and should be approved by the Court; whether a judgment as provided in Paragraph XI.M of the Agreement should be entered herein; whether the Settlement Class should be certified, whether the proposed plan of allocation is reasonable and should be approved; whether Lead Plaintiff's counsel's application for an Attorneys' Fees and Expenses Award should be

granted; and whether Lead Plaintiff's application for reimbursement of costs and expenses incurred as a result of its representation of the Settlement Class should be approved.

6. The Court approves the form of the Notice and approves for publication the form of the Summary Notice, attached hereto as Exhibits 1 and 3 and finds that the mailing and distribution of the Notice and publishing of the Summary Notice meet the requirements of Rule 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled to notice.

7. The Court approves the appointment of Complete Claim Solutions, LLC as the Administrator.

8. AIG shall provide Lead Plaintiff's counsel with information obtainable by reasonable efforts identifying, by name and address, the persons and entities who were shareholders during the Class Period, including banks, brokerage firms, institutions and other nominees and record owners.

9. Lead Plaintiff's counsel shall cause the Notice and the Proof of Claim, substantially in the forms annexed hereto as Exhibits 1 and 2, to be mailed, by first-class mail, postage prepaid, on or before October 20, 2008 ("Notice Date"), to all Class Members at the address of each such person as set forth in the records of AIG or its transfer agent, or who otherwise can be identified through reasonable effort. Lead Plaintiff's counsel shall, at or before the Fairness Hearing, file with the Court proof of mailing of the Notice and Proof of Claim.

10. Lead Plaintiff's counsel shall cause the Summary Notice, substantially in the form annexed hereto as Exhibit 3, to be published in *The Wall Street Journal* and on PR Newswire and Bloomberg News Service, once each on separate days, within fourteen (14) days

of the Notice Date. Lead Plaintiff's counsel shall, at or before the Fairness Hearing, file with the Court proof of publication of the Summary Notice.

11. Lead Plaintiff's counsel or its agents shall be responsible for the receipt of all Proofs of Claim, objections and requests for exclusion and, until further order of the Court, shall preserve all Proofs of Claim, objections and requests for exclusion from putative Class Members, nominees or any other person in response to the Notice.

12. Lead Plaintiff's counsel shall use reasonable efforts to give notice to nominee owners such as brokerage firms and other persons or entities who purchased AIG common stock during the Class Period as record owners but not as beneficial owners. Such nominees who hold or held AIG common stock for beneficial owners who are members of the Settlement Class are directed (a) to provide the Administrator with lists of the names and last known addresses of the beneficial owners for whom they purchased AIG Securities during the Class Period within seven (7) days of receipt of the Notice, or (b) to send the Notice and Proof of Claim to the beneficial owners. If the nominee owner elects to send the Notice and Proof of Claim to the beneficial owners, the nominee owner is directed (i) to request additional copies of the Notice and proof of Claim within seven (7) days of receipt of the Notice, and (ii) to mail the Notice and Proof of Claim within seven (7) days of receipt of the copies of the Notice from the Administrator, and upon such mailing the nominee owner shall send a statement to the Administrator confirming that the mailing was made as directed. Such nominee owners shall be reimbursed from the Cash Settlement Account, after receipt by the Administrator of proper documentation, for the reasonable expenses of sending the Notice and Proof of Claim to the beneficial owners.

13. The reasonable costs of notification to Class Members of the Agreement, including printing, mailing and publication of all required notices, shall be paid out of the Cash Settlement Account. In accordance with Paragraph I.A.4 of the Agreement, Lead Plaintiff's counsel may draw up to $2,500,000 from the Cash Settlement Account to pay the reasonable costs of notice and settlement administration without further Order of the Court.

14. Lead Plaintiff's counsel and its agents are authorized and directed to undertake the actions contemplated by paragraph I.B.2 of the Agreement, including the payment or reimbursement of any Tax Expenses out of the Cash Settlement Account and the preparation of tax returns, without further Order of the Court.

