```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/16/10
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE AMERICAN INTERNATIONAL
GROUP, INC. SECURITIES LITIGATION

Master File No. 04 Civ. 8141 (DAB)

/DAB/ [PROPOSED] ORDER SETTING A FAIRNESS HEARING WITH RESPECT TO
9/15/10         PRICEWATERHOUSECOOPERS LLP

WHEREAS:

A.  On September 29, 2008, the Ohio Public Employees Retirement System, State Teachers Retirement System of Ohio and Ohio Police & Fire Pension Fund (collectively "Lead Plaintiff"), on behalf of the Settlement Class, and PricewaterhouseCoopers LLP ("PwC") (Lead Plaintiff and PwC collectively, the "Settling Parties"), entered into an Agreement of Compromise and Settlement (the "Agreement") in the above-captioned class action (the "Action");

B.  Pursuant to the Preliminary Approval Order entered on October 14, 2008 (the "Preliminary Approval Order"), the Court ordered that the Notice of Proposed Settlement, Motion for Attorneys' Fees and Expenses Award and Fairness Hearing (the "Notice") and a Proof of Claim ("Proof of Claim"), in the form attached to the Preliminary Approval Order as Exhibits 1 and 2, be mailed by first-class mail, postage prepaid, on or before October 20, 2008 to all putative members of the Settlement Class at the address of each such Person as set forth in the records of American International Group, Inc. ("AIG") or its transfer agent, or who otherwise could be identified through reasonable effort, and that a Summary Notice (the "Summary Notice"), in the form attached to the Preliminary Approval Order as Exhibit 3, be published in

-2-

*The Wall Street Journal*, and on PR Newswire and Bloomberg News Service, once each on separate days, within fourteen (14) days of the mailing of the Notice;

C. As attested by the affidavit of Peter Craig, filed with this Court on January 20, 2009, the provisions of the Preliminary Approval Order as to notice were complied with;

D. The Notice and the Summary Notice advised putative Class Members that any objections to the Agreement and requests for exclusion from the settlement class were required to be filed with the Court by December 30, 2008, and that claims were required to be submitted by January 28, 2009;

E. On January 13, 2009, Lead Plaintiff moved for final approval of the Agreement as set forth in the Preliminary Approval Order;

F. Pursuant to the Preliminary Approval Order, a fairness hearing was scheduled to take place on January 20, 2009 at 3:00 p.m. Pursuant to the Court's Order dated January 14, 2009, the fairness hearing was adjourned sine die. Lead Counsel notified the Settlement Class and all objectors in the form and manner ordered by the Court;

G. On February 22, 2010, the Court issued an opinion certifying a litigation class in this action (the "Litigation Class Opinion");

H. On March 19, 2010, Lead Plaintiff withdrew its motion for final approval of the proposed settlement with PwC without prejudice, to allow Lead Plaintiff and PwC to consider the effect of the Litigation Class Opinion on final approval of the settlement with PwC. On May 17, 2010, Lead Plaintiff and PwC filed a renewed motion for final approval of their settlement;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court, for purposes of this Order, adopts all defined terms as set forth in the Agreement. Any inconsistencies between the Agreement and the Notice will be controlled by the language of the Agreement.

2.  A hearing shall be held before this Court on **11/30/10**, 2010 at **3:00 p**.m. (the "Fairness Hearing") (a) to determine whether the proposed settlement of the Action on the terms and conditions provided for in the Agreement is fair, reasonable and adequate, and should be approved by the Court; (b) to determine whether a Final Judgment as provided in paragraph XI.M of the Agreement should be entered herein; (c) whether the Settlement Class should be certified, for the purposes of the Agreement only; (d) whether the proposed plan of allocation is reasonable and should be approved; (e) whether Lead Plaintiff's counsel's application for an Attorneys' Fees and Expenses Award should be granted; and (f) whether Lead Plaintiff's application for reimbursement of costs and expenses incurred as a result of its representation of the Settlement Class should be approved.

