UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/2/10
```

IN RE AMERICAN INTERNATIONAL GROUP, INC. SECURITIES LITIGATION

Master File No. 04 Civ. 8141 (DAB)

## ORDER AND FINAL JUDGMENT AS TO PRICEWATERHOUSECOOPERS LLP

WHEREAS:

A. On September 29, 2008, the Ohio Public Employees Retirement System, State Teachers Retirement System of Ohio and Ohio Police & Fire Pension Fund (collectively "Lead Plaintiff"), on behalf of the Settlement Class, and PricewaterhouseCoopers LLP ("PwC") (Lead Plaintiff and PwC collectively, the "Settling Parties"), entered into an Agreement of Compromise and Settlement (the "Agreement") in the above-captioned class action (the "Action");

B. Pursuant to the Preliminary Approval Order entered on October 14, 2008 (the "Preliminary Approval Order"), the Court ordered that the Notice (the "Notice") and a Proof of Claim ("Proof of Claim"), in the form attached to the Preliminary Approval Order as Exhibits 1 and 2, be mailed by first-class mail, postage prepaid, on or before October 20, 2008 to all putative members of the Settlement Class at the address of each such Person as set forth in the records of American International Group, Inc. ("AIG") or its transfer agent, or who otherwise could be identified through reasonable effort, and that a Summary Notice (the "Summary Notice"), in the form attached to the Preliminary Approval Order as Exhibit 3, be published in *The Wall Street Journal,* and on PR Newswire and Bloomberg News Service, once each on separate days, within fourteen (14) days of the mailing of the Notice;

C.   As attested by the affidavit of Peter Craig, filed with this Court on January 20, 2009, the provisions of the Preliminary Approval Order as to notice were complied with;

D.   The Notice and the Summary Notice advised putative Class Members that any objections to the Agreement were required to be filed with the Court by December 30, 2008;

E.   On January 13, 2009, Lead Plaintiff moved for final approval of the Agreement as set forth in the Preliminary Approval Order;

F.   Pursuant to the Preliminary Approval Order, a fairness hearing was scheduled to take place on January 20, 2009 at 3:00 p.m. Pursuant to the Court's Order dated January 14, 2009, the fairness hearing was adjourned sine die. Lead Counsel notified the class accordingly;

G.   On February 22, 2010, the Court issued an opinion certifying a litigation class in this action (the "Litigation Class Opinion");

H.   On March 19, 2010, Lead Plaintiff withdrew its motion for final approval of the proposed settlement with PwC without prejudice, to allow Lead Plaintiff and PwC to prepare papers that address the effect of the Litigation Class Opinion on final approval of the settlement with PwC. On May 17, 2010, Lead Plaintiff and PwC filed a renewed motion for final approval of their settlement;

I.   On _September 15_, 2010 the Court scheduled a hearing for _Nov. 30, 2010_, at _3:00p_.m. (the "Fairness Hearing") (a) to determine whether the proposed settlement of the Action on the terms and conditions provided for in the Agreement is fair, reasonable and adequate, and should be approved by the Court; and (b) to determine whether a Final Judgment as provided in paragraph XI.M of the Agreement should be entered herein. The Fairness Hearing was duly held before this Court on _November 30, 2010_, at which time all interested persons were afforded the opportunity to be heard;

J.      This Court has duly considered Lead Plaintiff's motion, the affidavits and memorandum of law submitted in support thereof, and all of the submissions and arguments presented with respect to the proposed Agreement;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      This Judgment incorporates by reference the definitions in the Agreement, and all capitalized terms used herein shall have the same meanings as set forth in the Agreement.

2.      This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all putative members of the Settlement Class.

3.      The Court finds that the prerequisites for a class action under Fed. R. Civ. P. 23 (a) and (b)(3) have been satisfied in that: the number of Class Members is so numerous that joinder of all members thereof is impracticable; there are questions of law and fact common to the Settlement Class; the claims of the class representatives are typical of the claims of the Settlement Class they seek to represent; the class representatives have and will fairly and adequately represent the interests of the Settlement Class; the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure and for the purposes of the Agreement only, this Court hereby finally certifies this action as a class action for settlement purposes on behalf of all persons who purchased or otherwise acquired AIG Securities during the period from October 28, 1999 through April 1, 2005, inclusive (the "Class Period"), including all persons and entities who held the common stock of HSB Group, Inc. ("HSB") at the time HSB was acquired by AIG in a stock for stock transaction, and all persons and entities who held the common stock of American General Corporation ("AGC") at the time AGC was acquired by AIG in a stock for stock transaction, and who were damaged thereby.

Excluded from the Settlement Class are (i) the Defendants, as named in the Consolidated Third Amended Class Action Complaint (the "Complaint") in this Action; (ii) the immediate families of the Individual Defendants, as named in the Complaint; (iii) any parent, subsidiary, affiliate, officer, or director of AIG; (iv) persons who made requests for exclusion from the Settlement Class in the manner and within the time period provided by Section IV of the Agreement and/or by order of the Court and did not thereafter rescind such requests, such excluded persons being listed on Exhibit A hereto; (v) any entity in which any excluded person has a controlling interest; and (vi) the legal representatives, heirs, successors and assigns of any excluded person.

5. The Court hereby finds and concludes that pursuant to Fed. R. Civ. P. 23, Lead Plaintiff is an adequate class representative and certifies it as class representative for the Settlement Class.

6. This Judgment is binding on all members of the Settlement Class, other than those Persons listed in Exhibit A hereto who have filed timely and valid requests to be excluded from the Settlement Class.

7. The proposed settlement of the Action on the terms and conditions set forth in the Agreement is in all respects fair, reasonable and adequate, is in the best interests of the Settlement Class and should be approved, especially in light of the benefits to the Settlement Class and the complexity, expense and possible duration of further litigation against PwC, the risks of establishing liability and damages and the costs of continued litigation.

8. The notification provided for and given to the putative Class Members was in compliance with the Preliminary Approval Order, and said notification constitutes the best notice practicable under the circumstances and is in full compliance with the notice requirements of due process, Fed. R. Civ. P. 23 and Section 21D(a)(7) of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(7).

IT IS FURTHER ORDERED, ADJUDGED AND DECREED as follows:

9. The Agreement is hereby approved as fair, reasonable, adequate, and in the best interests of the Class Members, and shall be consummated in accordance with the terms and provisions of the Agreement.

10. The Consolidated Third Amended Class Action Complaint dated December 15, 2006, is hereby dismissed in its entirety as to PwC, with prejudice, and without costs to any party.

11. The Court further finds, pursuant to Section (c)(1) of the PSLRA, 15 U.S.C. § 78u-4(c)(1), that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

12. Upon the Effective Date, Lead Plaintiff, the Settlement Class and each Class Member (other than those listed on Exhibit A hereto), on behalf of themselves and their respective heirs, executors, administrators, successors and assigns and all persons acting in concert with any such person shall have fully, finally and forever released, relinquished, acquitted and discharged the Released Persons from the Released Claims.

13. The Released Persons are by virtue of the Agreement hereby released and discharged from all claims for contribution, whether direct or derivative, that have been or may hereafter be brought by any person or entity, whether arising under state, federal or common law as claims, cross-claims, counterclaims, or third-party claims, based upon, arising out of, relating to, or in connection with the Released Claims. Accordingly, to the full extent provided by Section 21D(f)(7)(A) of the PSLRA, 15 U.S.C. § 78u-4(f)(7)(A), the Court hereby bars all claims for contribution: (a) against the Released Persons; and (b) by the Released Persons

against any person or entity other than any person or entity whose liability to the Settlement Class has been extinguished pursuant to the Agreement.

14. The Released Persons are by virtue of the Agreement hereby released and discharged from any liability to Lead Plaintiffs, the Settlement Class, or any Class Member under New York's General Obligation Law, § 15-108; Delaware's Uniform Contribution Among Tort-feasors Law, 10 Del. C. § 6304; or any other state's contribution bar statute, and applicable case law. Accordingly, to the full extent provided by New York's General Obligation Law, Delaware's Uniform Contribution Among Tort-feasors Law, and other states' laws, the Court hereby bars all claims for contribution: (a) against the Released Persons; and (b) by the Released Persons against any person or entity.

15. The Released Persons are by virtue of the Agreement hereby released and discharged from and against any and all claims based on any person or entity's liability to Lead Plaintiffs, the Settlement Class or Class Members or on monies paid for the benefit of, or distributed to, Lead Plaintiffs, the Settlement Class or Class Members, whether current or future, direct or derivative, however styled, whether for indemnification, contribution, or otherwise, arising out of or relating to the acts and transactions that are the subject of the Actions, whether arising under federal, state or common law as claims, cross-claims, counterclaims, or third-party claims, including the claims asserted in American International Group, Inc. Consolidated Derivative Litigation, Civ A. No. 769-VCS (Del. Ch.), and In re American International Group, Inc. Derivative Litigation, Master File No. 04-cv-08406 (JES) (S.D.N.Y.). Accordingly, to the fullest extent allowed by law, the Court hereby bars all such claims: (a) against the Released Persons; and (b) by the Released Persons against any person or entity.

16. In accordance with the PSLRA, New York's General Obligations Law, Delaware's Uniform Contribution Among Tort-feasors Law, or any other state's contribution

statute, and applicable law, any final verdict or judgment obtained by or on behalf of Lead Plaintiffs, the Settlement Class or any Class Member against any person other than the Released Persons relating to the Released Claims shall be reduced by the greater of (i) an amount that corresponds to the percentage of responsibility of the Released Persons, or (ii) the amount paid by or on behalf of the Released Persons in connection with the Agreement ($97,500,000).

17. Upon the Effective Date, PwC, on behalf of itself and its respective heirs, executors, administrators, successors and assigns and all persons acting in concert with any such person, shall have fully, finally and forever waived, released and forever discharged each and every one of the Released PwC Claims against the Released Plaintiff Parties relating to the institution and prosecution of the Action, and shall forever be enjoined from instituting, maintaining or prosecuting any or all of the Released PwC Claims.

18. Each Class Member whether or not such Class Member executes and delivers a Proof of Claim, other than those listed on Exhibit A hereto, is bound by this Judgment, including, without limitation, the release of claims as set forth in the Agreement.

19. This Judgment and the Agreement, and all papers related thereto are not, and shall not be construed to be, an admission by PwC of any liability or wrongdoing whatsoever, and shall not be offered as evidence of any such liability or wrongdoing in this or any other proceeding.

20. The administration of the Agreement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any person to participate in the distribution of funds from the Cash Settlement Account, shall remain under the authority of this Court.

21. In the event that the Agreement does not become consummated in accordance with the terms of the Agreement, then this Judgment shall be rendered null and void

to the extent provided by and in accordance with the Agreement and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Agreement.

22. Any Court order regarding the Plan of Allocation or the Attorneys' Fees and Expenses Award shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

23. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over (a) implementation of this Agreement and any award or distribution of the Cash Settlement Account, including interest earned thereon; (b) disposition of the Cash Settlement Account; (c) hearing and determining applications for attorneys' fees, costs, interest and reimbursement of expenses in the Action; and (d) all parties hereto for the purpose of construing, enforcing and administering the Agreement.

24. There being no just reason to delay entry of this judgment, the Clerk of the Court is ordered, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, to enter this Judgment forthwith.

SO ORDERED.

Dated: New York, New York
       December 2, 2010

_____
HONORABLE DEBORAH A. BATTS
United States District Court
Southern District of New York