USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/2/10

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

——————————————————————— x
                                   :

IN RE AMERICAN INTERNATIONAL GROUP,  :
INC. SECURITIES LITIGATION                 :

This Document Relates To:  All Actions      :
                                     :

——————————————————————— x

**ECF CASE**

Master File No. 04 Civ. 8141 (DC) (AJP)

DAB
12/2/10

**[PROPOSED] ORDER APPROVING CO-LEAD COUNSEL'S MOTION FOR**
**AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES AND**
**LEAD PLAINTIFF'S REQUEST FOR REIMBURSEMENT OF EXPENSES**

THIS MATTER having come before the Court on January 20, 2009, on the Motion of Labaton

Sucharow LLP and Hahn Loeser & Parks LLP ("Co-Lead Counsel"), for an award of attorneys' fees and

reimbursement of expenses, Lead Plaintiff's request for reimbursement of expenses and the claims

administrator's request for reimbursement of expenses, and the Court, having considered all papers filed

and proceedings conducted herein and otherwise being fully informed in the premises and good cause

appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.        All of the capitalized terms used herein shall have the same meanings as set forth in the

Agreement of Compromise and Settlement, dated September 29, 2008 (the "Stipulation"). This Court has

jurisdiction over the subject matter of this application and all matters relating thereto.

2.        Co-Lead Counsel is entitled to a fee paid out of the common fund created for the benefit

of the Settlement Class. *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478-79 (1980). In class action suits

where a fund is recovered and fees are awarded therefrom by the court, the Supreme Court has indicated

that computing fees as a percentage of the common fund recovered is the proper approach. *Blum v.*

*Stenson*, 465 U.S. 886, 900 n.16 (1984). The Second Circuit recognizes the propriety of the percentage-

of-the fund method when awarding fees. *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 121 (2d

Cir. 2005).

3.      Co-Lead Counsel has moved for an award of attorneys' fees of 6% of the gross Cash

Settlement Account, or $5,850,000.00, plus interest at the same rate as that earned by the gross Cash

Settlement Account. Co-Lead Counsel's fee and expense application has the support of the Ohio

Attorney General's Office, as well as the Lead Plaintiff.

4.      This Court concludes that the percentage-of-recovery is appropriate for awarding

attorneys' fees in this matter and hereby adopts said method for purposes of this motion.

5.      The Court finds that a fee award of 6% of the gross Cash Settlement Account is

consistent with, if not lower than, awards made in similar cases. *See In re Bisys Sec. Litig.*, No 04-3840

(JSR), 2007 WL 2049726 (S.D.N.Y. July 16, 2007).

6.      Accordingly, the Court hereby awards attorneys' fees of 6% of the gross Cash Settlement

Account, or $5,850,000.00, plus interest at the same rate as that earned by the Cash Settlement Account.

The Court finds the fee award to be fair and reasonable. Said fees shall be allocated among plaintiffs'

counsel by Co-Lead Counsel in a manner in which they believe reflects each counsel's contribution to the

prosecution and resolution of the claims against settling defendant PricewaterhouseCoopers LLP

("PwC").

7.      In making this award of attorneys' fees and expenses, the Court has analyzed the factors

considered within the Second Circuit. *Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 47 (2d Cir.

2000). In evaluating these factors, the Court finds that:

(a)      Co-Lead Counsel has conferred a substantial benefit to the Settlement Class.

(b)      Co-Lead Counsel has expended considerable time and labor over the course of

the Action investigating, analyzing and prosecuting the claims against the settling defendant,

PwC. This is evidenced by the parties' practice before the Court and Co-Lead Counsel's

representations that they have: thoroughly investigated the claims asserted; conducted class and

fact discovery; moved for class certification; defeated motions to dismiss (including a motion

made by PwC); and negotiated and advocated for a substantial Settlement. The services provided

by Co-Lead Counsel appear to have been very successful and efficient, resulting in an

outstanding recovery for the Settlement Class without the substantial expense, risk, and delay of continued litigation and trial. Such efficiency and effectiveness supports the requested fee percentage.

   (c)  In this contingent litigation, Co-Lead Counsel faced considerable risks of no recovery throughout the litigation, given, among other things, the burden of establishing PwC's scienter and PwC's other defenses.

   (d)  This Action required skill and raised novel and complex issues relating to PwC, such as, among other things, proving securities fraud based on PwC's alleged improper audits. Also, cases brought under the federal securities laws are notoriously difficult and uncertain. Such cases are often seen as undesirable. Despite the novelty and difficulty of the issues raised, Co-Lead Counsel secured an excellent result for the Settlement Class.

   (e)  There have been only two objections to the fee and expense request, and those objections are overruled.

   (f)  Co-Lead Counsel are very experienced and skilled practitioners in the securities litigation field, and have considerable experience and capabilities as class action specialists. Their efforts in efficiently bringing about a settlement with PwC conferred a substantial benefit to the Settlement Class.

  8.  Co-Lead Counsel's total lodestar related to the prosecution of the Settlement Class's claims against PwC is $10,735,768. A 6% fee represents a lodestar multiplier of less than 0.54, which is modest and well-within the range of lodestar multipliers generally awarded in securities class actions. This further supports the Court's finding that the fee request is fair, adequate, and reasonable.

  9.  Co-Lead Counsel have also requested an award of reimbursement of out-of-pocket expenses in the amount of $4,878,836.07, plus interest at the same rate as that earned by the gross Cash Settlement Account. Having reviewed the expense information submitted by Co-Lead Counsel, the Court hereby approves the requested amount and awards expenses of $ 4,878,836.07, plus interest at the same rate as that earned by the Cash Settlement Account.

10.     The Court has also considered Lead Plaintiff's request for reimbursement of reasonable costs and expenses directly relating to the representation of the Settlement Class, pursuant to the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. §78u-4 (a)(4).  The Court hereby awards the Ohio Public Employees Retirement System the requested expenses of $16,144.00 and the State Teachers Retirement System of Ohio the requested expenses of $13,856.00, both of which may be paid upon entry of this Order.

11.     The Court has also considered the request of the claims administrator, Complete Claims Solutions LLC, for reimbursement of its incurred expenses and hereby awards it $2,259,082.52 from the gross Cash Settlement Account.

10.     The awarded attorneys' fees and expenses of Co-Lead Counsel shall be paid from the gross Cash Settlement Account immediately after this Order is entered subject to the terms, conditions, and obligations of the Stipulation, which terms, conditions, and obligations are incorporated herein.

11.     The Court retains continuing and exclusive jurisdiction over the Settlement, the administration and distribution of the Settlement and the attorneys' fee award and its payment.

IT IS SO ORDERED.

DATED: December 2, 2010

_____
THE HONORABLE DEBORAH A. BATTS
UNITED STATES DISTRICT JUDGE