IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IN RE AMERICAN INTERNATIONAL )   Master File No. 04 Civ. 8141
                               (DAB)
GROUP, INC. SECURITIES LITIGATION )

---

## OPPOSITION TO MOTION TO REQUIRE APPEAL BONDS

Objectors Mollye Rothstein and Alan Rothstein, by and through their undersigned counsel, respond to and oppose Plaintiff's Motion to Require Appeal Bond and state as follows:

## INTRODUCTION

Class Plaintiff seeks a $215,000.00 Appeal Bond in an appeal that only encompasses statutory interpretation of the Notice requirements of the PSLRA as set forth in 15 U.S.C. §78u-4 (a)(7)(A), subsections (I) through (iii). Although Class Plaintiff may obtain a bond for costs under Rule 7 of the Federal Rules of Appellate Procedure, those costs may not include Fictitious Copying Costs, Delay Costs, or any other additional costs not contemplated by the Federal Rules. Plaintiff seeks $50,000.00 in copying costs in an appeal that only encompasses statutory interpretation of the Notice requirements of the PSLRA. Objectors contend that these Notice requirements apply regardless of whether class counsel and defendant agree on the amount of damages recoverable by the class by prevailing at trial. Otherwise, why would any defendant agree to the amount of aggregate and per share damages, when refusing to do so eliminates the need for

any reference to those damages in the class notice?

In any event, it is simply disingenuous to allege to the Court that an appeal regarding statutory interpretation will require the copying of 2,500,000 pages. ($50,000 divided by $.02 = 2,500,000) Clearly, in this appeal regarding interpretation of statutory language and the intent of Congress when it passed the PSLRA, copying cost will never exceed $1,000.00 per side.

Excepting the $1,000.00 in costs, the remaining claimed bond costs are not bondable on appeal under the facts of this case. In addition to the taxable costs under Rule 7, Class Plaintiffs attempt to include in the requested bond $165,000.00 in Delay Costs. Under Rule 7, a bond cannot include Delay Costs. Class Plaintiffs' claim for Delay Costs as part of the requested appeal bond is not supported by either the Federal Rules or the law and facts of this case. The gravamen of the objection to the Class Notice, presented at the Fairness Hearing, is the Class Notice's noncompliance with the notice requirements of 15 U.S.C. §78u-4 subsections (i) through (iii). Objectors maintain that Notice to class members is defective because the Notice violates the clear language of 15 U.S.C. §78u-4 (a)(7)(A)(ii) by its failure to include any estimation of either the aggregate damage sustained by the class or an estimate of the average amount of damages per share that would be recoverable if the plaintiff class prevailed at trial on each claim alleged.

15 U.S.C. §78u-4 (a)(7)(A) specifically requires that any proposed or final

settlement agreement that is published or otherwise disseminated to the class shall include both the amount of the settlement proposed to be distributed to the parties to the action determined in the aggregate, and on an average per share basis. 15 U.S.C. §78u-4 (a)(7)(B) specifically requires the Notice include a Statement of Potential Outcome of Case setting forth the agreed amount of damages. Section 78u-4 (a)(7)(B)(i) covers cases where the settling parties agree on the average amount of damages per share that would be recoverable if the plaintiff prevailed on each claim alleged under the PSLRA, and a statement concerning the average amount of such potential damages per share. Section 78u-4(a)(7)(B)(ii), which applies in this matter, requires that if the parties do not agree on the average amount of damages per share that would be recoverable if the plaintiff prevailed on each claim alleged under this chapter, a statement from each settling party concerning the issue or issues regarding damages on which the parties disagree. Section 78u-4 (a)(7)(B)(iii) makes a statement made in accordance with clause Section 78u-4 (a)(7)(B)(i) or (ii) concerning the amount of damages inadmissible in any Federal or State judicial action or administrative proceeding, other than an action or proceeding arising out of such statement.

    Class Counsel is seeking a $215,000.00 bond to stifle Objectors' appeal from this Court's approval of the Class Notice language. Thwarting an appeal arising out of Class Plaintiff's incorrect reading of a Federal Statute is not a proper use of Rule 7 bonding and the Court should not allow it. Class Plaintiff is entitled