to a bond for the $1,000.00 for copying costs explicitly taxable pursuant to Rule 39 Fed.R.App.P., but not anything more.

## ARGUMENT

### Bondable Costs Do Not Include Administrative DelayCosts

Class Plaintiffs suggest that this Court has the authority to include Delay Costs as a cost bondable under Rule 7. However, the estimated administrative costs of $165,000.00 are not properly includable in a Rule 7 bond. This Court, in the case of *In re AOL Time Warner, Inc., Securities and "Erisa" Litigation*, 2007 WL 2741033 (S.D.N.Y. 2007), held, citing *Adsani v. Miller*, 139 F.3d 67 (2nd Cir. 1998), that where there is no relevant underlying statute providing for the awarding on appeal of costs incident to delay, and such costs are not listed in Rule 39, an appeal bond cannot include the costs caused by the delay in the administration of the settlement. *See In re AOL*, at *4. This Court also concluded in *In re AOL* that though Judge Sweet in *In re Nasdaq* did impose an appeal bond that covered the costs of delay, he did so in misplaced reliance on *Morgan Guarantee Trust Co. v. Republic of Palau*, 702 F.Supp. 60, 65 (S.D.N.Y. 1988), which dealt with *supersedeas* bonds rather than appeal bonds. *See In re AOL*, at *4.

Furthermore, this Court also held although "other courts have imposed bonds that include the cost of delay in administration of a settlement fund, *see, e.g., In re Broadcom Sec. Litig.,* SACV 01-275 (MLGx) (C.D.Cal. Dec. 5, 2005) (Pl.'s Ex. B); *In re Compact Disc Minimum Advertised Price Antitrust Litig.*, MDL 1361,

2003 WL 22417252, at *1 (D.Me. Oct. 7, 2003), " these courts are in circuits that do not necessarily share the Second Circuit's requirement that the definition of 'costs' for Appellate Rule 7 purposes should come from Rule 39, 28 U.S.C. § 1920, or the statute underlying the litigation." *See In re AOL*, at *4. The *In re AOL* Court required only that appellant in that case post a bond in the amount of $800.00 in order to cover the plaintiff's printing and copying costs on appeal. *Id.* at *6. None of the underlying statutes in the instant case allow the award of delay costs on appeal, and no such costs are included in Rule 39. Therefore, the bond requested by Class Plaintiffs cannot include attorneys' fees or administrative costs of delay.

Furthermore, this appeal only concerns statutory interpretation of specific PSLRA sections. Therefore, with regard to taxable costs, this appeal will entail no significant costs outside the negligible copying costs for briefs. This is not an appeal that requires compilation and duplications of the voluminous record. The appendix would only include the notice, the proposed settlement and this court's final Order. Taxed at the Second Circuit rate of $0.20 per page copying costs for the appellees are likely to be less the $1,000.00, for less than 5,000 total pages.

## CONCLUSION

Based on the language of the PSLRA, the limited existing case law regarding estimated damage disclosure requirements under the PSLRA, and Class

5

Counsel's failure to provide any estimate of damages in the Class Notice, it is more likely then not that Appellants will prevail on appeal. Congress never intended to allow Defendants to have total control of whether a class notice fully informs class members of the potential aggregate and per share damages that would result if the class were to prevail at trial. Yet that is exactly how Class Plaintiff reads the PSLRA notice requirements. That interpretation makes Class Counsel the cat's paw of the Defendant. Want to keep class members in the dark regarding the potential value of their claims against the Defendant? Just refuse to agree as to the amount of damages and you can leave that information out of the class notice.

Additionally, there is no legal or factual support for the imposition of a Rule 7 bond that exceeds the $1,000.00 in estimated actual copying costs in this appeal which only raises a question of statutory construction regarding the notice requirements of the PSLRA. No other cost proposed to be bonded is bondable under Rule 7 in this case. This court should find the $50,000.00 estimate of copying costs to be disingenuous at best, and should set the appeal bond requested by Class Counsel at $1,000.00.

WHEREFORE, Objectors respectfully submit that the appeal bond requested by Class Counsel be set at $1,000.00, as the only documents needed to be copied for the Second Circuit panel, other then the Brief of the parties, are the Class Notice and the subsections in question from the PSLRA .

        Respectfully Submitted,

        *Paul E. Kerson*
        Paul E. Kerson
        Leavitt, Kerson & Duane
        228 East 45th Street, 17th Floor
        New York, NY 10017
        (212)973-9339
        Bar No. PEK8789
        kersonpaul@aol.com

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this 7th day of March, 2011, the foregoing was filed with the Clerk of the Court using the CM/ECF filing system and that all opposing counsel, will automatically be notified by the CM/ECF electronic mail system.

        /s/ Paul E. Kerson
        Paul E. Kerson