**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

──────────────────────────────── x

IN RE AMERICAN INTERNATIONAL
GROUP, INC. SECURITIES LITIGATION

This Document Relates To:  All Actions

──────────────────────────────── x

:
:
:
:
:
:
:
:
:
:
:

**ECF CASE**

Master File No. 04 Civ. 8141 (DAB) (AJP)

### DECLARATION OF LOUIS GOTTLIEB IN FURTHER SUPPORT OF LEAD PLAINTIFF'S MOTION FOR AN APPEAL BOND

LOUIS GOTTLIEB declares as follows, pursuant to 28 U.S.C. § 1746:

1.      I am a member of the firm of Labaton Sucharow LLP, Court-appointed Co-Lead Counsel for the Ohio Public Employees Retirement System, State Teachers Retirement System of Ohio, and Ohio Police & Fire Pension Fund (collectively "Lead Plaintiff"), in the above-titled action.  I am admitted to practice before this Court.

2.      I submit this Declaration in further support of Lead Plaintiff's Motion for an Appeal Bond bonding the appeal of objectors Alan Rothstein and Marilyn Simon Rothstein, and Mollie Rothstein (the "Rothstein Objectors") from this Court's order granting final approval to the settlement with PricewaterhouseCoopers LLP.

3.      By Order dated April 7, 2011, this Court granted Lead Plaintiff's motion for an order requiring the Rothstein Objectors to post an appeal bond, and directed Lead Plaintiff to submit documentation of its taxable appeal costs for inclusion in such a bond.  This declaration is submitted pursuant to that Order.[1]

─────────────────────

[1] We have examined the records in the cases cited in our motion papers that fixed the amount of taxable costs subject to appeal bonds at $25,000 or $50,000, including *In re Initial Public Offering Sec. Litig.*, 728 F. Supp. 2d 289, 294 (S.D.N.Y. 2010) (Scheindlin, J.); *In re Currency Conversion Fee Antitrust Litig.*, MDL No. 1409, 2010

*(continued . . . )*

4.      Second Circuit Local Rules 30.1(b) & 31.1 require the filing of six paper copies of appellee's brief and three paper copies of the appendix.  Fed. R. App. P. 30(a)(3) & 31(b).

5.      Second Circuit Local Rule 39.1 sets taxable copy costs at $0.20 per page or the actual copying cost if lower.

6.      Fed. R. App. P. 32(a)(7)(B) sets the brief length limit at 14,000 words (even without a request for additional pages).  Fourteen hundred words constitute approximately 50 pages.   We will assume a 60-page brief here, including the cover, table of contents, table of authorities, and certificate of compliance with the word limit.

7.      In addition, Fed. R. App. P. 28(f) requires an addendum setting forth the text of any statutes at issue on appeal (here, pertinent sections of the Private Securities Litigation Reform Act of 1995 ("PSLRA")).  Additional addenda may be necessary to reproduce portions of the legislative history of the PSLRA, pertinent journal articles, unpublished notices from other PSLRA class action settlements, unpublished orders granting final approval of other PSLRA class action settlements, and other cited materials that are not readily available.  Assuming a brief and addenda comprising a total of 1,000 pages, copy costs would be **$1,200.00** (1,000 pages x 6 copies x $0.20 per page).

8.      Significant additional costs could be required with respect to the appendix, of which five copies must be reproduced.  Fed. R. App. P 30(b)(1) & (2) require the parties each to designate the materials they wish included in the appendix; unless it objects to any materials designated by the appellee, the appellant is required to include all materials designated by both

---

*( . . . continued)*
WL 1253741, at *3 (S.D.N.Y. Mar. 5, 2010) (Pauley, J.); *Berry v. Deutsche Bank Trust Co. Ams.*, 632 F. Supp. 2d 300, 308 (S.D.N.Y. 2009) (Pauley, J.); *Baker v. Urban Outfitters, Inc.*, No. 01 CV 5440, 2006 WL 3635392, at *2 (S.D.N.Y. Dec. 12, 2006) (Preska, J.).  In none of those cases were we able to find any documentation submitted by the appellee supporting the amounts of such costs.

sides at its own expense.  If, however, the appellant objects to the inclusion of any of the items designated by the appellee, then the appellee is responsible for paying for their inclusion and reproduction in the appendix.  Fed. R. App. P. 30(b)(2).

9.      In the instant case, the key issue on the Rothstein Objectors' appeal will be whether the PSLRA, 15 U.S.C. § 78(u)(4)(7)(b), requires a class settlement notice to specify each side's estimated amount of damages when the two sides disagree, or only to state the fact of their disagreement (as is routinely done in class settlement notices and was done in the settlement notice here).  The Rothstein Objectors have suggested that a statement of disagreement as to damages could be the result of an effort by plaintiffs and defendants to create a disagreement for the sole purpose of avoiding provision of a damage estimate to class members. *See* Hr'g Tr. 10-11, Nov. 30, 2010.

10.      In order to respond to that premise, Lead Plaintiff will likely designate for inclusion in the appendix the expert reports and back-up materials produced by both Lead Plaintiff and defendants with respect to the loss causation issue.  While no expert reports on damages were filed or exchanged in this case, extensive expert reports were filed on the related issue of loss causation.  These expert reports are pertinent to the Rothstein Objectors' appeal because they demonstrate that, far from agreeing on issues relating to damages, Lead Plaintiff and the defendants in this case hotly contested those issues.  Thus, it is clear that there was no agreement on damages.

11.      These expert reports, along with their exhibits, were submitted to the Court as exhibits on the motions for class certification and are part of the record in this case.  Lead Plaintiff will likely designate them for inclusion in the appendix.  The four reports in the record (of Dr. John D. Finnerty, former SEC Commissioner Charles C. Cox, and Dr. David I. Tabak –

with a rebuttal report from Dr. Finnerty), with exhibits, contain a total of 343 pages, costing **$205.80** to reproduce (343 pages x 3 copies x $0.20 per page).

12.     Lead Plaintiff will also likely designate for inclusion in the appendix other material in the record relating to the class certification motion, to show that the issue of loss causation was hotly contested by Lead Plaintiff and defendants.  These materials include the briefing on that motion, totaling 166 pages (Lead Plaintiff – 33 pages (opening brief), 36 pages (reply); American International Group – 32 pages; Maurice R. Greenberg, Howard I. Smith, Christian M. Milton, Michael J. Castelli, C.V. Starr & Co., Inc., and Starr International Company, Inc. (the "Starr Defendants") – 36 pages; Gen Re – 29 pages); the supporting affidavits and declarations and their exhibits, totaling 3,403 pages (Lead Plaintiff – 365 pages (opening brief), 528 pages (reply); American International Group – 1,529 pages; the Starr Defendants – 952 pages; Gen Re – 29 pages); the letter-brief, with exhibits, on loss causation and other issues submitted by Lead Plaintiff's counsel on August 12, 2009, comprising 279 pages; the transcript of the class certification hearing, held on February 10 and 22, 2009, and August 13 and 14, 2009, comprising 471 pages; the exhibits introduced at that hearing, comprising 72 pages; Lead Plaintiff's power point presentation regarding loss causation and other issues, presented at the February 10, 2009 session of the class certification hearing, comprising 65 pages; and this Court's Order granting class certification dated February 22, 2010, comprising 90 pages.  This is a total of 4,546 pages, costing **$2,727.60** to reproduce (4,546 pages x 3 copies x $0.20 per page).

13.     In addition, Lead Plaintiff expects to move the Second Circuit for permission to supplement the record to include the one expert report on loss causation (of Dr. Mark E.

Zmijewski), with exhibits, that was not submitted to the Court (35 pages, costing **$21.00** to reproduce: 35 pages x 3 copies x $0.20 per page).

14.     Lead Plaintiff also expects to move to supplement the record with the back-up materials relied upon and produced by the experts in conjunction with their loss causation reports.  These materials were (a) produced or identified to all the parties, (b) analyzed by counsel and used by them in deposing the experts, and/or (c) used in connection with the examination of witnesses at the evidentiary hearing held on August 13 and 14, 2009 (some having been used, for example, in the cross-examination of Mr. Cox).  These back-up materials, in total, comprise 19,365 pages (8,079 from Dr. Finnerty, 3,697 from Mr. Cox, 7,459 from Dr. Tabak, and 130 from Dr. Zmijewksi), costing **$11,619.00** to reproduce (19,365 pages x 3 copies x $0.20 per page).

15.     Lead Plaintiff also expects to move to supplement the record with the transcripts of the depositions of each of the expert witnesses on loss causation (Dr. Finnerty – 449 pages; Mr. Cox – 289 pages; Dr. Tabak – 256 pages; Dr. Zmijewski – 92 pages) and the exhibits introduced at those depositions (Dr. Finnerty – 451 pages; Mr. Cox – 439 pages; Dr. Tabak – 385 pages; Dr. Zmijewski – 141 pages).  This is a total of 2,502 pages of material, costing **$1,501.20** to reproduce (2,502 pages x 3 copies x $0.20 per page).

16.     Thus, Lead Plaintiff's potential taxable costs on this appeal accordingly are estimated to total **$17,274.60** ($1,200.00 + $205.80 + $2,727.60 + $21.00 + $11,619.00 + $1,501.20).

I declare under penalty of perjury that the foregoing is true and correct.  Executed on April 15, 2011.

LOUIS GOTTLIEB