IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE AMERICAN INTERNATIONAL ) Master File No. 04 Civ. 8141 (DAB)
GROUP, INC. SECURITIES LITIGATION)

### MOTION TO STAY AND RECONSIDER APPEAL BOND ORDER

The Rothstein Objectors hereby move this Court to stay and reconsider its Order dated April 19, 2011, directing the Rothstein Objectors to post an Appeal Bond of $17,274.60, and in support thereof show:

1.  The Declaration of Louis Gottleib [Doc. 590], dated April 15, 2011, set forth Lead Plaintiff's estimate of taxable costs on appeal. That estimate is grossly inflated and bears no relation to the actual amount of taxable costs on this appeal.

2.  This "one-issue" appeal turns on the interpretation of the Notice requirement set forth in one section of the PSLRA, 15 U.S.C. § 78u-4(a)(7)(B). Attached hereto as Exhibit A is the Rothstein Objectors' initial brief ("Brief") filed with the Second Circuit on May 6, 2011. The argument set forth in the Brief clearly demonstrates that the appeal only involves the statutory interpretation of 15 U.S.C. § 78u-4(a)(7)(B) .

3.  The majority of the documents Lead Plaintiff claims it may include in the Appendix of the appeal are surplusage and totally irrelevant to the statutory interpretation of 15 U.S.C. § 78u-4(a)(7)(B) by the Second Circuit. Such documents

are improvidently included in the Declaration of Louis Gottleib and serve no purpose other than to pad the amount of taxable costs Lead Plaintiff claims involved in this appeal.

4. Lead Plaintiff attempts to convert the issue on appeal from a straightforward question of statutory interpretation to a factual inquiry regarding whether there was an agreement between Lead Plaintiff and Defendants regarding aggregate damages, and suggests that they will have to file a voluminous appendix in order to respond to what Lead Plaintiff characterizes as the Rothstein Objectors' "suggest[ion] that a statement of disagreement as to damages could be the result of an effort by plaintiffs and defendants to create a disagreement for the sole purpose of avoiding provision of a damage estimate to class members." *See* Declaration of Louis Gottleib, Doc. 590, ¶¶ 9, 10.

5. Whether the parties to the instant case actually disagreed as to the average amount of damages that would be recoverable if the plaintiff prevailed on each claim alleged, or only pretended to, is not the issue. The issue is whether the PSLRA requires notice of each parties *estimate of the average amount of damages* that would be recoverable in circumstances where the plaintiff class and defendant disagree as to the average amount of damages, and what they disagree about on appeal. *See generally* Opposition to Motion to Require Appeal Bonds [Doc. 586].

6.      The Lead Plaintiff's alleged taxable costs on appeal of $16,074.60 is attributed to various expert reports and other materials that Lead Plaintiff claims are necessary to establish that there was disagreement as to the amount of damages. *See* Declaration of Louis Gottleib, Doc. 590, ¶¶ 10-15.  However, as noted in Paragraph 5, the issue to which those materials respond is irrelevant to this appeal regarding statutory interpretation, and costs associated with those materials are not bondable. Lead Plaintiff's assumption of a brief and addenda of 1,000 pages, and thus the remaining estimation of $1,200.00 in copying costs for Appellee's brief (*see* Declaration of Louis Gottleib, ¶ 7), is also excessive.

7.      The initial Brief is only twenty-four pages (including the Table of Contents and the cover page), and the Appendix includes ninety-eight pages. The total copying cost of the initial Brief and Appendix were **$11.52**.

8.      The answer brief in response to Appellants' narrowly-focused Brief, with a relevant supplemented Appendix of even 1,000 pages filed by Lead Plaintiff/Appellee would cost about $675.00, *i.e.* assuming *arguendo* that Lead Plaintiff will file a brief of their estimate 60 pages (see Declaration of Louis Gottleib, Doc.590, ¶ 6), and assuming a 1,000 page appendix and the costs under Second Circuit Local Rule 39.1 of $0.20 per page, results in $72.00 for the brief (60 pages x 6 copies x $0.20 per page) and $600.00 for the appendix (1,000 pages x 3 copies x $0.20 per page); for a total of about $675.00 in taxable costs.

WHEREFORE, Rothstein Objectors respectfully request that this Court enter an Order staying its previous Order dated April 19, 2011 ordering Rothstein Objectors to post an appeal bond of $17,247.60 and issue an amended Order setting the appeal bond at $750.00.

Respectfully submitted this 13th day of May, 2011.

>Respectfully Submitted,
> **/s/  Paul   E.  Kerson**
> Paul E. Kerson
> Leavitt, Kerson & Duane
> 228 East 45th Street, 17th Floor
> New York, NY 10017
> (212)973-9339
> Bar No. PEK8789
> kersonpaul@aol.com
>
>  /s/ **N. Albert Bacharach, Jr.**
> N. Albert Bacharach, Jr.
> Pro Hac Vice
> Florida Bar Number: 209783
> N. Albert Bacharach, Jr.  , P.A.
> 115 Northeast 6th Avenue
> Gainesville, Florida 32601
> 352)378-9859 FAX (352)338-1858
> N.A.Bacharach@att.net

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on this 13th day of May, 2011, the foregoing was filed with the Clerk of the Court using the CM/ECF filing system and that all opposing counsel, will automatically be notified by the CM/ECF electronic mail system.

                              /s/ Paul E. Kerson  
                              Paul E. Kerson