USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/5/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE AMERICAN INTERNATIONAL
GROUP, INC. SECURITIES LITIGATION

ECF CASE

Master File No. 04 Civ. 8141 (DAB) (AJP)

DAB
10/5/11 [PROPOSED] PRELIMINARY APPROVAL ORDER

WHEREAS:

A.  A consolidated class action is pending in this Court entitled In re American International Group, Inc. Securities Litigation, No. 04 Civ. 8141 (DAB) (AJP) (S.D.N.Y.) (the "Action");

B.  The Ohio Public Employees Retirement System, State Teachers Retirement System of Ohio and Ohio Police & Fire Pension Fund (collectively, "Lead Plaintiff") on behalf of the Settlement Class, and American International Group, Inc. ("AIG"), by and through their respective counsel, have entered into a settlement of the claims asserted against AIG in the Action, on the terms and conditions that are set forth in an Agreement of Compromise and Settlement (the "Agreement"), dated as of November 24, 2010;

C.  Lead Plaintiff and AIG (collectively, the "Settling Parties") have moved, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for an Order preliminarily approving the Agreement; certification by the Court of a Settlement Class solely for the purposes of settlement; and providing for notice to potential members of the Settlement Class; and

D. The Court has read and considered the Agreement and exhibits thereto, including the proposed Notice, the proposed Summary Notice, the proposed Proof of Claim and Release Form, and the proposed Final Judgment, and found that substantial and sufficient grounds exist for entering this Order;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court, for purposes of this Order, adopts all defined terms as set forth in the Agreement. Any inconsistencies between the Agreement and the Notice will be controlled by the language of the Agreement.

2. The Court hereby certifies the following class for the purposes of settlement only (the "Settlement Class"), pursuant to Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure: all persons and entities who purchased or otherwise acquired AIG Securities during the period of time from October 28, 1999 through April 1, 2005, inclusive (the "Class Period"), as well as all persons and entities who held the common stock of HSB Group, Inc. ("HSB") at the time HSB was acquired by AIG in a stock for stock transaction, and all persons and entities who held the common stock of American General Corporation ("AGC") at the time AGC was acquired by AIG in a stock for stock transaction, and were damaged thereby. Excluded from the Settlement Class are (i) the Named Defendants; (ii) the immediate families of the Individual Defendants, as named in the Consolidated Third Amended Class Action Complaint, dated December 15, 2006 (the "Complaint") in this Action; (iii) any parent, subsidiary, affiliate, officer, or director of AIG; (iv) any putative Settlement Class Members who exclude themselves by filing a request for exclusion in accordance with the requirements set forth in the Notice and do not thereafter rescind such request; (v) any entity in which any

excluded person has a controlling interest; and (vi) the legal representatives, heirs, successors and assigns of any excluded person.

3. Solely for purposes of the proposed settlement of this Action as against the Released Persons (and without any adjudication on the merits), the Court preliminarily finds that the prerequisites to class action certification under Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied for the Settlement Class defined herein, in that:

(a) the Settlement Class Members are so numerous that joinder of all Settlement Class Members is impracticable;

(b) there are questions of law and fact common to the Settlement Class Members;

(c) Lead Plaintiff's claims are typical of the Settlement Class's claims;

(d) Lead Plaintiff and Lead Counsel have fairly and adequately represented and protected the interests of the Settlement Class;

(e) the questions of law and fact common to the Settlement Class Members predominate over any individual questions; and

(f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering that the claims of Settlement Class Members in the Action are substantially similar and would, if tried, involve substantially identical proofs and may therefore be efficiently litigated and resolved on an aggregate basis as a class action; the amounts of the claims of many of the Settlement Class Members are too small to justify the expense of individual actions; and it does not appear that there is any intent among Settlement Class Members in individually controlling the litigation of their claims.

4.      The Court hereby finds, preliminarily and solely for purposes of the Agreement and effectuating the proposed Agreement, that Lead Plaintiff is an adequate representative of the Settlement Class and certifies it as class representative for the Settlement Class. The Court certifies Lead Counsel, Labaton Sucharow LLP and Hahn Loeser & Parks LLP, as Settlement Class Counsel.

5.      The Court preliminarily approves the Agreement as being fair, reasonable and adequate, and in the best interests of the Settlement Class, subject to further consideration at a hearing to be held before this Court on January 31, 2012 at 11 : 00 a.m. (the "Fairness Hearing") to determine whether the proposed settlement of the Action on the terms and conditions provided for in the Agreement is fair, reasonable and adequate, and in the best interests of the Settlement Class and should be approved by the Court; whether an Order and Final Judgment substantially in the form attached to the Agreement as Exhibit D should be entered dismissing the Action with prejudice against the Released Persons; whether the Settlement Class should be finally certified; whether the proposed plan of allocation is reasonable and should be approved; whether Lead Counsel's application for an Attorneys' Fees and Expenses Award should be granted; whether Lead Plaintiff's application for reimbursement of costs and expenses incurred by it and/or the Office of the Attorney General of Ohio as a result of Lead Plaintiff's representation of the Settlement Class should be approved; and to consider any other matters that may properly be brought before the Court in connection with the settlement of this Action.

6.      The Court approves the form of the Notice and approves for publication the form of the Summary Notice, attached hereto as Exhibits 1 and 2 and finds that the mailing and distribution of the Notice and publishing of the Summary Notice meet the requirements of

Rule 23 and due process, and: (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Action, of the effect of the proposed settlement (including the releases contained therein) and of their rights to object to the proposed settlement, exclude themselves from the Settlement Class and appear at the Fairness Hearing; (iii) shall constitute due and sufficient notice to all persons entitled to notice; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, and all other applicable laws and rules. The Court also approves, as to the form and content, the Proof of Claim and Release Form attached hereto as Exhibits 3 and 4.

    7.  The Court approves the appointment of Rust Consulting, Inc. as the Administrator.

    8.  If necessary, despite Lead Counsel making best efforts to use the transfer record information previously provided by AIG in connection with the PwC Settlement, AIG shall provide to Lead Counsel, at no cost, information obtainable by reasonable efforts identifying, by name and address, the persons and entities who were holders of AIG securities during the Class Period, including banks, brokerage firms, institutions and other nominees and record owners, in searchable electronic form.

    9.  Lead Counsel shall cause the Notice, the Proof of Claim and the Release Form (as applicable), substantially in the forms annexed hereto as Exhibits 1, 3 and 4, to be mailed, by first-class mail, postage prepaid, on or before October 14, 2011 ("Notice Date"), to all Settlement Class Members at the address of each such person as set forth in the records of AIG or its transfer agent, or who otherwise can be identified through reasonable effort. Lead Counsel

shall, at or before the Fairness Hearing, file with the Court proof of mailing of the Notices, Proofs of Claim and Release Forms.

10. Lead Counsel shall cause the Summary Notice, substantially in the form annexed hereto as Exhibit 2, to be published in *The Wall Street Journal* and on PR Newswire and Bloomberg News Service, once each on separate days, within fourteen (14) calendar days of the Notice Date. Lead Counsel shall, at or before the Fairness Hearing, file with the Court proof of publication of the Summary Notice.

11. Lead Counsel and the Administrator shall cause the Notice to be published on their respective websites.

12. Lead Counsel, or its agents, shall be responsible for the receipt of all Proofs of Claim, Release Forms, objections and requests for exclusion and, until further order of the Court, shall preserve all Proofs of Claim, Release Forms, objections and requests for exclusion from putative Settlement Class Members, nominees or any other person in response to the Notice.

13. Lead Counsel shall use reasonable efforts to give notice to nominee owners such as brokerage firms and other persons or entities who purchased AIG Securities during the Class Period as record owners but not as beneficial owners. Such nominees who hold or held AIG Securities for beneficial owners who are Settlement Class Members are directed (a) to provide the Administrator with lists of the names and last known addresses of the beneficial owners for whom they purchased AIG Securities during the Class Period within seven (7) calendar days of receipt of the Notice, or (b) to send the Notice and Proof of Claim to the beneficial owners. If the nominee owner elects to send the Notice and Proof of Claim to the beneficial owners, the nominee owner is directed (i) to request additional copies of the Notice

and Proof of Claim within seven (7) calendar days of receipt of the Notice, and (ii) to mail the Notice and Proof of Claim within seven (7) calendar days of receipt of the copies of the Notice from the Administrator, and upon such mailing the nominee owner shall send a statement to the Administrator confirming that the mailing was made as directed. Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented reasonable expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Escrow Account.

14.     The Administrator and AIG are directed to make reasonable efforts to obtain information about prior distributions from the fair fund created in *SEC v. American International Group, Inc.*, 06 Civ. 1000 (S.D.N.Y.) (LAP) ("Fair Fund") from the Fair Fund's administrator. In addition, the Administrator shall require claimants to indicate the amounts they received from the Fair Fund. In case of a discrepancy, information about the amount of any Fair Fund Distribution obtained from the Fair Fund's administrator shall prevail over information provided by an Authorized Claimant.

15.     The reasonable costs of notification to Settlement Class Members of the Agreement, including printing, mailing and publication of all required notices, shall be paid out of the Escrow Account. In accordance with Paragraph I.C.6 of the Agreement, Lead Counsel may draw up to $2,500,000 from the Escrow Account to pay the reasonable costs of notice and settlement administration without further Order of the Court.

16.     Lead Counsel and its agents are authorized and directed to undertake the actions contemplated by Subsection I.C. of the Agreement, including the payment or

reimbursement of any Tax Expenses out of the Escrow Account and the preparation of tax returns, without further Order of the Court.

17. All putative members of the Settlement Class who do not request exclusion from the Settlement Class at least thirty (30) calendar days prior to the Fairness Hearing, and in the form and manner set forth in the Notice: (a) shall be deemed to have waived their rights to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) will be bound by the Agreement, and by any proceeding, judgment, order or determination of the Court affecting the Settlement Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Claims against each and all of the Released Persons, as more fully described in the Notice. Any request for exclusion that does not comply with the prerequisites for exclusion will be invalid.

18. Putative Settlement Class Members who are excluded from the Settlement Class shall not be entitled to receive any payment out of the Escrow Account as described in the Agreement and Notice.

19. Any Settlement Class Member who wishes to participate in the distribution(s) from the Escrow Account must complete and submit either a Proof of Claim or Release Form depending upon whether the Settlement Class Member previously submitted a Proof of Claim in connection with the proposed settlement with defendant PricewaterhouseCoopers LLP, in accordance with the instructions contained therein. Unless otherwise ordered by the Court, all Proofs of Claim and Release Forms (as applicable) must be completed and submitted no later than one hundred (100) calendar days from the Notice Date. Unless otherwise ordered by the Court, any Settlement Class Member who does not complete

and submit a valid Proof of Claim or Release Form (as applicable) within the time provided: (a) shall be deemed to have waived his, her or its right to a distribution from the Distribution Amount; (b) shall forever be barred from participating in any distributions therefrom; (c) shall be bound by the Agreement, and by any proceeding, judgment, order or determination of the Court affecting the Settlement Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Claims against each and all of the Released Persons, as more fully described in the Notice.

20. Lead Counsel shall submit papers in support of final approval of the Agreement and its application for an Attorneys' Fees and Expenses Award by no later than sixty (60) calendar days prior to the Fairness Hearing. Any reply papers, if necessary, shall be submitted no later than fifteen (15) calendar days prior to the Fairness Hearing.

21. Any putative Settlement Class Member who has not requested exclusion from the Settlement Class may appear at the Fairness Hearing to show cause why the proposed Agreement should not be approved as fair, reasonable and adequate and why a judgment should not be entered thereon; *provided, however*, that no putative Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the Agreement and the Final Judgment to be entered approving the same unless no later than thirty (30) calendar days prior to the Fairness Hearing, such putative Settlement Class Member has served by hand, mail or by overnight delivery written objections and copies of any supporting papers and briefs (which must contain documentation of all transactions in AIG Securities during the Class Period and price(s) paid) upon each of the following:

| | |
|---|---|
| Thomas A. Dubbs | Daniel J. Kramer |
| Louis Gottlieb | Daniel J. Leffell |
| Labaton Sucharow LLP | Paul, Weiss, Rifkind, Wharton & |
| 140 Broadway | Garrison LLP |

| | |
|---|---|
| New York, NY 10005 | 1285 Avenue of the Americas<br>New York, NY 10019 |
| *Lead Counsel for Lead Plaintiff and the Settlement Class* | *Counsel for American International Group, Inc.* |

and has filed said objections, papers and briefs, showing due proof of service upon Lead Counsel and AIG's counsel, with the Clerk of the United States District Court for the Southern District of New York, 500 Pearl Street, New York, NY 10007-1312. Persons who intend to object to the Agreement and desire to present evidence at the Fairness Hearing must include in their written objections the identity of any witnesses they may seek to call to testify and exhibits they may seek to introduce into evidence at the Fairness Hearing. Objections not received thirty (30) calendar days prior to the Fairness Hearing will not be considered by the Court. No one will be heard at the Fairness Hearing who has not sought and been granted by the Court permission to speak ten (10) calendar days prior to the Fairness Hearing. Any party has the right to object to any testimony or other evidence which a person objecting to the Agreement seeks to introduce.

22. No Settlement Class Member or other person shall be entitled to object to the Agreement, or the Final Judgment to be entered herein, or otherwise be heard, except by serving and filing written objections as described above. Any person who does not object in the manner prescribed above shall be deemed to have waived such objection in this or any other action or proceeding and shall be bound by all the terms and provisions of the Agreement and by all proceedings, orders and judgment in the Action.

23. The Court expressly reserves the right to do the following without further notice to the Settlement Class Members: (i) adjourn the Fairness Hearing, or any adjournment thereof; (ii) approve the Agreement with modification(s) approved by the Settling Parties; and (iii) modify the Plan of Allocation.

24. Neither AIG nor AIG's counsel shall have any responsibility for any Plan of Allocation of the Escrow Account or any application for an Attorneys' Fees and Expenses Award submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness and adequacy of the Agreement. Lead Counsel shall be responsible for the apportionment of fees and expenses amongst Lead Plaintiff's counsel.

25. Pending final determination of whether the Agreement should be approved, Lead Plaintiff, all putative Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts the Released Claims against the Released Persons.

26. Subject to Paragraph XI.S of the Agreement, the administration of the proposed Agreement and the determination of all disputed questions of law and fact with respect to the validity of any claim or right of any person to participate in the distribution of the Escrow Account shall be under the authority of this Court.

27. The Court retains jurisdiction over the Action to consider all further matters arising out of or connected with the Agreement.

Dated: New York, New York
       October 5, 2011

_Deborah A. Batts_
The Honorable Deborah A. Batts
United States District Court for the Southern District of New York

-12-