## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **IN RE: AMERICAN INTERNATIONAL** ) | |
| **GROUP, INC. SECURITIES LITIGATION** ) | **Master File No. 1:04-cv-8141 (DAB)** |
| ) | |
| ) | |

## OBJECTIONS, PROOF OF MEMBERSHIP IN CLASS AND NOTICE OF INTENT TO APPEAR, BY COUNSEL, AT THE JANUARY 31, 2012 FAIRNESS HEARING

Objectors, Rinis Travel Service Inc. Profit Sharing Trust (PST) U/A 06/01/89; Rinis

Travel Service Inc. Profit Sharing Plan (PSP) U/A 06/01/89, Alan Rothstein, and Mollye

Rothstein hereinafter the Rinis Objectors, by and through their undersigned counsel, hereby:

provide information needed to demonstrate their membership in the settlement class; give notice

of their intent to appear by counsel at the fairness hearing, object to the proposed settlement; and

say:

### PROOF OF MEMBERSHIP IN THE SETTLEMENT CLASS

Rinis Travel Service Inc. Profit Sharing Trust (PST) U/A 06/01/89; Rinis Travel Service

Inc. Profit Sharing Plan (PSP) U/A 06/01/89 are each members of the settlement class having each

received a long-form notice from the settlement administrator, RUST CONSULTING, Inc.

Objector Rinis Travel Service Inc. Profit Sharing Trust (PST) U/A 06/01/89 is Rust Consulting's

Claimant ID Numbers 0001111585, 0001120917 and 0071887746; and Rinis Travel Service Inc.

Profit Sharing Plan (PSP) U/A 06/01/89 is Rust Consulting's Claimant ID Number 0001111586.

On the face of each of the long form notices is the following Black Box information: "Our records

indicate that you submitted a proof of claim form in connection with the previously announced

PwC settlement. You <u>DO Not</u> need to complete a new Proof of Claim form. *Instead*, you'll be

1

receiving a release form shortly. ...". Attached hereto and incorporated herein by reference are the Rinis Objectors' schedule of transactions in AIG common stock during the class period, October 28, 1999 through and including April 1, 2005. The Rinis Objectors' address and telephone number are 9517 Georgia Ave., Silver Spring, MD 20910; (352) 378-9859. Alan Rothstein and Mollye Rothstein are each members of the settlement class; each of them objected to the PwC proposed settlement, and both of them are appellants regarding this court's approval of the notice in that proposed settlement In the United States Court of Appeals For the Second Circuit, Case No. 10-5038. Attached hereto and incorporated herein by reference are Alan Rothstein and Mollye Rothstein's schedule of transactions in AIG common stock during the class period, October 28, 1999 through and including April 1, 2005. Alan Rothstein and Mollye Rothstein's address and telephone number are 626 NW 1st St, Gainesville, FL 32601, (352) 376-7650.

## NOTICE OF INTENT TO APPEAR

The Rinis Objectors hereby give notice of their intent to appear, by counsel, at the Fairness Hearing before the Honorable Deborah A. Batts, United States District Judge at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl St. New York, NY. In Courtroom 24B on January 31, 2012 at 11:00 AM. The Rinis Objectors will cross-examine witnesses and present legal arguments addressing the statutory and constitutional deficiencies of the "Notice of Proposed Settlement, Motion for Attorneys Fees and Expenses Award and Fairness Hearing." (Hereinafter the Notice) The Rinis Objectors do not intend to offer documents into evidence or call witnesses.

2

## OBJECTIONS

1.      Lead Counsel for Plaintiffs and the settling defendants violated the notice

requirements of the Private Securities Litigation Reform Act of 1995, Pub. L. 104-67, 109 Stat.

737 ( hereinafter PSLRA) by failing to provide a "Statement of Potential Outcome of Case" that

comports with the PSLRA in the Notice provided to the Rinis Objectors and all other known

unnamed class members.

2.      The Notice in paragraph 3 on page 2 has a section entitled "Statement of Potential

Outcome if the Case Against AIG Continued". It provides:

> Lead plaintiff and the AIG (collectively, the "settling parties") do not agree
> on the average amount of damages per share that would be recoverable even if lead
> plaintiff was to prevail on the claims asserted against AIG. AIG denies all liability.
> In addition, the settling parties disagree on, among other things: (i) whether certain
> statements made by AIG were false; (ii) whether AIG knew, or was severely
> reckless in not knowing, that certain of its statements and omissions about AIG's
> business and financial results were false and misleading; (iii) whether the alleged
> misstatements and omissions were material to investors; (iv) whether AIG engaged
> in actions constituting market manipulation of its securities; (v) the amount of
> inflation, if any, caused by the alleged misrepresentations and omissions; (vi) the
> amount of damages, if any, caused by the alleged market manipulation of AIG
> securities (vii) the appropriate economic models for determining the amounts by
> which AIG's securities were allegedly artificially inflated (if at all) during the class
> period; (viii) the effect of various market forces influencing the trading prices of
> AIG's securities during the class period; and (ix) whether a class should have been
> certified for purposes other than the settlement.

3.      The PSLRA, which governs the notice in the instant case, explicitly requires that

any proposed or final settlement that is provided to the class shall include both of the following:

> 1)      a statement of the amount of distribution under the settlement in the
>
>         aggregate and on an average per share basis (15 U.S.C. §78u-4(a)(7)(A));
>
>         and,

3

2)      a separate and distinct Statement of the Potential Outcome of the Case (15

U.S.C. §78u-4(a)(7)(B)(i)(ii) and (iii)).

4.      The Statement of the Potential Outcome of the Case provides, in the alternative, in

sections (i) and (ii) that if the settling parties agree on the average amount of damages, then they

only have to include a statement concerning "the average amount of such potential damages per

share." 15 U.S.C. §78u-4(a)(7)(B)(I); or, if the parties disagree on the average amount of

damages per share that would be recoverable if the plaintiff prevailed on each claim alleged under

the PSLRA, then the notice must include "a statement from each settling party concerning the

issue or issues on which the parties disagree." 15 U.S.C. §78u-4(a)(7)(B)(ii).

5.      In context, remembering that this subsection of the PSLRA 's is entitled

"Statement of the Potential Outcome of the Case," 15 U.S.C. §78u-4(a)(7)(B)(ii) clearly requires

each party to disclose in the notice provided to the class what they believe to be "the average

amount of such potential damages per share." Any other reading of the statutory language, "a

statement from each settling party concerning the issue or issues on which the parties disagree",

would be either out of context or disingenuous.

6.      Furthermore, 15 U.S.C. §78u-4(a)(7)(B)(iii) clarifies clauses (i) and (ii) by

providing: "A statement made in accordance with clause (i) or (ii) concerning the amount of

damages shall not be admissible in any Federal or State judicial action or administrative

proceeding, other than an action or proceeding arising out of such statement."

7.      In this matter, the bulk of the Notice in paragraph 3 on page 2 is a joint statement

concerning eight issues of proof that would arise at trial followed by a question concerning class

certification.   That is because the Notice only needs "a statement from each settling party

4

concerning the issue or issues on which the parties disagree." Under 15 U.S.C. §78u -

4(a)(7)(B)(ii) the issue or issues on which the parties disagree is "the average amount of such

potential damages per share."

8.    An exemplar of a proper paragraph pursuant to 15 U.S.C. §78u-4(a)(7)(B)(ii)

would be:

> Lead plaintiff and the AIG (collectively, the "settling parties") do not agree
> on the average amount of damages per share that would be recoverable even if
> Lead  Plaintiff was to prevail on the claims asserted against AIG. (i) AIG believes
> that the average amount of damages per share that would be recoverable if the Lead
> Plaintiff prevailed on each claim alleged is 22.83¢.  AIG disagrees with Lead
> Plaintiff in this regard because the parties are using different economic models for
> determining the amounts by which AIG securities were artificially inflated during
> the class period; and the economic model used by Lead Plaintiff severely inflates
> the damage per share experienced by class members.  (Ii) Lead plaintiff believes
> that the average amount of damages per share that would be recoverable if the
> plaintiff prevailed on each claim alleged is $1.1283.  Lead Plaintiff disagrees with
> AIG in this regard because the economic model used by AIG to determine the
> amounts by which AIG securities were artificially inflated during the class period
> is not generally accepted and grossly undervalues the damage per share
> experienced by class members.

9.    The Notice is also defective because it does not meet minimum constitutional due

process requirements with regard to providing class members with notice and an opportunity to be

heard.

10.    The Notice subsection " What If I Want to Object to the Settlement? When and

Where Will the Court Decide Whether to Approve the Settlement?  May I Speak at the Hearing If

I Do Not like the Settlement?" ( pages 20 and 21) is constitutionally deficient because:

A.    The Notice fails to inform objecting class members right to retain their own

counsel and be represented by such counsel at the Fairness Hearing.

B.  The Notice fails to inform class members of the name of the judge who will be conducting the Fairness Hearing, currently scheduled for January 31, 2012.

C.  The Notice fails to inform class members of the courthouse address, the courtroom number and the time of the January 31, 2012 Fairness Hearing.

D.  The Notice fails to inform class members that the purpose of the January 31, 2012 Fairness Hearing is to determine if the proposed settlement is fair, adequate and reasonable.

11.  In light of both class counsel's failure to follow the notice requirements of the PSLRA with regard to The Notice to absent class members; the overt constitutional due process deficiencies of The Notice; and, the size of the settlement fund, objectors maintain that the proposed attorney's fee is both unreasonable and excessive.

12.  The Rinis objectors hereby adopt all other meritorious and timely filed objections that are not inconsistent with these objections

WHEREFORE, The Rinis Objectors respectfully request that this Court to sustain these Objections and enter such Orders as are necessary and just to adjudicate these Objections including but not limited to: this Court not approving the proposed settlement because of the improper notice to the class; and requiring class counsel and the settling defendants to craft a new notice that complies with the PSLRA and then to re-notice the class.  And granting such other relief that this court deems necessary or proper so as to alleviate the inherent unfairness, inadequacy and unreasonableness of the proposed Settlement.

## MEMORANDUM IN SUPPORT OF THE FOREGOING OBJECTIONS

The PSLRA requires the notice to class members of a proposed settlement to include a

6

Statement of the Potential Outcome of the Case 15 U.S.C. §78u-4(a)(7)(B)(i)(ii) and (iii). The Notice in this matter violates the notice requirements of the PSLRA because it fails to provide a Statement of Potential Outcome of Case that complies with the PSLRA notice requirement set forth in 15 U.S.C. §78u-4(a)(7)(B)(ii). The proviso this PSLRA notice provision is that it requires the settling parties to assume that the plaintiff has prevailed on each claim alleged. Therefore, there is no issue of liability as the parties are required by the PSLRA to assume, for notice purposes, that liability has been established as to each count. In this light, the "Statement of Potential Outcome if the Case Against AIG Continued" (The Notice, page 2 paragraph 3) is clearly noncompliant as it fails to assume liability. The bolded language highlights Objectors' point.

> Lead plaintiff and the AIG (collectively, the "settling parties") do not agree on the average amount of damages per share that would be recoverable even if lead plaintiff was to prevail on the claims asserted against AIG. **AIG denies all liability**. In addition, the settling parties disagree on, among other things: (I) **whether certain statements made by AIG were false; (ii) whether AIG knew, or was severely reckless in not knowing, that certain of its statements and omissions about AIG's business and financial results were false and misleading; (iii) whether the alleged misstatements and omissions were material to investors; (iv) whether AIG engaged in actions constituting market manipulation of its securities;** (v) the amount of inflation, **if any,** caused by the alleged misrepresentations and omissions; (vi) the amount of damages, **if any,** caused by the alleged market manipulation of AIG securities (vii) the appropriate economic models for determining the amounts by which AIG's securities were allegedly artificially inflated (if at all) during the class period; (viii) the effect of various market forces influencing the trading prices of AIG's securities during the class period; and (ix) **whether a class should have been certified for purposes other than the settlement.**

The Statement of the Potential Outcome of the Case provides, in the alternative, that if the settling parties agree on the average amount of damages, then they only have to include a statement concerning "the average amount of such potential damages per share." 15 U.S.C. §78u-

7

4(a)(7)(B)(i); or, if the parties disagree on the average amount of damages per share that would be recoverable if the plaintiff prevailed on each claim alleged under the PSLRA, then the notice must include "a statement from each settling party concerning the issue or issues on which the parties disagree." 15 U.S.C. §78u-4(a)(7)(B)(ii).  The third section, 15 U.S.C. §78u-4(a)(7)(B)(iii) clarifies the previous two. Subsection (iii) provides: "A statement made in accordance with clause (i) or (ii) **concerning the amount of damages** shall not be admissible in any Federal or State judicial action or administrative proceeding, other than an action or proceeding arising out of such statement." (emphasis added)  By specifically providing for the inadmissability, in any other Federal or State judicial action or administrative proceeding, of any admission as to the average amount of damages per share, pursuant to clause (i) or (ii), set forth in a PSLRA Notice Congress clearly contemplated that both section (i) disclosure and section (ii) disclosure would include statements concerning the amount of damages.

      To date, only one circuit has addressed the PSLRA's notice requirements.  The Ninth Circuit explicitly found,  "The PSLRA requires that a settlement notice include a statement of 'the average amount of damages per share that would be recoverable if the plaintiff prevailed on each claim alleged.' 15 U.S.C. §78u-4(a)(7)(B)." *In re Veritas Software Corp. Securities Litigation*, 496 F.3d 962, 969 (2007).  Furthermore, "[i]t is clear that the purpose of the notice requirement is to allow class members to evaluate a proposed settlement.  With sufficient notice, class members can compare the recovery per share under the settlement with the potential damages per share if the class prevailed at trial and weigh the risks and rewards of proceeding to trial or participating in the proposed settlement. The Conference Committee Report notes that the PSLRA requires improved settlement notices to class members because '[c]lass members often receive insufficient

8

notice of the terms of a proposed settlement and, thus, have no basis to evaluate the settlement.' H.R.Rep. No. 104-369, at 36 (1995), reprinted in 1995 U.S.C.C.A.N. 730, 735." *Id.*

In *Veritas* the Ninth Circuit held that "[t]he absence of adequate notice injects a fatal flaw into the entire settlement process and undermines the district court's analysis of the fairness of the settlement. . ." *Id.* at 972. The Court reasoned that since the district court cannot approve a class action settlement without giving class members an adequate opportunity to object, and the inadequate notice may have discouraged other objectors from speaking up, the limited number of objectors was insignificant in light of the inadequacy of the notice. *Id.* The Court vacated the district court's approval of the settlement and remanded for new notice to the class. *Id*

Disclosure of settlement terms to class members under subpart (a)(7) of the PSLRA (15 U.S.C. §78u-4(a)(7)) is an intrinsic part of the act, and compliance by litigants and the District Courts is not optional. "One of the concerns Congress had in enacting the PSLRA was to ensure that class members received sufficient, **comprehensive notice** so that they could evaluate proposed settlements intelligently." *In re Independent Energy Holdings PLC Securities Litigation*, 302 F.Supp.2d 180, 184 (S.D.N.Y. 2003), *citing* S.Rep. No. 104-98 at 12 (1995) (emphasis added). In order to intelligently evaluate a settlement, any settlement, the settling party must know at least two things: what he/she will receive under the settlement, and what he/she could have received if litigation had continued. By failing to include any information about the average amount of damages that would have been recoverable if the Lead Plaintiff prevailed, the settling parties deprived absent class members of the ability to intelligently evaluate the settlement, in contravention of the purpose and requirements of the PSLRA. *See Synfuel Technologies, Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 653 (7th Cir. 2006).

9

Furthermore, parties should not be able to circumvent the purpose of the PSLRA notice requirement merely by stating that they do not agree on the average per share damages if plaintiff prevailed. Why would any defendant ever agree to the amount of per share damages, if refusal to agree then allows for publication of a Class Notice devoid of all information regarding per share damages? In order to give effect to the statute's purpose, even if the parties disagree, the notice must state the amount each party believes plaintiffs would recover if they prevailed on all claims. A mere recitation of boilerplate reasons for the party's differing opinions on liability for damages is insufficient to allow class members to make intelligent, informed decisions about their participation in the class.

The Notice in the instant case was insufficient to allow class members to evaluate the settlement and make an intelligent decision regarding their participation because the Notice failed to comply with the notice requirements of the PSLRA as articulated by the Ninth Circuit in *Veritas*. In the Notice although Paragraph 3 is titled "Statement of Potential Outcome if the Case Against AIG Continued". However that paragraph contains no information about the amount of damages per share class members would receive if plaintiff were to prevail on each claim alleged. PSLRA notice is supposed to address the potential damages recoverable, *assuming* liability is established and plaintiff prevails on each claim alleged, expressed as the average amount of such potential damages per share. Rather then address the parties disagreement regarding the amount of damages per share should plaintiffs prevail on each claim alleged; Paragraph 3 consists mostly of statements (set forth in full above) regarding liability issues upon which the parties disagree, including whether defendant's statements were false, whether defendant knew (or was reckless in not knowing) that its statements were false, whether the statements were material to investors, and the amount of inflation,

10

if any, caused by those statements. This Notice's list of areas of disagreement omits all of the required information, pursuant to the PSLRA, regarding each party's position on the average amount of damages per share that would be recoverable should plaintiffs prevail on each claim alleged.

Thus, the Notice is patently inadequate under the PSLRA, and this Court should not approve the proposed settlement because of the improper notice. Instead this Court should require class counsel and the settling defendants to craft a new notice that complies with the PSLRA and then to renotice the class.

DATED this 29 th day of December, 2011.

Respectfully submitted,

Paul Kerson
Leavitt, Kerson & Duane
228 East 45th Street, 17th Floor
New York, NY 10017
(212)973-9339
Bar No. PEK8789
kersonpaul@aol.com

N. Albert Bacharach, Jr.
Pro Hae Vice
Florida Bar Number: 209783
N. Albert Bacharach, Jr., PA
115 Northeast 6th Ave
Gainesville, FL 32601-3416
Direct: 352-378-9859
Fax: 352-338-1858
N.A.Bacharach@att.net

Objectors Signatures:

Michael J. Rinis for the Rinis Travel Service Inc. PST U/A 06/01/89 and PSP U/A 06/01/89

11

_____

Mollye Rothstein

_____

Alan Rothstein

12

**EXHIBIT**

| NAME | DATE | BOUGHT | PRICE | DATE | SOLD | PRICE |
|---|---|---|---|---|---|---|
| Alan & Marilyn Simon Rothstein JTWROS | 11/28/2005 01/21/2005 | 200 shs. 500 shs. | 68.90 66.51 | 11/01/2006 12/28/2007 | 300 shs. 400 shs. | 67.20 57.325 |
| Mollye Rothstein | 01/28/2005 | 200 shs. | 66.05 | 05/31/2005 | 200 shs. | 60.78 |
|  |  |  |  |  |  |  |

**PART II: SCHEDULE OF TRANSACTIONS IN AIG COMMON STOCK**

A.  **Number of shares of AIG common stock held** at the beginning of trading on **Oct. 28, 1999**
    *(If none, write "zero" or "0", if other than zero, must be documented):*

    | 87 |
    |---|

    Number of Shares

B.  **Purchases or other acquisitions** (including through exchange of HSB stock or AGC stock) of AIG common stock on or after **Oct. 28, 1999** through and including **April 1, 2005** (in chronological order):

| Trade Dates of Purchase *(list chronologically)* Month/Day/Year | Number of Shares Purchased | Purchase Price Per Share | Total Amount Paid *(excluding commissions, taxes & fees)* |
|---|---|---|---|
| 08/02/2000 | 10 | 85.8125 | $ 858 |
| 11/08/2001 | 10 | 80.6500 | $ 806 |
| 11/13/2001 | 65 | 80.8500 | $5,255 |
| 04/03/2001 | 5 | 80.2108 | $ 401 |
| | | | |
| | | | |
| | | | |

C.  Total number of shares of common stock purchased from April 2, 2005 to June 29, 2005, long or short *(If none, write "zero" or "0", If other than zero, must be documented)*:

    | 0 |
    |---|

    Number of Shares

D.  **Sales** on or after **Oct. 28, 1999** through and including **June 29, 2005** of AIG common stock (in chronological order):

| Trade Dates of Purchase *(list chronologically)* Month/Day/Year | Number of Shares Sold | Sale Price Per Share | Total Amount Received *(excluding commissions, taxes & fees)* |
|---|---|---|---|
| 09/07/2000 | 15 | 86.5560 | $1,298 |
| 09/08/2000 | 28 | 87.7864 | $2,457 |
| 02/28/2002 | 50 | 74.2223 | $3,711 |
| 07/24/2002 | 26 | 49.8102 | $1,295 |
| 09/17/2003 | 96 | 59.7046 | $5,731 |
| | | | |
| | | | |

E.  **Number of shares of AIG common stock held** at close of trading on **June 29, 2005**
    *(If none, write "zero" or "0", if other than zero, must be documented):*

    | 0 |
    |---|

    Number of Shares

* P A G E 2 - 6 *     * R U S T I D *

## PART II:  SCHEDULE OF TRANSACTIONS IN AIG COMMON STOCK

A.  **Number of shares of AIG common stock held** at the beginning of trading on **Oct. 28, 1999**
*(If none, write "zero" or "0", if other than zero, must be documented):*

| 0 |
|---|

Number of Shares

B.  **Purchases or other acquisitions** (including through exchange of HSB stock or AGC stock) of AIG common stock on or after **Oct. 28, 1999** through and including **April 1, 2005** (in chronological order):

| Trade Dates of Purchase *(list chronologically)* Month/Day/Year | Number of Shares Purchased | Purchase Price Per Share | Total Amount Paid *(excluding commissions, taxes & fees)* |
|---|---|---|---|
| 03/05/2003 | 36 | 48.1657 | $1,733 |
| 04/24/2003 | 9 | 55.8543 | $ 502 |
| 06/23/2003 | 18 | 56.7914 | $1,022 |
| 12/19/2003 | 12 | 64.3950 | $ 772 |
| 03/05/2004 | 20 | 74.5785 | $1,491 |
| 04/22/2004 | 11 | 73.5302 | $ 808 |
| 05/11/2004 | 13 | 70.4002 | $ 915 |

C.  Total number of shares of common stock purchased from April 2, 2005 to June 29, 2005,
long or short *(If none, write "zero" or "0", If other than zero, must be documented):*

| continued |
|---|

Number of Shares

D.  **Sales** on or after **Oct. 28, 1999** through and including **June 29, 2005** of AIG common stock (in chronological order):

| Trade Dates of Purchase *(list chronologically)* Month/Day/Year | Number of Shares Sold | Sale Price Per Share | Total Amount Received *(excluding commissions, taxes & fees)* |
|---|---|---|---|
| 10/04/2004 | 13 | 68.4171 | $ 889 |
| 01/06/2005 | 17 | 67.6058 | $1,149 |
| 02/15/2005 | 14 | 71.5690 | $1,001 |
| 03/31/2005 | 46 | 55.4077 | $2,548 |
| 10/26/2005 | 72 | 63.5082 | $4,572 |
|  |  |  |  |
|  |  |  |  |

E.  **Number of shares of AIG common stock held** at close of trading on **June 29, 2005**
*(If none, write "zero" or "0", if other than zero, must be documented):*

| 0 |
|---|

Number of Shares



* P A G E 2 - 6 *    * R U S T J D *

**PART II: SCHEDULE OF TRANSACTIONS IN AIG COMMON STOCK**

A. **Number of shares of AIG common stock held** at the beginning of trading on **Oct. 28, 1999**
*(If none, write "zero" or "0", if other than zero, must be documented):*

Number of Shares

B. **Purchases or other acquisitions** (including through exchange of HSB stock or AGC stock) of AIG common stock on or after **Oct. 28, 1999** through and including **April 1, 2005** (in chronological order):

| Trade Dates of Purchase *(list chronologically)* Month/Day/Year | Number of Shares Purchased | Purchase Price Per Share | Total Amount Paid *(excluding commissions, taxes & fees)* |
|---|---|---|---|
| 10/15/2004 | 12 | 58.6274 | $ 703 |
| 03/09/2005 | 31 | 66.9607 | $2,075 |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

C. Total number of shares of common stock purchased from April 2, 2005 to June 29, 2005, long or short *(If none, write "zero" or "0", If other than zero, must be documented):*

0

Number of Shares

D. **Sales** on or after **Oct. 28, 1999** through and including **June 29, 2005** of AIG common stock (in chronological order):

| Trade Dates of Purchase *(list chronologically)* Month/Day/Year | Number of Shares Sold | Sale Price Per Share | Total Amount Received *(excluding commissions, taxes & fees)* |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

E. **Number of shares of AIG common stock held** at close of trading on **June 29, 2005** *(If none, write "zero" or "0", if other than zero, must be documented):*

Number of Shares

* P A G E 2 - 6 *

* R U S T 1 D *

STATE OF NEW YORK, COUNTY OF        ss.:

<table>
<tr><td>☐</td><td>**Individual Verification**</td><td>being duly sworn says: I am the<br>in the action herein: I have read the annexed<br>know the contents thereof and the same are true to my knowledge, except those matters therein which are stated<br>to be alleged on information and belief, and as to those matters, I believe them to be true.</td></tr>
<tr><td>☐</td><td>**Corporate Verification**</td><td>the                  Of<br>a corporation, one of the parties to the action: I have read the annexed<br>know the contents thereof and the same are true to my knowledge, except those matters therein which are stated<br>to be alleged on information and belief, and as to those matters, I believe them to be true.<br>My belief, as to those matters therein not stated upon knowledge, is based upon the following:</td></tr>
</table>

Sworn to before me on       , 20

...............................................................

                              ...............................................................
                              (Print signer's name below signature)

STATE OF NEW YORK, COUNTY OF NEW YORK       ss.:

MAZEL YAKUBOV, being duly sworn says: I am not a party to the action, am over 18 years of age and reside at Queens County.

        On December 30, 2011, I served a true copy of the annexed Objections to Proposed Settlement

in the following manner:

<table>
<tr><td>☒</td><td>**Service By Mail**</td><td>by mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addressee(s) as indicated below:</td></tr>
<tr><td>☐</td><td>**Personal Service on Individual**</td><td>by delivering the same personally to the persons and at the addresses indicated below:</td></tr>
<tr><td>☒</td><td>**Service by Electronic Means**</td><td>by transmitting the same to the attorney by electronic means to the telephone number or other station or other limitation designated by the attorney for that purpose. In doing so I received a signal from the equipment of the attorney indicating that the transmission was received, and mailed a copy of same to that attorney, in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addressee(s) as indicated below:</td></tr>
<tr><td>☐</td><td>**Overnight Delivery Service**</td><td>by depositing the same with an overnight delivery service in a wrapper properly addressed. Said delivery was made prior to the latest time designated by the overnight delivery service for overnight delivery. The address and delivery service are indicated below:</td></tr>
</table>

Clerk of the Court
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007

Thomas A. Dubbs, Esq.
Louis Gottlieb, Esq.
Labaton Sucharow LLP
Attorneys for Lead Plaintiff and the Settlement Class
140 Broadway
New York, NY 10005

Daniel J. Kramer, Esq.
Daniel J. Leffell, Esq.
Paul, Weiss, Rifkind, Wharton & Garrison LLP
Attorneys for Defendant PwC
1285 Avenue of the Americas
New York, NY 10019

Sworn to before me on December 30, 2011

...............................................................

        PAUL E. KERSON
Notary Public, State of New York
      No. 4643475
    Qualified in Westchester County
Commission Expires

...............................................................
        MAZEL YAKUBOV

Master File No. 04 Civ. 8141 (JES)(AJP)
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE AMERICAN INTERNATIONAL GROUP,
INC. SECURITIES LITIGATION

This Document Relates To: All Actions

## OBJECTIONS TO PROPOSED SETTLEMENT

### LEAVITT, KERSON & DUANE
Attorneys for Objectors, Alan Rothstein
and Marilyn Simon Rothstein JTWROS
228 E. 45th St., Suite 1700
New York, NY  10017

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certified that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

Dated: _____        Signature: _____

Print Signer's Name _____

*Service of a copy of the within*      *is hereby admitted.*

Dated:       ...........................................................................

Attorney(s) for

**PLEASE TAKE NOTICE**

☐ **Notice of Entry**   that the within is a (certified) true copy of a
entered in the office of the clerk of the within Court on

☐ **Notice of Settlement**   that an    of which the within is a true copy will be
presented for settlement to the Hon.    one of the Judges    of the
within named Court, at    on   , 20   at 9:30   a.m.

LEAVITT, KERSON & DUANE
Attorneys for Objectors, Alan Rothstein
and Marilyn Simon Rothstein JTWROS
228 E. 45th St., 17th Floor
New York, NY 10017

To: