# Exhibit 3

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re VERITAS SOFTWARE CORPORATION SECURITIES LITIGATION ) ) ) | Master File No. C-03-0283-MMC |
| ) | **CLASS ACTION** |
| **This Document Relates To:** ) ) | |
| ALL ACTIONS. ) ) ) | **REVISED NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION** |

*IF YOU PURCHASED OR ACQUIRED VERITAS SOFTWARE CORPORATION SECURITIES BETWEEN JANUARY 3, 2001 AND JANUARY 16, 2003, YOU COULD GET A PAYMENT FROM A CLASS ACTION SETTLEMENT.*

A federal court authorized this Notice.  This is not a solicitation from a lawyer.

**Securities and Time Period:**  VERITAS Software Corporation ("VERITAS") common stock, 5.25% Convertible Subordinated Notes due 2004 ("5.25% Notes"), 1.856% Convertible Subordinated Notes due 2006 ("1.856% Notes"), and options purchased or acquired between January 3, 2001 and January 16, 2003.

**Settlement Fund:**  $35,000,000 in cash.  Your recovery will depend on the amount of securities purchased and the timing of your purchases and any sales.  Depending on the number and type of eligible securities that participate in the settlement and when those securities were purchased and sold, the estimated average recovery per share of common stock will be approximately $0.25 before deduction of court-approved fees and expenses.  The recovery for other securities cannot be accurately estimated.

**Reasons for Settlement:**  Avoids the costs and risks associated with continued litigation, including danger of no recovery.  At the time a settlement was reached, the Court had dismissed the complaint twice and the third motion to dismiss was pending.

**If the Case Had Not Settled:**  Continuing with the case could have resulted in dismissal or loss at trial.  The two sides do not agree on the amount of money that could have been won if Lead Plaintiffs prevailed at trial.  The parties disagree about: (1) the method for determining whether VERITAS securities were artificially inflated during the relevant period; (2) the amount of any such inflation; (3) the extent that various facts alleged by Lead Plaintiffs were materially false or misleading; (4) the extent that various facts alleged by Lead Plaintiffs influenced the trading price of VERITAS securities during the relevant period; and (5) whether the facts alleged were material, false, misleading or otherwise actionable under the securities laws.

**Attorneys' Fees and Expenses:**  Lead Counsel have not received any payment for their work investigating the facts, conducting this litigation and negotiating the settlement on behalf of the Lead Plaintiffs and the Settlement Class.  Court-appointed Lead Counsel will ask the court for attorneys' fees of approximately 23.23% of the Settlement Fund and reimbursement of out-of-pocket expenses not to exceed $700,000 to be paid from the Settlement Fund.  If the above amounts are requested and approved by the Court, the average cost per share of common stock will be $0.063.

**Deadlines:**

| | |
|---|---|
| Submit Claim: | August 16, 2005 |
| Request Exclusion: | July 5, 2005 |
| File Objection: | July 5, 2005 |

**Court Hearing on Fairness of Settlement:**   July 29, 2005

**More Information:**   www.rg2claims.com or

| | |
|---|---|
| Claims Administrator: | Lead Counsel: |
| RG/2 Claims Administration LLC | Rick Nelson |
| P.O. Box 59479 | Shareholder Relations |
| Philadelphia, PA 19102 | Lerach Coughlin Stoia Geller Rudman & Robbins LLP |
| | 401 B Street, Suite 1600 |
| | San Diego, CA  92101-4297 |

*QUESTIONS?  CALL 215-979-1620 OR VISIT:*
*WWW.RG2CLAIMS.COM*

- Your legal rights are affected whether you act or don't act. Read this Notice carefully.

## YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT

**SUBMIT A CLAIM FORM** . . . The only way to get a payment.
**EXCLUDE YOURSELF** . . . . . . Get no payment. This is the only option that allows you to participate in another lawsuit against the Defendants relating to the legal claims in this case.
**OBJECT** . . . . . . . . . . . . . . . . . . . You may write to the Court if you don't like this settlement.
**GO TO A HEARING** . . . . . . . . . You may ask to speak in Court about the fairness of the settlement.
**DO NOTHING** . . . . . . . . . . . . . . Get no payment.

- These rights and options - *and the deadlines to exercise them* - are explained in this Notice.
- The Court in charge of this case must decide whether to approve the settlement. Payments will be made if the Court approves the settlement and, if there are any appeals, after appeals are resolved. Please be patient.

## BASIC INFORMATION

1. **Why Did I Get This Notice Package?**

You or someone in your family may have purchased or acquired shares of VERITAS securities between January 3, 2001 and January 16, 2003.

The Court sent you this Notice because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the settlement. If the Court approves it and after any objections or appeals are resolved, the Claims Administrator appointed by the Court will make the payments that the settlement allows.

This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Northern District of California, and the case is known as *In re VERITAS Software Corporation Securities Litigation*, Master File No. C-03-0283-MMC. The people who sued are called the Lead Plaintiffs, and the company and the individuals they sued, VERITAS, Mark Leslie, Gary Bloom, Kenneth Lonchar and Paul Sallaberry, are called the Defendants.

2. **What Is This Lawsuit About?**

This case was brought as a class action alleging that the Defendants falsified VERITAS' financial results in order to meet or exceed Wall Street analysts' expectations, resulting in the artificial inflation of the price of VERITAS securities between January 3, 2001 and January 16, 2003. Defendants deny that they did anything wrong.

3. **Why Is This a Class Action?**

In a class action, one or more people called class representatives (in this case the court-appointed Lead Plaintiffs, Construction Industry and Carpenters Joint Pension Trust for Southern Nevada, United Food and Commercial Workers Union Local 880 - Retail Food Employers Joint Pension Fund, Hawaii Electricians Annuity Fund and Hawaii Electricians Pension Fund), sue on behalf of people who have similar claims. Here, all these people are called a Settlement Class or Settlement Class Members. One court resolves the issues for all Settlement Class Members, except for those who exclude themselves from the Settlement Class. Judge Maxine M. Chesney is in charge of this class action.

4. **Why Is There a Settlement?**

The Court did not decide in favor of Lead Plaintiffs or Defendants. Instead, both sides agreed to a settlement. That way, they avoid the cost of a trial, and eligible Settlement Class Members who make a valid claim will get compensation. The Lead Plaintiffs and their attorneys think the settlement is best for all Settlement Class Members.

## WHO IS IN THE SETTLEMENT

To see if you will get money from this settlement, you first have to determine if you are a Settlement Class Member.

5. **How Do I Know if I Am Part of the Settlement?**

The Settlement Class includes *all persons who purchased or acquired shares of VERITAS securities between January 3, 2001 and January 16, 2003, except those persons and entities that are excluded, as described below.*

2

6. **What Are The Exceptions to Being Included?**

You are not a Settlement Class Member if you are a Defendant, a member of the immediate family of one of the individual defendants listed in question 1, an entity in which any Defendant has or had a controlling interest, a current or former director or officer of VERITAS, a legal representative, heir, successor, or assign of any excluded party.

If you sold VERITAS securities between January 3, 2001 and January 16, 2003, that alone does not make you a Settlement Class Member. You are a Settlement Class Member only if you purchased or acquired VERITAS securities between January 3, 2001 and January 16, 2003.

7. **I'm Still Not Sure if I Am Included.**

If you are still not sure whether you are included, you can ask for free help. You can call Rick Nelson at 619-231-1058 for more information. Or you can fill out and return the claim form described in question 10, to see if you qualify.

## THE SETTLEMENT BENEFITS - WHAT YOU GET

8. **What Does the Settlement Provide?**

Defendants have agreed to pay $35 million in cash to be divided among all eligible Settlement Class Members who send in valid claim forms, after payment of court-approved attorneys' fees and expenses and the costs of claims administration, including the costs of printing and mailing this Notice and the cost of publishing newspaper notice (the "Net Settlement Fund").

9. **How Much Will My Payment Be?**

Your share of the fund will depend on the number of valid claim forms that Settlement Class Members send in and how many shares of securities you purchased during the relevant period and when you bought and sold them. A claim will be calculated as follows:

### Common Stock

(a) For shares of VERITAS Software common stock that were *purchased, or otherwise acquired on 1/3/2001 through 11/14/2002*, and

    (i) sold on or before 11/14/2002, the claim per share is the lesser of (a) the purchase price less the sales price, or (b) $0.10;

    (ii) retained at the close of trading on 11/14/2002, the claim per share is the lesser of (a) the purchase price less $16.75 (11/15/2002 closing price), or (b) $1.32.

(b) For shares of VERITAS Software common stock that were *purchased, or otherwise acquired on 11/15/2002 through 1/16/2003*, and

    (i) sold on or before 1/16/2003, the claim per share is the lesser of (a) the purchase price less the sales price, or (b) $0.10;

    (ii) retained at the close of trading on 1/16/2003, the claim per share is the lesser of (a) the purchase price less $17.47 (1/17/2003 closing price), or (b) $0.10.

### VERITAS 5.25% Convertible Subordinated Notes Due 2004 ("5.25% Notes")

(c) For 5.25% Notes that were *purchased, or otherwise acquired on 1/3/2001 through 11/14/2002*, and

    (i) sold on or before 11/14/2002, the claim per $1,000 par value 5.25% Note is the lesser of (i) the purchase price less the sales price, or (ii) $10.47;

    (ii) retained at the close of trading on 11/14/2002, the claim per $1,000 par value 5.25% Note is the lesser of (i) the purchase price less $1,795.00, or (ii) $138.14.

(d) For 5.25% Notes that were *purchased, or otherwise acquired on 11/15/2002 through 1/16/2003*, and

    (i) sold on or before 1/16/2003, the claim per $1,000 par value 5.25% Note is the lesser of (i) the purchase price less the sales price, or (ii) $10.47;

    (ii) retained at the close of trading on 1/16/2003, the claim per $1,000 par value 5.25% Note is the lesser of (i) the purchase price less $1,866.20, or (ii) $10.47.

### **VERITAS 1.856% Convertible Subordinated Notes Due 2006 ("1.856% Notes")**

(e) For 1.856% Notes that were *purchased, or otherwise acquired on 1/3/2001 through 11/14/2002*, and

(i) sold on or before 11/14/2002, the claim per $1,000 par value 1.856% Note is the lesser of (i) the purchase price less the sales price, or (ii) $2.79;

(ii) retained at the close of trading on 11/14/2002, the claim per $1,000 par value 1.856% Note is the lesser of (i) the purchase price less $863.70, or (ii) $36.87.

(f) For 1.856% Notes that were *purchased, or otherwise acquired on 11/15/2002 through 1/16/2003*, and

(i) sold on or before 1/16/2003, the claim per $1,000 par value 1.856% Note is the lesser of (i) the purchase price less the sales price, or (ii) $2.79;

(ii) retained at the close of trading on 1/16/2003, the claim per $1,000 par value 1.856% Note is the lesser of (i) the purchase price less $880.00, or (ii) $2.79.

### **VERITAS Call Options**

(g) For Call Options on VERITAS common stock that were *purchased on 1/3/2001 through 1/16/2003*, and

(i) *open* at the close of trading on 11/14/2002, the claim per Call Option is the difference between the price paid for the Call Option less the proceeds received upon the settlement of the Call Option Contract;

(ii) *not open* at the close of trading on 11/14/2002, the claim per Call Option is $0.

(h) For Call Options on VERITAS common stock that were *written on 1/3/2001 through 1/16/2003*, and

(i) *open* at the close of trading on 11/14/2002, the claim per Call Option is the difference between the amount paid upon settlement of the Call Option contract less the initial proceeds received upon the sale of the Call Option contract.

(ii) *not open* at the close of trading on 11/14/2002, the claim per Call Option is $0.

### **VERITAS Put Options**

(i) For Put Options on VERITAS common stock that were *written on 1/3/2001 through 1/16/2003*, and

(i) *open* at the close of trading on 11/14/2002, the claim per Put Option is the difference between the amount paid upon settlement of the Put Option contract less the initial proceeds received upon the sale of the Put Option contract.

(ii) *not open* at the close of trading on 11/14/2002, the claim per Put Option is $0.

(j) For Put Options on VERITAS common stock that were *purchased on 1/3/2001 through 1/16/2003*, and

(i) *open* at the close of trading on 11/14/2002, the claim per Put Option is the difference between the price paid for the Put Option less the proceeds received upon the settlement of the Put Option contract.

(ii) *not open* at close of trading on 11/14/2002, the claim per Put Option is $0.

In the case the option was exercised for VERITAS common stock, the amount paid, or proceeds received, upon the settlement of the option contract equals the intrinsic value of the option using VERITAS common stock's closing price on the date the option was exercised. In addition, for the purposes of this allocation, the total aggregate allowed claims for option holders shall not exceed 2% of the Net Settlement Fund.

The payment you get will reflect your pro rata share of the Net Settlement Fund. Depending on the number and type of eligible securities that participate in the settlement and when those shares were purchased and sold, the estimated average payment for common stock will be approximately $0.25 for each share before deduction of court-approved fees and expenses. The number of claimants who send in claims varies widely from case to case. If fewer than anticipated Settlement Class Members send in a claim form, you could get more money.

The date of acquisition or sale is the "contract" or "trade" date as distinguished from the "settlement" date.

For Settlement Class Members who held VERITAS securities at the beginning of the Settlement Class Period or made multiple purchases or sales during the Settlement Class Period, the first-in, first-out ("FIFO") method will be applied to such holdings, purchases and sales for purposes of calculating a claim. Under the FIFO method, sales of securities during the Settlement Class Period will be matched, in chronological order, first against securities held at the beginning of the Settlement Class Period. The remaining sales of securities during the Settlement Class Period will then be matched, in chronological order, against securities purchased during the Settlement Class Period.

A Settlement Class Member will be eligible to receive a distribution from the Net Settlement Fund only if a Settlement Class Member had a net loss, after all profits from transactions in VERITAS securities during the Settlement Class Period are subtracted from all losses.

## HOW YOU GET A PAYMENT - SUBMITTING A CLAIM FORM

**10.  How Will I Get a Payment?**

To qualify for payment, you must be an eligible Settlement Class Member and you must send in a claim form. A claim form is enclosed with this Notice. Read the instructions carefully, fill out the form, include all the documents the form asks for, sign it, and mail it in an envelope postmarked no later than August 16, 2005.

**11.  When Will I Get My Payment?**

The Court will hold a hearing on July 29, 2005, to decide whether to approve the settlement. If Judge Chesney approves the settlement, there may be appeals. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps several years. Everyone who sends in a claim form will be informed of the determination with respect to their claim. Please be patient.

**12.  What Am I Giving Up to Get a Payment or Stay in the Settlement Class?**

Unless you exclude yourself, you are staying in the Settlement Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against the Defendants about the same legal issues in this case. It also means that all of the Court's orders will apply to you and legally bind you and you will release your claims in this case against the Defendants. The terms of the release are included in the claim form that is enclosed.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a payment from this settlement, but you want to keep the right to sue or continue to sue the Defendants on your own about the same legal issues in this case, then you must take steps to get out of the Settlement Class. This is called excluding yourself or is sometimes referred to as opting out of the Settlement Class.

**13.  How Do I Get Out of the Settlement Class?**

To exclude yourself from the Settlement Class, you must send a letter by mail stating that you want to be excluded from *In re VERITAS Software Corporation Securities Litigation*, Master File No. C-03-0283-MMC. You must include your name, address, telephone number, your signature, and the number and type of VERITAS securities you purchased or acquired between January 3, 2001 and January 16, 2003, the number and type of securities sold during this time period, if any, and the dates of such purchases and sales. You must mail your exclusion request postmarked no later than July 5, 2005 to:

> *VERITAS Securities Litigation*
> Claims Administrator
> c/o RG/2 Claims Administration LLC
> P.O. Box 59479
> Philadelphia, PA 19102-9479

You cannot exclude yourself on the phone or by e-mail. If you ask to be excluded, you are not eligible to get any settlement payment, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit.

**14.  If I Do Not Exclude Myself, Can I Sue the Defendants for the Same Thing Later?**

No. Unless you exclude yourself, you give up any right to sue the Defendants for the claims resolved by this settlement. If you have a pending lawsuit against any of the Defendants, speak to your lawyer in that case immediately. Remember, the exclusion deadline is July 5, 2005.

15. **If I Exclude Myself, Can I Get Money from This Settlement?**

No. If you exclude yourself, do not send in a claim form. But, you may sue, continue to sue, or be part of a different lawsuit against the Defendants.

## THE LAWYERS REPRESENTING YOU

16. **Do I Have a Lawyer in This Case?**

The Court asked the law firm of Lerach Coughlin Stoia Geller Rudman & Robbins LLP to represent you and other Settlement Class Members.

These lawyers are called Lead Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

17. **How Will the Lawyers Be Paid?**

Lead Counsel will ask the Court for attorneys' fees of approximately 23.23% of the Settlement Fund (an average of $0.058 per share of common stock) and for reimbursement of their out-of-pocket expenses up to $700,000 ($0.005 per share of common stock), which were advanced in connection with the Litigation. The amount of the attorneys' fees requested reflects a fee agreement negotiation with Lead Plaintiffs. Such sums as may be approved by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

The attorneys' fees and expenses requested will be the only payment to Lead Counsel for their efforts in achieving this settlement and for their risk in undertaking this representation on a wholly contingent basis. To date, Lead Counsel have not been paid for their services for conducting this litigation on behalf of the Lead Plaintiffs and the Settlement Class nor for their substantial out-of-pocket expenses. The fee requested will compensate Lead Counsel for their work in achieving the Settlement Fund and is well within the range of fees awarded to class counsel under similar circumstances in other cases of this type. The Court may award less than this amount.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the settlement or some part of it.

18. **How Do I Tell the Court that I Don't Like the Settlement?**

If you are a Settlement Class Member, you can object to the settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter saying that you object to the settlement in *In re VERITAS Software Corporation Securities Litigation*, Master File No. C-03-0283-MMC. Be sure to include your name, address, telephone number, your signature, the number and type of VERITAS securities purchased and sold between January 3, 2001 and January 16, 2003, and the reasons you object to the settlement. Any objection to the settlement must be mailed or delivered such that it is received by each of the following no later than July 5, 2005:

>  *Court:*
>  Clerk of the Court
>  UNITED STATES DISTRICT COURT
>  NORTHERN DISTRICT OF CALIFORNIA
>  United States Courthouse
>  450 Golden Gate Avenue
>  San Francisco, CA 94102
>
>  *Lead Counsel for Plaintiffs:*
>  Joy Ann Bull
>  LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP
>  401 B Street, Suite 1600
>  San Diego, CA 92101
>
>  *Counsel for all Defendants except Kenneth Lonchar:*
>  Peri Nielsen
>  WILSON SONSINI GOODRICH & ROSATI, P.C.
>  650 Page Mill Road
>  Palo Alto, CA 94304-1050

19. **What's the Difference Between Objecting and Excluding?**

Objecting is simply telling the Court that you don't like something about the settlement. You can object *only if* you stay in the Settlement Class. Excluding yourself is telling the Court that you don't want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you don't have to.

20. **When and Where Will the Court Decide Whether to Approve the Settlement?**

The Court will hold a fairness hearing at 9:00 a.m., on July 29, 2005, at the United States Courthouse, 450 Golden Gate Avenue, San Francisco, California. At this hearing the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. Judge Chesney will listen to people who have asked to speak at the hearing. The Court will also consider how much to pay to Lead Counsel. The Court may decide these issues at the hearing or take them under consideration. We do not know how long these decisions will take.

21. **Do I have to Come to the Hearing?**

No. Lead Counsel will answer questions Judge Chesney may have. But, you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

22. **May I Speak at the Hearing?**

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your intention to appear in *In re VERITAS Software Corporation Securities Litigation*, Master File No. C-03-0283-MMC. Be sure to include your name, address, telephone number, your signature, and the number and type of VERITAS securities purchased between January 3, 2001 and January 16, 2003. Your notice of intention to appear must be postmarked no later than July 5, 2005, and be sent to the Clerk of the Court, Lead Counsel, and Defendants' counsel, at the three addresses listed in question 18. You cannot speak at the hearing if you exclude yourself from the Settlement Class.

## IF YOU DO NOTHING

23. **What Happens if I Do Nothing at All?**

If you do nothing, you'll get no money from this settlement. But, unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendants about the same legal issues in this case.

## GETTING MORE INFORMATION

24. **Are There More Details About the Settlement?**

This Notice summarizes the proposed settlement. More details are in the Stipulation of Settlement dated as of January 26, 2005, as amended May 4, 2005. You can get a copy of the Stipulation of Settlement by writing to Rick Nelson, c/o Lerach Coughlin Stoia Geller Rudman & Robbins LLP, 401 B Street, Suite 1600, San Diego, CA 92101 or from the Clerk's office at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA during regular business hours.

25. **How Do I Get More Information?**

You can call 619-231-1058 or write to Rick Nelson, Lerach Coughlin Stoia Geller Rudman & Robbins LLP, 401 B Street, Suite 1600, San Diego, CA 92101 or visit the website at www.rg2claims.com.

*DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE*

## SPECIAL NOTICE TO NOMINEES

  If you hold shares of any VERITAS securities purchased between January 3, 2001 and January 16, 2003 as nominee for a beneficial owner, then, within ten (10) days after you receive this Notice, you must either: (1) send a copy of this Notice by first class mail to all such Persons; or (2) provide a list of the names and addresses of such Persons to the Claims Administrator:

  *VERITAS Securities Litigation*
  Claims Administrator
  c/o RG/2 Claims Administration LLC
  P.O. Box 59479
  Philadelphia, PA 19102-9479

  If you choose to mail the Notice and Proof of Claim yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.

  Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for or advancement of reasonable administrative costs actually incurred or expected to be incurred in connection with forwarding the Notice and which would not have been incurred but for the obligation to forward the Notice, upon submission of appropriate documentation to the Claims Administrator.

DATED: May 6, 2005           BY ORDER OF THE COURT
                   UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF CALIFORNIA

*In re Veritas Software Corporation Securities Litigation*, USDC NORTHERN DISTRICT OF CALIFORNIA, Master File No. C-03-0283-MMC
TO: ALL PERSONS WHO PURCHASED OR ACQUIRED VERITAS SOFTWARE CORPORATION ("VERITAS") SECURITIES BETWEEN JANUARY 3, 2001 AND JANUARY 16, 2003

A Revised Notice of Pendency and Proposed Settlement of Class Action ("Notice") was mailed to you on or about May 6, 2005 advising you of the settlement of the litigation for $35,000,000. On November 15, 2005, the United States District Court for the Northern District of California (the "Court") approved the settlement and plan of allocation of settlement proceeds. An objector filed an appeal arguing that the Notice sent to Settlement Class Members was inadequate and objected to approval of the plan of allocation. The Ninth Circuit Court of Appeals remanded the case to the Court to issue a new notice to the Class that sets out what the per share recovery would have been if 100% of all eligible claimants submitted claims. The following additional information is provided and should be read in conjunction with the Notice that was mailed on or about May 6, 2005. That notice can be found at www.rg2claims.com and www.csgrr.com.

**Estimated Distribution Per Share:** If claims had been submitted for 100% of the eligible shares of Veritas common stock (which did not occur), it is estimated that the average distribution per share of Veritas common stock purchased on or before November 14, 2002 and held at the close of trading on November 14, 2002 would have been approximately $0.141, before deduction of Court-approved attorneys' fees and expenses. For all other shares of common stock purchased during the Settlement Class Period, the average distribution per share would have been approximately $0.012. Available information about the other securities in the settlement does not permit a useful estimate.

**Actual Distribution Per Share:** Claims processing was completed while the case was on appeal, and the actual average distributions per share before deduction of attorneys' fees and expense are:

For shares of common stock purchased prior to November 14, 2002 and held at the close of trading on November 14, 2002, the average distribution per share is $0.18. For other shares of common stock, the average distribution per share is $0.0135. The average distribution per bond is $1.21 and the average distribution per option contract is $27.42.

**Attorneys' Fees and Expenses:** On November 15, 2005, the Court awarded attorneys' fees of $6 million and expenses of $566,623.24 resulting in a total fee award of 18.76% of the Settlement Fund. If claims had been submitted for 100% of the eligible shares of Veritas common stock, it is estimated that the average cost of the fee award per share of common stock purchased on or before November 14, 2002 and held at the close of trading on November 14, 2002 is $0.026. For all other shares purchased during the Settlement Class Period, the average cost of the fee award per share is $0.002. Available information about the other securities in the settlement does not permit a useful estimate of the impact of the fee award on those securities.

Lead Counsel will not seek reimbursement for the additional fees or expenses incurred due to the appeal and the remand to the Court.

**Approval Hearing:** The Court will hold a hearing at 9:00 a.m. on February 22, 2008 at the U.S. Courthouse, 450 Golden Gate Avenue, San Francisco, California. At this hearing the Court will consider whether the settlement is fair, reasonable and adequate and whether the plan of allocation is fair and reasonable, based on pleadings already on file in this case and any additional relevant information submitted concerning the issues addressed by the Ninth Circuit.

**Payment of Valid Claims:** Following the Court's decision, there may be appeals. Payments will be made to eligible claimants only after any appeals are resolved.

**Objections:** If you are a Settlement Class Member, you may object to the fairness of the settlement or plan of allocation. To object, you must send a letter or pleading stating that you object in *In re Veritas Software Corporation Securities Litigation*, Master File No. C-03-0283-MMC. You must include your name, address, telephone number, your signature, the number and type of Veritas securities purchased and sold between January 3, 2001 and January 16, 2003, whether or not you filed a claim for a recovery in this case, and the reasons for your objection. Any objection must be mailed or delivered such that it is received by each of the following no later than January 28, 2008:

| Court: | Lead Counsel for Plaintiffs: | Counsel for all Defendants except Kenneth Lonchar: |
|---|---|---|
| Clerk of the Court | Joy Ann Bull | Peri Nielsen |
| UNITED STATES OF DISTRICT COURT | COUGHLIN STOIA GELLER | WILSON SONSINI GOODRICH |
| NORTHERN DISTRICT OF CALIFORNIA | RUDMAN & ROBBINS LLP | & ROSATI, P.C. |
| United States Courthouse | 655 West Broadway, Suite 1900 | 650 Page Mill Road |
| 450 Golden Gate Avenue | San Diego, CA 92101 | Palo Alto, CA 94304-1050 |
| San Francisco, CA 94102 | | |

**Additional Information:** In addition to the websites at www.rg2claims.com and www.csgrr.com, listed above, you can get additional information about the claims processing and the approval hearing by calling 619/231-1058 or by writing to a representative of Lead Counsel, Rick Nelson, Coughlin Stoia Geller Rudman & Robbins LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101.

**If you previously submitted a claim form, you need not file another claim.**

EXHIBIT A