UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X

IN RE AMERICAN INTERNATIONAL GROUP,
INC. SECURITIES LITIGATION

This Document Relates To:
All Actions

----------------------------------------X

04 Civ. 8141 (DAB)
ORDER

DEBORAH A. BATTS, United States District Judge.

A Fairness Hearing in this proceeding is currently scheduled for January 31, 2012 at 11:00 AM. The Court has received two objections and requests to be heard at the Fairness Hearing.

The first objection (Docket #605) was filed by Rinis Travel Service Inc. Profit Sharing Trust (PST) U/A 06/01/89, Rinis Travel Service Inc. Profit Sharing Plan (PSP) U/A 06/01/89, Alan Rothstein, and Mollye Rothstein (collectively, the "Rinis Objectors"). The Rinis Objectors claim that the Notice provided to class members violated the requirements of the Private Securities Litigation Reform Act of 1995 (the "PSLRA") by failing to provide an estimate of potential per-share damages.[1]

This Court overruled an identical objection (brought by many of the same objectors) in an Order dated December 2, 2010 (Docket #568). In that Order, this Court found that the PSLRA does not

---

[1] The Rinis Objectors also claim that the Notice did not inform class members adequately about the timing and location of the Fairness Hearing and their right to speak and present evidence. This objection is wholly without merit, as the information is displayed clearly on pages 4 and 19 of the Notice.

require a per-share estimate of damages where the Parties disagree on the amount of damages available. (Order, Dec. 2., 2010, at 6-7.) Furthermore, this Court found that the precedent on which the Rinis Objectors rely, In re Veritas Software Corp. Sec. Litig., 496 F.3d 962 (9th Cir. 2007), does not address the "Statement of potential outcome of case" required in § 78u-4(a)(7)(B) of the PSLRA, but rather involved the statement of the amount to be distributed on a per-share basis after settlement that § 78u-4(a)(7)(A) of the PSLRA requires. (Id. at 7-8 (citing Veritas at 969).)

For the reasons set forth in this Court's Order of December 2, 2010, the objection from the Rinis Objectors is hereby OVERRULED, and the Rinis Objectors will not be permitted to speak at the Fairness Hearing on January 31, 2012.

The second objection (Docket #607) was filed by Steve A. Miller, Trustee for and on behalf of the Steve A. Miller, P.C. Profit Sharing Plan. Mr. Miller is hereby granted permission to speak at the Fairness Hearing insofar as his remarks involve notice procedures, distribution of unclaimed funds, and the amount of proposed attorney's fees. Mr. Miller shall not speak to his own personal losses or recovery.[2] Mr. Miller shall be

---

[2]The purpose of a Fairness Hearing is limited to provide class members with an opportunity to be heard by the Court on

permitted no more than 15 minutes to set forth his objections. Counsel for Plaintiffs and for Defendant American International Group, Inc. shall each be prepared to respond to those objections addressed to them.

SO ORDERED.

Dated:   New York, New York
         January 18, 2012

*Deborah A. Batts*
DEBORAH A. BATTS
United States District Judge

---

their objections to the proposed settlement, including objections to the proposed attorney's fees. The purpose of a Fairness Hearing is not to provide a forum to air grievances about individual losses or experiences. See Fed. R. Civ. P. 23(e).