UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
─────────────────────────────────────── x
                                        :
                                        :   ECF CASE
IN RE AMERICAN INTERNATIONAL GROUP,     :
INC. SECURITIES LITIGATION              :
                                        :   Master File No. 04 Civ. 8141 (DAB) (AJP)
This Document Relates To:  All Actions  :
                                        :
                                        :
                                        :
─────────────────────────────────────── x

DAB
2/2/12

[PROPOSED] ORDER APPROVING LEAD COUNSEL'S MOTION FOR
AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES AND
LEAD PLAINTIFF'S REQUEST FOR REIMBURSEMENT OF EXPENSES

THIS MATTER having come before the Court on January 31, 2012, on the Motion of Labaton Sucharow LLP and Hahn Loeser & Parks LLP ("Lead Counsel"), for an award of attorneys' fees and reimbursement of expenses and Lead Plaintiff's request for reimbursement of expenses, and the Court, having considered all papers filed and proceedings conducted herein and otherwise being fully informed in the premises and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. All capitalized terms not otherwise defined herein have the same meaning as that defined in the Agreement of Compromise and Settlement (the "Agreement"), executed November 30, 2010. This Court has jurisdiction over the subject matter of this application and all matters relating thereto.

2. Pursuant to and in compliance with Rules 23 and 54 of the Federal Rules of Civil Procedure, the Court hereby finds and concludes that due and adequate notice was directed to persons and entities who are Settlement Class Members, advising them of the request for attorneys' fees and expenses, and of their right to object thereto, and a full and fair opportunity was accorded to persons and entities who are Settlement Class Members to be heard with respect to the motion.

- 1 -

3.  Lead Counsel is entitled to a fee paid out of the common fund created for the benefit of the Settlement Class. *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478-79 (1980).

4.  Lead Counsel has moved for an award of attorneys' fees in the amount of 13.25% of the "Net Settlement" (the $725 million Settlement Amount minus Court-awarded litigation expenses in the amount of $8,257,111.29, or $716,742,888.71).

5.  The amount of the requested fee was the subject of informed negotiation between Lead Counsel and the Office of the Ohio Attorney General on behalf of Lead Plaintiff. *In re WorldCom Sec. Inc. Litig.*, 388 F. Supp. 2d 319, 356 (S.D.N.Y. 2005)("When class counsel in a securities lawsuit have negotiated an arm's-length agreement with a sophisticated lead plaintiff possessing a large stake in the litigation, and when that lead plaintiff endorses the application following close supervision of the litigation, the court should give the terms of that agreement great weight.").

6.  The Court has also considered the Declaration of Professor John C. Coffee, Esq., the Adolf A. Berle Professor of Law at Columbia University Law School (D.E. #603-8.), which also supports the attorneys' fee request. Professor Coffee concludes in relevant part:

> [T]his case stands out as an exemplary exception. . . . [T]he benefit to the class – viewed from a variety of perspectives – is extraordinary, while the fee request – which comes to 13.25% of the recovery and is somewhat less than its full lodestar – is well below the norm, whether we assess that request on a percentage of the recovery basis or in terms of a lodestar methodology. (*Id.* ¶2.)
>
> * * *
>
> ... viewed in percentage of the recovery terms, a fee award of 13.25% is entirely reasonable, both because it is consistent with recent practice in large cases in the $400 million to $1 billion recovery range and, more importantly, because the extraordinary success obtained in this case more than justifies the requested fee award. Ultimately, the "proof is in the pudding," and an exemplary recovery justifies a fee that is at least comparable with the normal recovery rate. (*Id.* ¶40.)

7. The Court finds that a fee award of [13.25%] of the Net Settlement is consistent with, if not lower than, awards made in similar cases.

8. Accordingly, the Court hereby awards attorneys' fees of [13.25%] of the Net Settlement, or [$94,968,432.75]. The Court finds the fee award to be fair and reasonable. Said fees shall be allocated among plaintiffs' counsel by Lead Counsel in a manner in which they believe reflects each counsel's contribution to the prosecution and resolution of the claims against defendant American International Group, Inc ("AIG").

9. Plaintiffs' Counsel's total lodestar related to the prosecution of the Settlement Class's claims against AIG is nearly $96.76 million. A [13.25%] fee represents a negative lodestar multiplier of [0.98], which is below the range of lodestar multipliers generally awarded in securities class actions. This supports the Court's finding that the fee request is fair, adequate, and reasonable.

10. The Court has also analyzed the factors considered within the Second Circuit. *Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 47 (2d Cir. 2000). In evaluating these factors, the Court finds that:

    (a) Lead Counsel has conferred a substantial benefit to the Settlement Class.

    (b) Lead Counsel has expended considerable time and labor over the course of the Action investigating, analyzing and prosecuting the claims against defendant AIG. This is evidenced by the parties' practice before the Court and Lead Counsel's representations that they have: thoroughly investigated the claims asserted; defeated motions to dismiss filed by 23 defendants (including AIG); conducted fact and expert discovery related to class certification, followed by a contested motion for class certification involving four days of legal argument and hearings; reviewed and analyzed more than 53.3 million pages of documents by defendants and non-parties, including more than 12 million pages produced by AIG; took or defended 97 depositions of fact and expert witnesses; and negotiated and

advocated for a very significant settlement under unusual and difficult circumstances. The services provided by Lead Counsel appear to have been very successful and efficient, resulting in an outstanding recovery for the Settlement Class without the substantial expense, risk, and delay of continued litigation and trial. Such efficiency and effectiveness supports the requested fee.

(c) In this contingent litigation, Lead Counsel faced considerable risks of no recovery throughout the litigation.

(d) This Action required skill and raised novel and complex issues relating to AIG, such as, among other things, proving securities fraud based on complicated accounting rules and hundreds of accounting transactions. Also, cases brought under the federal securities laws are notoriously difficult and uncertain. Despite the novelty and difficulty of the issues raised, Lead Counsel secured an excellent result for the Settlement Class.

(e) The Court has considered the objections to the fee and expense request, and those objections are hereby overruled.

(f) Lead Counsel are very experienced and skilled practitioners in the securities litigation field, and have considerable experience and capabilities as class action specialists. Their efforts in efficiently bringing about a settlement with AIG conferred a substantial benefit to the Settlement Class.

11. Lead Counsel have also requested an award of reimbursement of litigation expenses in the amount of $8,257,111.29. There have been no objections to this request. Having reviewed the expense information submitted by Lead Counsel, the Court hereby approves the requested amount and awards expenses of [$8,257,111.29].

12. The Court has also considered Lead Plaintiff's request for reimbursement of reasonable costs and expenses directly relating to the representation of the Settlement Class,

pursuant to the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. §78u-4 (a)(4). There have been no objections to this request. The Court hereby approves the request and awards the Ohio Public Employees Retirement System expenses of [$36,551] and the State Teachers Retirement System of Ohio expenses of [$35,359], both of which may be paid upon entry of this Order.

13. The awarded attorneys' fees and expenses of Lead Counsel shall be paid from the gross Settlement Amount immediately after this Order is entered subject to the terms, conditions, and obligations of the Stipulation, which terms, conditions, and obligations are incorporated herein.

14. The Court retains continuing and exclusive jurisdiction over the Settlement, the administration and distribution of the Settlement and the attorneys' fee award and its payment.

IT IS SO ORDERED.

DATED: 2/2/12

*Deborah A. Batts*
The Honorable Deborah A. Batts
United States District Court for the
Southern District of New York