USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/2/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE AMERICAN INTERNATIONAL
GROUP, INC. SECURITIES LITIGATION

ECF CASE

Master File No. 04 Civ. 8141 (DAB) (AJP)

[PROPOSED] ORDER AND FINAL JUDGMENT AS TO
AMERICAN INTERNATIONAL GROUP, INC.

WHEREAS:

A.      On November 30, 2010, the Ohio Public Employees Retirement System,
State Teachers Retirement System of Ohio and Ohio Police & Fire Pension Fund (collectively,
"Lead Plaintiff"), on behalf of the Settlement Class, and American International Group, Inc. ("AIG"
and, Lead Plaintiff and AIG collectively, the "Settling Parties"), entered into an Agreement of
Compromise and Settlement (the "Agreement" or "Settlement") in the above-captioned class action
(the "Action");

B.      Pursuant to the Preliminary Approval Order entered October 5, 2011 (the
"Hearing Order"), the Court scheduled a hearing for January 31, 2012, at 11:00 am (the "Fairness
Hearing"):  (a) to determine whether the proposed settlement of the Action on the terms and
conditions provided for in the Agreement is fair, reasonable and adequate, and should be approved
by the Court; and (b) to determine whether a Final Judgment substantially in the form attached to
the Agreement as Exhibit D should be entered herein.  The Court ordered that the Notice of
Proposed Settlement, Motion for Attorneys' Fees and Expenses Award and Fairness Hearing (the
"Notice") and a Proof of Claim or Release Form, in the forms attached to the Hearing Order as
Exhibits 1, 3, and 4, be mailed by first-class mail, postage prepaid, on or before October 14, 2011 to

all putative Settlement Class Members at the address of each such Person as set forth in the records

of AIG or its transfer agent, or who otherwise could be identified through reasonable effort, and

that a Summary Notice, in the form attached to the Hearing Order as Exhibit 2, be published in *The*

*Wall Street Journal,* and on PR Newswire and Bloomberg News Service, once each on separate days,

within fourteen (14) days of the mailing of the Notice;

        C.     As attested by the affidavit of Eric Miller of Rust Consulting, Inc., filed with

this Court on December 2, 2011, the provisions of the Hearing Order as to notice were complied

with;

        D.     On December 2, 2011, Lead Plaintiff moved for final approval of the

Agreement as set forth in the Hearing Order.  The Fairness Hearing was duly held before this Court

on January 31, 2012, at which time all interested persons were afforded the opportunity to be heard;

        E.     The Notice and the Summary Notice advised putative Settlement Class

Members of the date, time, place and purpose of the Fairness Hearing.  The Notice further advised

that any objections to the Agreement were required to be filed with the Court by December 30,

2011;

        F.     This Court has duly considered Lead Plaintiff's motion, the affidavits and

memorandum of law submitted in support thereof, and all of the submissions and arguments

presented with respect to the proposed Agreement;

        NOW, THEREFORE, IT IS HEREBY ORDERED:

        1.     This Judgment incorporates by reference the definitions in the Agreement,

and all capitalized terms used herein shall have the same meanings as set forth in the Agreement.

2.    This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all putative Settlement Class Members.

3.    The Court finds only for the purpose of effectuating this Settlement and only as pertains to the claims asserted against the Released Persons by Lead Plaintiff and the Settlement Class that the prerequisites for a class action under Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (i) the number of Settlement Class Members is so numerous that joinder of all such members is impracticable; (ii) there are questions of law and fact common to the Settlement Class; (iii) the claims of the class representatives are typical of the claims of the Settlement Class they seek to represent; (iv) the class representatives have and will fairly and adequately represent the interests of the Settlement Class; (v) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting only individual members of the Settlement Class; and (vi) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure and for the purposes of effectuating the Settlement only, this Court hereby finally certifies a class of all persons and entities who purchased or otherwise acquired AIG Securities during the period of time from October 28, 1999, through April 1, 2005, inclusive (the "Class Period"), as well as all persons and entities who held the common stock of HSB Group, Inc. ("HSB") at the time HSB was acquired by AIG in a stock for stock transaction, and all persons and entities who held the common stock of American General Corporation ("AGC") at the time AGC was acquired by AIG in a stock for stock transaction, and were damaged thereby (the "Settlement Class"). Excluded from the Settlement Class are (i) the Defendants, as named in the Consolidated Third Amended Class Action Complaint, dated December 15, 2006 (the "Complaint") in this Action; (ii) the immediate families of the Individual Defendants, as named in the Complaint; (iii) any parent, subsidiary, affiliate, officer, or

-3-

director of AIG; (iv) persons who made requests for exclusion from the Settlement Class in the manner and within the time period provided by Section IV of the Agreement and/or by order of the Court and did not thereafter rescind such requests, such excluded persons being listed on Exhibit A hereto; (v) any entity in which any excluded person has a controlling interest; and (vi) the legal representatives, heirs, successors and assigns of any excluded person.

5.     The Court hereby finds and concludes that pursuant to Rule 23 of the Federal Rules of Civil Procedure and solely for purposes of the Settlement, Lead Plaintiff is an adequate class representative and certifies it as class representative for the Settlement Class.

6.     This Judgment is binding on all members of the Settlement Class, other than those Persons listed in Exhibit A hereto who have filed timely and valid requests to be excluded from the Settlement Class.

7.     The proposed settlement of the Action on the terms and conditions set forth in the Agreement is in all respects fair, reasonable and adequate, is in the best interests of the Settlement Class and should be approved, especially in light of the benefits to the Settlement Class and the complexity, expense and possible duration of further litigation against AIG, the risks of establishing liability and damages and the costs of continued litigation.

8.     The notification provided for and given to the putative Settlement Class Members was in compliance with the Hearing Order, and said notification:  (a) constituted the best notice practicable under the circumstances; (b) constituted notice that was reasonably calculated under the circumstances to apprise the putative Settlement Class Members of the pendency of the Action, of the effect of the Settlement (including the releases provided for therein), of Lead Counsel's Motion for an Attorneys' Fees and Expenses Award, of their right to object to the Settlement and/or Lead Counsel's Motion for an Attorneys' Fees and Expenses Award, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Fairness

Hearing; (c) constituted due, adequate and sufficient notice to all persons or entities entitled to

receive notice of the proposed Settlement; and (d) was in full compliance with the notice

requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7)

of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(7).

IT IS FURTHER ORDERED, ADJUDGED AND DECREED as follows:

9.      The Agreement is hereby approved as fair, reasonable, adequate, and in the

best interests of the Settlement Class Members, and shall be consummated in accordance with the

terms and provisions of the Agreement.

10.     The Complaint is hereby dismissed in its entirety as to AIG, Eli Broad, John

A. Graf, Martin J. Sullivan, Thomas R. Tizzio, Wachovia Securities, Inc., and Merrill Lynch & Co.,

with prejudice and without costs to any party.

11.     The Court further finds, pursuant to Section (c)(1) of the PSLRA, 15 U.S.C.

§ 78u-4(c)(1), that during the course of the Action, the Settling Parties and their respective counsel at

all times complied with the requirements of Federal Rule of Civil Procedure 11.

12.     Upon the Effective Date, Lead Plaintiff, the Settlement Class and each

Settlement Class Member (other than those listed on Exhibit A hereto), on behalf of themselves and

their respective heirs, executors, administrators, successors and assigns and all persons acting in

concert with any such person shall have fully, finally and forever released, relinquished, acquitted

and discharged the Released Persons from the Released Claims. This release is expressly contingent

upon the payment by AIG of the Settlement Amount, as set forth in the Agreement.

13.     Effective upon the Effective Date, with respect to any and all Released

Claims, the Lead Plaintiff, the Settlement Class and Settlement Class Members shall have fully,

finally and forever waived the provisions, rights and benefits of California Civil Code § 1542 and any

provisions, rights and benefits conferred by any law of any state or territory of the United States or

principle of common law which is similar, comparable or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

14.     The Lead Plaintiff, the Settlement Class or Settlement Class Members may hereafter discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of the Released Claims, but the Lead Plaintiff, the Settlement Class and Settlement Class Members shall have, upon the Effective Date, fully, finally and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, without limitation, conduct which is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.

15.     To the full extent provided by Section 21D-4(f)(7)(A) of the PSLRA, 15 U.S.C. § 78u-4(f)(7)(A), and all other applicable laws, the non-settling defendants and all other Persons, including but not limited to any other Person previously or subsequently named as a defendant or third-party in this action (collectively "Non-Settling Persons"), are hereby permanently BARRED, ENJOINED AND RESTRAINED from commencing, prosecuting, or asserting any claim for contribution or indemnity against the Released Persons arising out of or relating to the claims or allegations asserted by plaintiffs in the Action, and from commencing, prosecuting, or asserting any other claim against the Released Persons where the injury to the Non-Settling Person is the Non-Settling Person's actual or risked liability to the putative plaintiff class arising out of or

relating to the claims or allegations asserted by plaintiffs in the Action, whether arising under state, federal or foreign law and however designated, including claims, cross-claims, counterclaims, or third-party claims, whether asserted in the Action, in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere.

16.     To the full extent provided by Section 21D-4(f)(7)(A) of the PSLRA, 15 U.S.C. § 78u-4(f)(7)(A), and all other applicable laws, the Released Persons are hereby permanently BARRED, ENJOINED AND RESTRAINED from commencing, prosecuting, or asserting any claim for contribution or indemnity against the Non-Settling Persons or any other Released Person arising out of or relating to the claims or allegations asserted by plaintiffs in the Action, and from commencing, prosecuting, or asserting any other claim against a Non-Settling Person or a Released Person where the injury to the Released Person bringing the claim is that Released Person's actual or risked liability to the putative plaintiff class arising out of or relating to the claims or allegations asserted by the class in the Action, whether arising under state, federal or foreign law and however designated, including claims, cross-claims, counterclaims, or third-party claims, whether asserted in the Action, in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere.

17.     Any final verdict or judgment obtained by or on behalf of Lead Plaintiff, the Settlement Class or any Settlement Class Member shall be reduced by the greater of (i) an amount that corresponds to the percentage of responsibility of the Released Persons, or (ii) the Settlement Amount.

18.     The Released Persons are hereby released and discharged from any liability to Lead Plaintiff, the Settlement Class, or any Settlement Class Member under New York's General

-7-

Obligation Law, § 15 108; Delaware's Uniform Contribution Among Tortfeasors Law, 10 Del. C. §

6304; or any other state's contribution bar statute, and applicable case law.

19.     The Released Plaintiff Parties are hereby permanently BARRED,

ENJOINED AND RESTRAINED from filing, commencing, prosecuting, intervening in,

participating in (as class members or otherwise), or receiving any benefits or other relief from, any

other lawsuit, arbitration or other proceeding or order in any jurisdiction against the Released

Persons that is based upon, arises out of or relates to any of the Released Claims.

20.     The Released Persons are hereby permanently BARRED, ENJOINED

AND RESTRAINED from filing, commencing, prosecuting, intervening in, participating in (as class

members or otherwise), or receiving any benefits or other relief from, any other lawsuit, arbitration

or other proceeding or order in any jurisdiction against the Released Plaintiff Parties that is based

upon, arises out of or relates to the Released AIG Claims.

21.     Nothing herein shall bar, extinguish, reduce or limit any rights, claims or

defenses asserted in:  (a) *State of Ohio v. American International Group, et al.*, No. 07-633857 (Court of

Common Pleas, Cuyahoga County, Ohio), *In re American International Group, Inc. 2008 Securities*

*Litigation*, No. 08-cv-4772 (S.D.N.Y.); *In re American International Group, Inc. 2007 Derivative Litigation*,

No. 07-cv-10464 (S.D.N.Y.); (b) in *American International Group, Inc. Consolidated Derivative Litigation*,

C.A. No. 769-VCS (Del. Ch.), *In re American International Group, Inc. Derivative Litigation*, No. 04-CV-

8406 (S.D.N.Y.), *Teachers Retirement System of La. v. Cantwell*, et al., No. 650064/2009 (N.Y. Sup. Ct.,

N.Y. Cty.), *Bassman v. Greenberg*, No. 05-CV-7022 (S.D.N.Y.), and *Kleinhandler v. Greenberg*, No. 05-

CV-6417 (S.D.N.Y.); (c) in connection with the fair fund created in *SEC v. American International*

*Group, Inc.*, 06 Civ. 1000 (S.D.N.Y.) (LAP) and/or *In Re AIG ERISA Litigation*, 04 Civ. 9387

(S.D.N.Y) (JES); or (d) in the Action against any of the Named Defendants other than the Released

Persons; nor shall anything in the Final Judgment bar, extinguish, reduce or limit any rights, claims

or defenses that are based on or arise from the settlement agreement dated March 24, 2010 between

AIG, the State of Ohio and others in *State of Ohio v. AIG*, No. CV 07 633857 (Ohio Ct. Com. Pl.).

22.     Upon the Effective Date, AIG, on behalf of itself and its respective heirs,

executors, administrators, successors and assigns and all persons acting in concert with any such

person, shall have fully, finally and forever released and discharged each and every one of the

Released AIG Claims against the Released Plaintiff Parties and shall forever be enjoined from

instituting, maintaining or prosecuting any or all of the Released AIG Claims.

23.     Each Settlement Class Member other than those listed on Exhibit A hereto

(whether or not such Settlement Class Member executes and delivers a Proof of Claim or Release

Form) and all of their respective predecessors, successors, representatives, affiliates, agents, heirs,

executors, trustees, personal representatives, estates, administrators, and assigns; and any other

person or entity who has the right, ability, standing or capacity to assert prosecute or maintain any of

the Released Claims belonging to a Settlement Class Member to obtain the proceeds of any recovery

therefor but only with respect to the Released Claims, is bound by this Final Judgment, including,

without limitation, the releases set forth in the Agreement.

24.     This Final Judgment and the Agreement, and all papers related thereto are

not, and shall not be:

(a)     described as, construed as, interpreted as, or offered or received against any

of the Released Persons as an admission of any liability or wrongdoing whatsoever, whether

in this or any other proceeding;

(b)     described as, construed as, interpreted as, or offered or received against any

of the Released Persons, whether in this or any other proceeding, as evidence of and/or

deemed to be evidence of any presumption, concession or admission by any of the Released

Persons as to: (i) the truth of any fact alleged in the Complaint; (ii) the validity of any claim

that has been or could have been asserted in the Action or in any other litigation; (iii) the deficiency of any defense that has been or could have been asserted in the Action or in any other litigation; and/or (iv) any liability, negligence, fault, or wrongdoing on their part;

(c)     described as, construed as, interpreted as or offered or received against Lead Plaintiff or any Settlement Class Member, whether in this or any other proceeding, as evidence of any infirmity in the claims of said Lead Plaintiff and the Settlement Class or that damages recoverable from the Released Persons would not have exceeded the Settlement Amount, whether in this or any other proceeding;

(d)     described as, construed as, interpreted as, offered or received against any of the Released Persons, Lead Plaintiff and/or any Settlement Class Member, whether in this or any other proceeding, as an admission or concession that the consideration to be given in the this Final Judgment or the Agreement represents the amount which could be or would have been awarded to said Lead Plaintiff or Settlement Class Members after trial, whether in this or any other proceeding; and

(e)     offered or received against any of the Settling Parties in any other civil, criminal or administrative action or proceeding, or in any court or other tribunal, except in connection with any action, litigation or proceeding to enforce the terms of the Agreement or this Final Judgment.

25.     The administration of the Agreement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any person to participate in the distribution of funds from the Escrow Account, shall remain under the authority of this Court.

26.     In the event that the Agreement does not become consummated in accordance with the terms of the Agreement, then this Judgment shall be rendered null and void to

the extent provided by and in accordance with the Agreement and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Agreement.

27.     Any Court order regarding the Plan of Allocation or the Attorneys' Fees and Expenses Award shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

28.     No Person shall have any Claim against Lead Plaintiff, Lead Plaintiff's counsel, the Administrator or any of their respective agents, or against the Released Persons and/or their respective counsel, with respect to or arising out of any distributions or lack thereof made under the Plan of Allocation, the Agreement or orders of the Court.

29.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over (a) implementation of this Agreement and any award or distribution of the Escrow Account, including interest earned thereon; (b) disposition of the Escrow Account; (c) hearing and determining applications for attorneys' fees, costs, interest and reimbursement of expenses in the Action; and (d) all parties hereto for the purpose of construing, enforcing and administering the Agreement.

30.     If the Effective Date does not occur or the Agreement is terminated, then this Final Judgment (and any orders of the Court relating to this Settlement) shall be vacated, rendered null and void and be of no further force except as otherwise provided by the Agreement.

31.     There being no just reason to delay entry of this judgment, the Clerk of the

Court is ordered, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, to enter this

Judgment forthwith.

Dated:  New York, New York

*February 2, 2012*

*Deborah A. Batts*

The Honorable Deborah A. Batts
United States District Court for the Southern District
of New York

# EXHIBIT A

| EXCL. NO. | | NAME OF REQUESTOR | | CITY, STATE ZIP |
|---|---|---|---|---|
| 3 | | Shirlee & Roy B. Kimsey | | Cupertino, CA  95014 |
| 4 | | Louis Lubrano | | Fairview, NJ  07022 |
| 13 | | Shelly C. Lockard | | Lafayette, LA  70506 |
| 23 | | Howard H. Lippert | | Belleville, IL  62220 |
| 30 | | Dominick A. & Valerie J. Alessi | | Kirkwood, MO  63122 |
| 33 | | Jack W. Moore Family Trust | | Tucson, AZ  85736 |
| 34 | | Jack W. Moore IRA | | Tucson, AZ  85736 |
| 35 | | Rodger A. Springer | | Ft. Myers, FL  33908 |
| 38 | | Donna Kramber IRA | | Sun City West, AZ  85375 |
| 39 | | Donna Kramber | | Sun City West, AZ  85375 |
| 40 | | Putnam Family Trust (Paul R & Mona M. Putnam, TTEES) | | Escondido, CA  92026 |
| 42 | | RW & DJ Bate Superannuation Fund Pty. Ltd. | | Jamieson Vic 3723 Australia |
| 44 | | Norma Rose | | Murrieta, CA  92562 |
| 47 | | John W. Illig | | Kansas City, MO  64157 |
| 48 | | Louis Lubrano | | Fairview, NJ  07022 |
| 51 | | Leonard E. Warkentin | | Reedley, CA  93654 |
| 54 - 60 | | Lowenstein Sandler PC on behalf of Franklin Funds | | Roseland, NJ  07068 |
| 68 | | Connie May Whaley | | Gladbrook, IA  50635 |
| 69 | | William J. Krizsan | | Twinsburg, OH  44087 |