UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――― x
:
IN RE AMERICAN INTERNATIONAL : **ECF CASE**
GROUP, INC. SECURITIES LITIGATION :
: Master File No. 04 Civ. 8141 (DAB) (AJP)
This Document Relates To: All Actions :
:
―――――――――――――――――――――――――― x

## **DECLARATION OF THOMAS A. DUBBS**

THOMAS A. DUBBS, declares as follows pursuant to 28 U.S.C. § 1746:

  1.  I am a Senior Partner of the law firm Labaton Sucharow LLP, counsel for the Ohio Public Employees Retirement System, the State Teachers Retirement System of Ohio, and the Ohio Police & Fire Pension Fund (collectively, "Lead Plaintiffs"), and Court-appointed Co-Lead Counsel for the class, in the above-titled action (the "Action"). I am admitted to practice before this Court.

  2.  I submit this declaration in support of Lead Plaintiff's Memorandum of Law and in response to the objection to the Settlement by Marshall Orloff Trustee for ORLOFF FAMILY TRUST DTD 12/13/01 (the "Objection").

  3.  On February 3, 2012, the Court issued an Order (the "Preliminary Approval Order"), preliminarily approving the proposed settlement (the "Starr Settlement") that would resolve all class claims against Maurice R. Greenberg, Howard I. Smith, Christian M. Milton, Michael J. Castelli, C.V. Starr & Co., Inc., and Starr International Co., Inc. (collectively, the "Starr Defendants" and, together with Lead Plaintiff, the "Settling Parties") in the Action, as set forth in the Contingent Agreement of Compromise and Settlement dated August 10, 2009, and preliminarily certifying a settlement class (the "Settlement Class"). ECF 623.

1

4.  The Preliminary Approval Order also approved, *inter alia*, the form, substance, and requirements of the Notice of Proposed Settlement, Motion for Attorneys' Fees and Expenses Award and Fairness Hearing (the "Notice"). *Id.*

5.  The Notice was disseminated to more than two million potential members of the Settlement Class ("Class Members"). ECF 634-3 (Affidavit of Eric J. Miller of Rust Consulting, Inc. (the "Administrator")) ¶ 10.

6.  The Notice advised the Settlement Class of, *inter alia*, the claims alleged and potential outcome of the Action, the Starr Settlement amount and proposed Plan of Allocation, the reasons for entering into the Starr Settlement, the right to request exclusion from the Settlement Class and the May 25, 2012 deadline for requesting exclusion, the Fairness Hearing, the right to object and the procedures and May 25, 2012 deadline for objecting, Co-Lead Counsel's intention to seek an award of attorneys' fees and reimbursement of expenses, how to contact Lead Counsel, and how to access documents filed in the Action. ECF 634-3, Ex. A at 3.

7.  On April 27, 2012, Lead Plaintiffs moved for final approval of the proposed Starr Settlement. ECF 630.

8.  On April 27, 2012, Co-Lead Counsel moved for an award of attorneys' fees and reimbursement of expenses. ECF 632.

9.  On June 13, 2012, Lead Plaintiffs and Co-Lead Counsel filed a reply in support of the motions for final approval of the proposed Starr Settlement and for an award of attorneys' fees and reimbursement of expenses. ECF 642.

10. On August 17, 2012, the New York Attorney General (the "NYAG") submitted comments on the proposed Starr Settlement, which was styled as an objection (the "NYAG Submission"), including expert materials on the issue of potential damages related to the Gen Re transaction. ECF 651, 652, 653.

11.     On September 18, 2012, Lead Plaintiff responded to the NYAG Submission. ECF 660.

12.     On January 7, 2013, the Court issued an Order finding that the NYAG lacks standing to object to the Starr Settlement, finding that granting the NYAG leave to move to intervene is not appropriate, and considering the NYAG Submission as an *amicus curiae* submission. Order, *In re American Int'l Grp. Inc. Sec. Litig.*, No. 04-cv-8141, 2013 WL 68928 (S.D.N.Y. Jan. 7, 2013) (Batts, J.), ECF 665.

13.     In its January 7, 2013 Order, the Court also accepted the proposed Supplemental Notice of Proposed Settlement and Fairness Hearing (the "Supplemental Notice"), as amended by the Court. *Id.*[1]

14.     The Supplemental Notice was disseminated to the same potential Class Members as the Notice, as well as any newly identified potential Class Members. Ex. 1 ¶ 5, annexed hereto.

15.     The Supplemental Notice provided additional information to Class Members, corrected certain statements in the Notice, and advised Class Members of a second opportunity to request exclusion from or object to the Starr Settlement and the March 6, 2013 deadline for requesting exclusion or objecting. Ex. 1 and Ex. A thereto.

16.     On March 6, 2013, Marshall J. Orloff ("Orloff"), as trustee of putative Class Member the ORLOFF FAMILY TRUST DTD 12/13/01 (the "Orloff Family Trust"), filed the Objection, which is the only putative objection to the Starr Settlement. ECF 633.

17.     To date, neither Orloff nor the Orloff Family Trust DTD 12/13/01 has submitted documentation establishing the Orloff Family Trust's purported transactions in eligible AIG securities as defined in the Notice.

---

[1] On February 6, 2013, the NYAG filed a notice of appeal from the Court's January 7, 2013 Order. ECF 669. That appeal has since been stayed by the Court of Appeals for the Second Circuit. Order, *In re American Int'l Grp. Inc.*, No. 13-488 (2d Cir., Mar. 12, 2013), ECF 672. On February 21, 2013, the Court issued an Order denying the NYAG's request for "elevated" *amicus curiae* standing. ECF 670.

18. Annexed hereto as Exhibit 2 is a true and correct copy of a table prepared by Co-Lead Counsel identifying other Orloff/Turkish objections .

19. Annexed hereto as Exhibit 3 is a true and correct copy of a summary prepared by Co-Lead Counsel that compares objections filed by Orloff and Turkish .

20. Ninety-five requests for exclusion have been received, of which only 15 are timely and valid.  Ex. 1 ¶ 17.

21. As of April 10, 2012, Plaintiffs' Counsel had collectively devoted 26,227.99 hours to prosecution of the claims against the Starr Defendants, resulting in a combined "lodestar" of $10,170,340.50 at Counsel's regular and then-current billing rates.  ECF 634-23 (Summary of Lodestars and Expenses).

22. After entering the Starr Settlement, Co-Lead Counsel did additional work in the Action that confirmed their belief that the Settlement is an excellent result for the Settlement Class. This work included, among other things, taking another 40 depositions, including the depositions of defendants Smith and Greenberg.

23. From the period between April 11, 2012 and February 28, 2013, Co-Lead Counsel collectively devoted an additional 3,768 hours to prosecution of the claims against the Starr Defendants, resulting in a combined "lodestar" of $1,941,099 at Counsel's regular and current billing rates.  Ex. 4, annexed hereto.  Co-Lead Counsel are not requesting any additional attorneys' fees in relation to this additional work.

24. The Notice stated that Co-Lead Counsel intend to apply for reimbursement of litigation expenses paid and incurred in connection with the prosecution and resolution of the claims against the Starr Defendants ("Litigation Expenses") in an amount not to exceed $1 million.  ECF 577-1 at 3.

25. No Class Member (or anyone else) has objected to reimbursement of Litigation Expenses of that amount, which represents less than 1% of the $115 million Settlement Fund.

26. The total Litigation Expenses for all counsel relating to the Starr Settlement was $550,897.29 as of April 10, 2012.  ECF 634-23.

27. Subsequently, and primarily due to the necessity of responding to numerous submissions to the Court by the NYAG, Co-Lead Counsel incurred additional litigation related expenses of $440,699.54.  Attached hereto as Exhibit 5 is a detailed report setting forth each category of additional Litigation Expenses and their associated amounts.

28. The vast majority of the additional Litigation Expenses ($365,346.74) were fees paid to expert witnesses, whose affidavits and declarations were submitted to the Court by Lead Plaintiffs (ECF Nos. 659-10 and 659-12 to 659-16) in response to the NYAG's submissions, and mediation fees ($20,446.32) relating to an attempt to resolve the Settling Parties' disputes with the NYAG.

29. The original litigation expense reimbursement request ($550,897.29) plus this Supplemental request ($440,699.54) equals $991,596.83, which is less than the $1 million set forth in the Notice as the amount the Class was informed that Co-Lead Counsel could request as reimbursement of its expenses.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on March 26, 2013.

                                                             /s/ Thomas A. Dubbs
                                                              THOMAS A. DUBBS