```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------X

IN RE AMERICAN INTERNATIONAL GROUP,          04 Civ. 8141 (DAB)
INC. SECURITIES LITIGATION                        ORDER

This Document Relates To:
All Actions

--------------------------------------X
```

DEBORAH A. BATTS, United States District Judge.

Pursuant to Fed. R. Civ. P. 23(e)(2) and (h)(3), a Fairness Hearing on the Proposed Settlement with Maurice Greenberg, Howard Smith, Christian Milton, Michael Castelli, and C.V. Starr & Co., Inc., Starr International Company, Inc. (collectively "Starr Defendants") is scheduled for April 10, 2013 at 2:30 p.m.  The Court has received one Objection[1] and request to be heard at the Hearing, which was filed by the Orloff Family Trust DTD 12/31/01 ("Orloff Trust" or "Objector") on March 6, 2013. (Orloff Trust Objection ("Objection"), ECF No. 671.)  Objector asserts that the Proposed Settlement (1) is neither fair to the Class nor reasonable, (2) fails to make proper use of the cy pres doctrine, (3) permits Class Counsel to administer the claims process, (4) compensates Class Counsel with an unreasonably high fee, and (5) provides inadequate notice to the Class.

---

[1] On May 25, 2012, Steve A. Miller, P.C. Profit Sharing Plan ("Miller") filed the first objection to the Proposed Settlement. (ECF No. 639.)  In the objection, Miller claimed that (1) the proposed settlement's provision for cy pres distribution of uncashed checks is unnecessary and (2) the attorneys' fee for Lead Plaintiff's Counsel is excessive.  On September 27, 2012, however, Miller withdrew its Objection with prejudice. (ECF No. 663.)  Miller, therefore, will not be heard at the Fairness Hearing.

The Court finds that the Orloff Trust lacks standing to object to the Proposed Settlement.  "Because [Orloff Trust] is not a class member, it does not have an affected interest in the class Plaintiffs' claims against [Starr Defendants] so as to be able to assert its objections on behalf of its[elf].  'Nonparties to a settlement generally do not have standing to object to a settlement of a class action.'" <u>Central States Southeast & Southwest Areas Health & Welfare Fund v. Merck-Medco Managed Care, LLC.</u>, 504 F.3d 229, 244 (2d Cir. 2007)(citing 4 ALBA CONTE & HERBERT B. NEWBERG, NEWBERG ON CLASS ACTIONS § 13:69 (4th ed. 2002).).  Though the Court ordered the issuance of a Supplemental Notice to the Class, which extended the date by which Class Members could object and provide Proof of Claim, Orloff Trust did not meet the March 27, 2013 deadline, nor did it even request an extension to provide documentation.[2]  Orloff Trust merely states

---

[2] In its January Order, the Court directed Lead Plaintiff to issue a Supplemental Notice, which extended the deadline to object to the Proposed Settlement. (Memorandum Order, Jan. 7, 2013, ECF No. 665.)  The original Notice stated that "[a]ny Settlement Class Member . . . may ask the Court to consider their objection to any of the matters to be considered at the Fairness Hearing (and may appear at the Fairness Hearing) provide, however, that <u>no such person shall be heard unless</u> his, her or its objection is made in writing and is filed, together with copies of all other papers and briefs to be submitted to the Court for the Fairness Hearing, by him, her, or it (including documentation of all purchases, acquisitions and sales of AIG Securities during the Class Period) . . . ." (Notice, Ex. A at 19, ECF No. 634.)  The Supplemental Notice, moreover, informed Class Members that their "objection[s] must follow the requirements and procedures set forth in the Notice . . . For instructions on how to object to the proposed Settlement, please reference page 19 of the Notice under the hearing "'What if I want to object to the Settlement? May I speak at the Fairness Hearing if I do not like the Settlement.'" (Walter Aff., Ex. 1, Supplemental Notice at 3, ECF No. 678.)

that it "purchased the stocks as defined in the Settlement Agreement," and will provide proof "once the final information is obtained from [its] money manager and brokers." (Objection, ECF No. 671 at 1.)  While "[a]ny class member may object to the propos[ed]" settlement, Objector has failed to establish its membership in the Class. Fed. R. Civ. P. 23(3)(5)(emphasis added).  Orloff Trust "did not file a proof of claim and therefore does not have standing to bring [its] objections." In re WorldCom, Inc. Sec. Litigation, 388 F. Supp. 2d 319, 340 (S.D.N.Y. 2005)(referencing New York by Vacco v. Reebok Int'l, Ltd., 96 F.3d 44, 47 (2d Cir. 1996))("For standing to exist, a would-be litigant must have sustained a palpable injury that is likely to be redressed by a favorable decision.").  For this reason, the Orloff Trust's Objection is OVERRULED.  Neither Objector's nor its representative will speak at the Fairness Hearing on April 10, 2013.

SO ORDERED.

Dated:    New York, New York
          April 4, 2013

_____
Deborah A. Batts
United States District Judge