UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/13/12

| | |
|---|---|
| IN RE AMERICAN INTERNATIONAL GROUP, INC. SECURITIES LITIGATION | ECF CASE<br><br>Master File No. 04 Civ. 8141 (DAB)(AJP) |

DAB
5/13/12

[PROPOSED] ORDER AND FINAL JUDGMENT AS TO
STARR DEFENDANTS

WHEREAS:

A.   On August 10, 2009, the Ohio Public Employees Retirement System, State Teachers Retirement System of Ohio and Ohio Police & Fire Pension Fund (collectively, "Lead Plaintiff"), on behalf of the Settlement Class, and Maurice R. Greenberg, Howard I. Smith, Christian M. Milton, Michael J. Castelli, C.V. Starr & Co., Inc., and Starr International Company, Inc. (collectively, "the Starr Defendants") (Lead Plaintiff and the Starr Defendants collectively, the "Settling Parties"), entered into the Contingent Agreement of Compromise and Settlement (the "Agreement" or "Settlement") in the above-captioned class action (the "Action");

B.   By its Order entered April 10, 2013, the Court overruled the only timely objection to the Settlement;

C.   By its Order entered April 11, 2013, the Court certified the Settlement Class, appointed Lead Plaintiff as Settlement Class representative, and approved the Settlement with the Starr Defendants;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.  This Judgment incorporates by reference the definitions in the Agreement, and all capitalized terms used herein shall have the same meanings as set forth in the Agreement.

2.  This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all putative members of the Settlement Class.

3.  This Judgment is binding on all members of the Settlement Class, other than those Persons listed in Exhibit A hereto who have filed timely and valid requests to be excluded from the Settlement Class.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED as follows:

4.  The Complaint is hereby dismissed in its entirety as to Maurice R. Greenberg, Howard I. Smith, Christian M. Milton, Michael J. Castelli, C.V. Starr & Co., Inc., and Starr International Company, Inc. with prejudice and without costs to any party.

5.  The Court further finds, pursuant to Section (c)(1) of the PSLRA, 15 U.S.C. § 78u-4(c)(1), that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

6.  Upon the Effective Date, Lead Plaintiff, the Settlement Class and each Class Member (other than those listed on Exhibit A hereto), on behalf of themselves and their respective heirs, executors, administrators, successors and assigns and all persons acting in concert with any such person shall have fully, finally and forever released, relinquished, acquitted and discharged the Starr Released Persons from the Starr Released Claims. This release is expressly contingent upon the payment by the Starr Defendants of the Settlement Amount, as set forth in the Agreement.

7.  Effective upon the Effective Date, with respect to any and all Starr Released Claims, the Lead Plaintiff, the Settlement Class and Class Members shall have fully, finally and forever waived the provisions, rights and benefits of California Civil Code § 1542 and any provisions, rights and benefits conferred by any law of any state or territory of the United States or

principle of common law which is similar, comparable or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

8.  The Lead Plaintiff, the Settlement Class or Class Members may hereafter discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of the Starr Released Claims, but the Lead Plaintiff, the Settlement Class and Class Members shall have upon the Effective Date, fully, finally and forever settled and released any and all Starr Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, without limitation, conduct which is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.

9.  The Starr Released Persons are hereby released and discharged from all claims for indemnity or contribution (or any other claim against the Starr Released Persons where the injury to the Person bringing the claim is that Person's liability to the Lead Plaintiff, the Settlement Class or any Class Member) (collectively, the "Barred Claims"), whether direct or derivative, that have been or may hereafter be brought by any Person or entity, whether arising under state, federal, foreign or common law as claims, cross-claims, counterclaims, or third-party claims, in any court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere, based upon, arising out of, relating to, or in connection with the Starr Released Claims. Accordingly, to the full extent provided by Section 21D-4(f)(7)(A) of the PSLRA, 15 U.S.C.

§ 78u-4(f)(7)(A), the Court hereby bars all claims for contribution or indemnity: (a) against the Starr Released Persons; and (b) by the Starr Released Persons against any Person, other than any Person whose liability to the Settlement Class has been extinguished pursuant to the Agreement.

10. The Starr Released Persons are hereby released and discharged from any liability to Lead Plaintiff, the Settlement Class, or any Class Member under New York's General Obligation Law, § 15-108; Delaware's Uniform Contribution Among Tortfeasors Law, 10 Del. C. § 6304; or any other state's contribution bar statute, and applicable case law. Accordingly, to the full extent provided by New York's General Obligation Law, Delaware's Uniform Contribution Among Tortfeasors Law, and other states' laws, the Court hereby bars all Barred Claims based upon, arising out of, relating to, or in connection with the Starr Released Claims: (a) against the Starr Released Persons; and (b) by the Starr Released Persons against any Person, other than any Person whose liability to the Settlement Class has been extinguished pursuant to this Agreement.

11. The Starr Released Persons are hereby released and discharged from and against any and all claims based on any person or entity's liability to Lead Plaintiff, the Settlement Class or Class Members or on monies paid for the benefit of, or distributed to, Lead Plaintiff, the Settlement Class or Class Members, whether current or future, direct or derivative, however styled, whether for indemnification, contribution or otherwise, arising out of or relating to the acts and transactions that are the subject of this Action, whether arising under federal, state or common law as claims, cross-claims, counter-claims, or third party claims, including the claims asserted against Messrs. Greenberg and Smith in *American International Group, Inc. Consolidated Derivative Litigation*, Civ. A. No. 769 VCS (Del. Ch.), against the Starr Defendants in *In re American International Group Inc. Derivative Litigation*, Master File No. 04 cv 08406 (S.D.N.Y) and against Messrs. Castelli and Milton in *Teachers' Retirement System of Louisiana et al. v. Cantwell et al. and American International Group, Inc.*, Index No. 650064/2009 (N.Y. Sup. Ct.). Accordingly, to the fullest extent allowed by law, the Court

hereby bars all such claims: (a) against the Starr Released Persons; and (b) by the Starr Released Persons against any person or entity.

12. In accordance with the PSLRA, New York's General Obligations Law, Delaware's Uniform Contribution Among Tortfeasors Law, or any other state's contribution statute, and applicable law, any final verdict or judgment obtained by or on behalf of Lead Plaintiff, the Settlement Class or any Class Member against any person other than the Starr Released Persons relating to the Starr Released Claims shall be reduced by the greater of (i) an amount that corresponds to the percentage of responsibility of the Starr Released Persons, or (ii) the Settlement Amount. However, if the non-settling defendants are found at trial to have knowingly committed a violation of the securities laws and, therefore, are jointly and severally liable pursuant to law, any final verdict or judgment obtained by or on behalf of Lead Plaintiffs, the Settlement Class or any Class Member shall be reduced by only the Settlement Amount.

13. The Released Plaintiff Parties are hereby permanently BARRED, ENJOINED AND RESTRAINED from filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise), or receiving any benefits or other relief from, any other lawsuit, arbitration or other proceeding or order in any jurisdiction against the Starr Released Persons that is based upon, arises out of or relates to any of the Starr Released Claims.

14. The Starr Released Persons are hereby permanently BARRED, ENJOINED AND RESTRAINED from filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise), or receiving any benefits or other relief from, any other lawsuit, arbitration or other proceeding or order in any jurisdiction against the Released Plaintiff Parties that is based upon, arises out of or relates to the Released Starr Claims.

15. Upon the Effective Date, the Starr Defendants, on behalf of themselves and their respective heirs, executors, administrators, successors and assigns and all persons acting in

concert with any such person, shall have fully, finally and forever released, relinquished, acquitted and discharged each and every one of the Released Starr Claims against the Released Plaintiff Parties from the Released Starr Claims and shall forever be enjoined from instituting, maintaining or prosecuting any or all of the Released Starr Claims.

16. Each Class Member other than those listed on Exhibit A hereto (whether or not such Class Member executes and delivers a Proof of Claim or Release Form) and all of their respective predecessors, successors, representatives, affiliates, agents, heirs, executors, trustees, personal representatives, estates, administrators, and assigns; and any other person or entity who has the right, ability, standing or capacity to assert prosecute or maintain any of the Starr Released Claims belonging to a Class Member to obtain the proceeds of any recovery therefor but only with respect to the Starr Released Claims, is bound by this Final Judgment, including, without limitation, the releases set forth in the Agreement.

17. This Final Judgment and the Agreement, and all papers related thereto are not, and shall not be:

(a) described as, construed as, interpreted as, or offered or received against any of the Starr Released Persons as an admission of any liability or wrongdoing whatsoever, whether in this or any other proceeding;

(b) described as, construed as, interpreted as, or offered or received against any of the Starr Released Persons, whether in this or any other proceeding, as evidence of and/or deemed to be evidence of any presumption, concession or admission by any of the Starr Released Persons as to: (i) the truth of any fact alleged in the Complaint; (ii) the validity of any claim that has been or could have been asserted in the Action or in any other litigation; (iii) the deficiency of any defense that has been or could have been asserted in the

Action or in any other litigation; and/or (iv) any liability, negligence, fault, or wrongdoing on their part;

(c) described as, construed as, interpreted as or offered or received against Lead Plaintiff or any Class Member, whether in this or any other proceeding, as evidence of any infirmity in the claims of said Lead Plaintiff and the Settlement Class or that damages recoverable from the Starr Released Persons would not have exceeded the Settlement Amount, whether in this or any other proceeding;

(d) described as, construed as, interpreted as, offered or received against any of the Starr Released Persons, Lead Plaintiff and/or any Class Member, whether in this or any other proceeding, as an admission or concession that the consideration to be given in this Final Judgment or the Agreement represents the amount which could be or would have been awarded to said Lead Plaintiff or Class Members after trial, whether in this or any other proceeding; and

(e) offered or received against any of the Settling Parties in any other civil, criminal or administrative action or proceeding, or in any court or other tribunal, except in connection with any action, litigation or proceeding to enforce the terms of the Agreement or this Final Judgment.

18. The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any person to participate in the distribution of funds from the Cash Settlement Account, shall remain under the authority of this Court.

19. Any Court order regarding the Plan of Allocation or the Attorneys' Fees and Expenses Award shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

20. No Person shall have any Claim against Lead Plaintiff, Lead Plaintiff's counsel, the Administrator or any of their respective agents, or against the Starr Released Persons and/or their respective counsel, with respect to or arising out of any distributions or lack thereof made under the Plan of Allocation, the Agreement or orders of the Court.

21. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over (a) implementation of this Settlement and any award or distribution of the Cash Settlement Account, including interest earned thereon; (b) disposition of the Cash Settlement Account; (c) hearing and determining applications for attorneys' fees, costs, interest and reimbursement of expenses in the Action; and (d) all parties hereto for the purpose of construing, enforcing and administering the Settlement.

22. There being no just reason to delay entry of this judgment, the Clerk of the Court is ordered, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, to enter this Judgment forthwith.

Dated: New York, New York

_____

*Deborah A. Batts*
The Honorable Deborah A. Batts
United States District Court for the Southern District of New York

5/13/13

## EXHIBIT A

| EXCL. NO. | NAME OF CLAIMANT | CITY, STATE ZIP |
|---|---|---|
| 1 | Mary Lou Yindra | Ft. Myers, FL 33908 |
| 13 | Maxine S. Koenigsberg | Las Vegas, NV 89113 |
| 14 | Maxine S. Koenigsberg and Emauel Koenigsberg | Las Vegas, NV 89113 |
| 22 | Dominick A. & Valerie J. Alessi | Kirkwood, MO 63122 |
| 23 | Ann E. Cabre | Ferndale, WA 98248 |
| 25 | I. Ronald Specter, Trustee - Geralde S. Specter Family Trust | Petersburgh, VA 23805 |
| 40 | Leonard E. Warkentin | Reedley, CA 93654 |
| 41 | Alvin D. S. Lau TTEE FBO Alvin D.S. Lau Living Trust | Kaneohe, HI 96744 |
| 60 | Louis Lubrano | Fairview, NJ 07022 |
| 62 | Britta B. Smith | Austin, TX 78746 |
| 67 | Tyler J. Hunt | Flinstone, GA 30725 |
| 69 | Herbert L. & Betty M. Smith | Media, PA 19063 |
| 70 | Strawbridge Studios, Inc. Profit Sharing Plan | Durham, NC 27715 |
| 72 | Connie May Whaley | Gladbrook, IA 50635 |
| 76 | Lombard International Assurance S.A. | Grand-Duche de Luxembourg |