15. All putative members of the Settlement Class who do not request exclusion from the Settlement Class at least twenty-one (21) days prior to the Fairness Hearing, and in the form and manner set forth in the Notice will be bound by the Agreement, and by any judgment or determination of the Court affecting the Settlement Class.

16. Putative Class Members requesting exclusion from the Settlement Class shall not be entitled to receive any payment out of the Cash Settlement Account as described in the Agreement and Notice.

17. Any Class Member who wishes to participate in the distribution(s) from the Cash Settlement Account must complete and submit a Proof of Claim in accordance with the instructions contained therein. Unless otherwise ordered by the Court, all Proofs of Claim must be completed and submitted no later than one hundred (100) days from the Notice Date. Unless otherwise ordered by the Court, any Class Member who does not complete and submit a valid Proof of Claim within the time provided shall be barred from sharing in the distribution of the Cash Settlement Account.

18. Lead Plaintiff's counsel shall submit papers in support of final approval of the Agreement and its application for an Attorneys' Fees and Expenses Award by no later than one week prior to the date set for the Fairness Hearing.

19. Any putative member of the Settlement Class who has not requested exclusion from the Settlement Class may appear at the Fairness Hearing to show cause why the proposed Agreement should not be approved as fair, reasonable and adequate and why a judgment should not be entered thereon; *provided, however*, that no putative member of the Settlement Class shall be heard or entitled to contest the approval of the terms and conditions of the Agreement and the Final Judgment to be entered approving the same unless no later than twenty-one (21) days prior to the date set for the Fairness Hearing, such putative Class Member has served by hand, mail or by overnight delivery written objections and copies of any supporting papers and briefs (which must contain proof of all purchases of AIG Securities during the Class Period and price(s) paid) upon each of the following:

Thomas A. Dubbs
Labaton Sucharow LLP
140 Broadway
New York, NY 10005

*Lead Counsel for Lead Plaintiff and the Settlement Class*

Antony L. Ryan
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019

*Counsel for PricewaterhouseCoopers LLP*

and has filed said objections, papers and briefs, showing due proof of service upon Lead Plaintiff's counsel and PwC's counsel, with the Clerk of the United States District Court for the Southern District of New York, 500 Pearl Street, New York, NY 10007-1312. Persons who intend to object to the Agreement and desire to present evidence at the Fairness Hearing must include in their written objections the identity of any witnesses they may seek to call to testify and exhibits they may seek to introduce into evidence at the Fairness Hearing. Any party has the

-7-

right to object to any testimony or other evidence which a person objecting to the Agreement seeks to introduce.

20. Unless the Court otherwise directs, no member of the Settlement Class or other person shall be entitled to object to the Agreement, or the Final Judgment to be entered herein, or otherwise be heard, except by serving and filing written objections as described above. Any person who does not object in the manner prescribed above shall be deemed to have waived such objection in this or any other action or proceeding and shall be bound by all the terms and provisions of the Agreement and by all proceedings, orders and judgment in the Action.

21. The Court expressly reserves the right to adjourn the Fairness Hearing, or any adjournment thereof, without any further notice and to approve the Agreement with modification approved by the Settling Parties and without further notice to members of the Settlement Class.

22. Neither PwC nor PwC's counsel shall have any responsibility for any Plan of Allocation of the Cash Settlement Account or any application for an Attorneys' Fees and Expenses Award submitted by Lead Plaintiff's counsel, and such matters will be considered separately from the fairness, reasonableness and adequacy of the Agreement. Lead Plaintiff's counsel shall be responsible for the apportionment of fees and expenses amongst Lead Plaintiff's counsel.

23. Pending final determination of whether the Agreement should be approved, the Lead Plaintiff, all putative Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts the Released Claims against the Released Parties.

24. The administration of the proposed Agreement and the determination of all disputed questions of law and fact with respect to the validity of any claim or right of any person to participate in the distribution of the Cash Settlement Account shall be under the authority of this Court.

25. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Agreement.

Dated: New York, New York
       October ___, 2008

                                                        _____
                                                        Honorable John E. Sprizzo
                                                        United States District Court for the Southern
                                                        District of New York