3.  The Court approves the form of the Notice of Fairness Hearing (the "Hearing Notice"), attached hereto as Exhibit 1, and finds that the mailing and publishing of the Hearing Notice as set forth herein meets the requirements of Rule 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice of the Fairness Hearing to all persons entitled to notification of the hearing.

4.  Lead Plaintiff's counsel shall cause the Hearing Notice, attached as Exhibit 1, to be mailed by first-class mail, postage prepaid, on or before **10/15/10** ("Notice Date") to all putative members of the Settlement Class that timely filed objections to the Agreement under the December 30, 2008 deadline, and did not thereafter withdraw their objection, at the address of each such Person as set forth in the records of AIG or its transfer agent, or their counsel if represented by counsel, or who otherwise could be identified through reasonable effort. Lead Plaintiff's counsel shall, at or before the Fairness Hearing, file with the Court proof of mailing of the Hearing Notice.

5. Lead Plaintiff's counsel shall also cause the Hearing Notice to be published in *The Wall Street Journal*, disseminated by PRNewswire and posted on the website of Labaton Sucharow LLP and the Claims Administrator on or before the Notice Date. Lead Plaintiff's counsel shall, at or before the Fairness Hearing, file with the Court proof of publication of the Hearing Notice.

6. Any putative member of the Settlement Class who did not request exclusion from the Settlement Class on or before December 30, 2008 may appear at the Fairness Hearing to show cause why the proposed Agreement should not be approved as fair, reasonable and adequate and why a judgment should not be entered thereon; *provided, however*, that no putative member of the Settlement Class shall be heard or entitled to contest the approval of the terms and conditions of the Agreement and the Final Judgment to be entered approving the same unless no later than twenty-one (21) days prior to the date set for the Fairness Hearing, such putative Class Member has served by hand, mail or by overnight delivery written objections and copies of any supporting papers and briefs (which must contain proof of all purchases of AIG Securities during the Class Period and price(s) paid) upon each of the following:

| | |
|---|---|
| Thomas A. Dubbs | Antony L. Ryan |
| Labaton Sucharow LLP | Cravath, Swaine & Moore LLP |
| 140 Broadway | Worldwide Plaza |
| New York, NY 10005 | 825 Eighth Avenue |
| | New York, NY 10019 |
| *Lead Counsel for Lead Plaintiff and the Settlement Class* | *Counsel for PricewaterhouseCoopers LLP* |

and has filed said objections, papers and briefs, showing due proof of service upon Lead Plaintiff's counsel and PwC's counsel, with the Clerk of the United States District Court for the Southern District of New York, 500 Pearl Street, New York, NY 10007-1312. Persons who intend to object to the Agreement and desire to present evidence at the Fairness Hearing must

include in their written objections the identity of any witness they may seek to call to testify and exhibits they may seek to introduce into evidence at the Fairness Hearing. Any party has the right to object to any testimony or other evidence which a person objecting to the Agreement seeks to introduce.

7. Lead Plaintiff and Lead Counsel shall file any reply papers in further support of the proposed settlement, the proposed plan of allocation or the applications for attorneys' fees and expenses seven (7) days prior to the date set for the Fairness Hearing.

8. Unless the Court otherwise directs, no member of the Settlement Class or other person shall be entitled to object to the Agreement, or the Final Judgment to be entered herein, or otherwise be heard, except by serving and filing written objections as described above. Any person who does not object in the manner prescribed above shall be deemed to have waived such objection in this or any other action or proceeding and shall be bound by all the terms and provisions of the Agreement and by all proceedings, orders and judgment in the Action.

9. The Court expressly reserves the right to adjourn the Fairness Hearing, or any adjournment thereof, to approve the Agreement with modification approved by the Settling Parties, and to modify the Plan of Allocation, without further notice to members of the Settlement Class.

10. Neither PwC nor PwC's counsel shall have any responsibility for any Plan of Allocation of the Cash Settlement Account or any application for an Attorneys' Fees and Expenses Award submitted by Lead Plaintiff's counsel, and such matters will be considered separately from the fairness, reasonableness and adequacy of the Agreement. Lead Plaintiff's counsel shall be responsible for the apportionment of fees and expenses amongst Lead Plaintiff's counsel.

11.     Pending final determination of whether the Agreement should be approved, the Lead Plaintiff, all putative Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts the Released Claims against the Released Parties.

12.     The administration of the proposed Agreement and the determination of all disputed questions of law and fact with respect to the validity of any claim or right of any person to participate in the distribution of the Cash Settlement Account shall be under the authority of this Court.

SO ORDERED.
Dated: New York, New York

_____

*Deborah A. Batts*
HONORABLE DEBORAH A. BATTS
United States District Court       9/15/10
Southern District of New York

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
                                                                 :
IN RE AMERICAN INTERNATIONAL                                     :   Master File No. 04 Civ. 8141 (DAB) (AJP)
GROUP, INC. SECURITIES LITIGATION                                :
                                                                 :   **NOTICE OF FAIRNESS HEARING**
This Document Relates To:  All Actions                           :
                                                                 :
                                                                 :
---------------------------------------------------------------- x

TO:  ALL PERSONS OR ENTITIES WHO PURCHASED OR OTHERWISE
     ACQUIRED PUBLICLY-TRADED SECURITIES ISSUED BY AMERICAN
     INTERNATIONAL GROUP, INC. DURING THE PERIOD FROM OCTOBER 28,
     1999, THROUGH APRIL 1, 2005, INCLUSIVE, (THE "CLASS PERIOD") AND
     WHO WERE DAMAGED THEREBY.

YOU ARE HEREBY NOTIFIED that the Court has preliminarily approved a proposed settlement in the above-captioned action (the "Action") between Lead Plaintiff and one of the defendants, PricewaterhouseCoopers LLP, that would create a Cash Settlement Account of $97.5 million to resolve certain claims asserted in the Action. A hearing will be held before the Honorable Deborah A. Batts, in the United States District Court for the Southern District of New York, United States Courthouse, 500 Pearl Street, New York, New York 10007 at _____ on _____ to determine whether the proposed settlement should be approved by the Court as fair, reasonable and adequate, to consider certification of the proposed Settlement Class, to consider the application of Lead Plaintiff's counsel for attorneys' fees and reimbursement of litigation expenses and to consider the application of Lead Plaintiff for the reimbursement of costs and expenses.  The Court may change the date of the hearing without providing additional notice.

IF YOU PURCHASED OR ACQUIRED AIG SECURITIES DURING THE CLASS PERIOD DESCRIBED ABOVE, YOUR RIGHTS WILL BE AFFECTED BY THE

SETTLEMENT AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT IF YOU SUBMITTED A PROOF OF CLAIM FORM BY JANUARY 28, 2009. If you have not yet received the Notice of Proposed Settlement, Motion for Attorneys' Fees and Expenses Award and Fairness Hearing (the "Notice") and/or Proof of Claim Form, you may obtain copies of these documents by contacting: *In re American International Group, Inc. Securities Litigation- PwC*, c/o Rust Consulting Inc., (888) 356-0263. Copies of the Notice and Proof of Claim Form may also be downloaded from: www.AIGSecuritiesLitigationPwCSettlement.com or www.labaton.com.

The deadline to submit a claim and request exclusion has passed. Any objection to the proposed Settlement, Plan of Allocation, application for attorneys' fees and reimbursement of litigation expenses or the cost and expense application of Lead Plaintiff must be filed with the Court and delivered to counsel for the parties no later than _____ in the manner and form set forth in the Notice.

PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE
REGARDING THIS NOTICE.

DATED: _____

BY ORDER OF THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK