UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE AMERICAN INTERNATIONAL GROUP, INC. SECURITIES LITIGATION | ) ) ) ) ) **ECF CASE**<br><br>Case No. 04 Civ. 8141 (DAB) (AJP) |

**MEMORANDUM IN SUPPORT OF THE MOTION BY
THE AIG PLANS AND EVERCORE TRUST COMPANY
TO INTERVENE FOR LIMITED PURPOSE OF POSSIBLE APPEAL**

The American International Group, Inc. Incentive Savings Plan, the American General Agents' and Managers' Thrift Plan, the American International Group, Inc. Retirement Plan, the Chartis Insurance Co. Puerto Rico Capital Growth Plan (collectively, the "Plans"), and Evercore Trust Company, N.A. ("Evercore"), as independent fiduciary of the Plans, respectfully submit this memorandum in support of their motion seeking to intervene in this matter for the limited purpose of potentially appealing the Court's decision that the Plans are excluded from the settlement classes with respect to PricewaterhouseCoopers LLP ("PwC" and the "PwC Settlement") and American International Group, Inc. ("AIG" and the "Company Settlement").

In support of the Motion, the Plans and Evercore state as follows:

1.  On October 14, 2008, the Court preliminarily approved and certified the class for the PwC Settlement. On December 10, 2010, the Court entered its final approval and class certification for the PwC Settlement.

2.  On October 5, 2011, the Court preliminarily approved and certified the class for the Company Settlement. On February 2, 2012, the Court entered its final approval and class certification for the Company Settlement.

3.  As the Court has explained, "[i]t is undisputed that the Plans sent in claim forms to be considered by the Claims Administrator." (ECF 749, p. 2).

1

4.	In February 2013, the Claims Administrator denied all of the Plans' claims concluding that the Plans were ineligible to be members of the Settlement Classes of the PwC and Company Settlements on the basis that the Plans were deemed to be "affiliates" of AIG. The Claims Administrator further held that, even if the Plans were not ineligible to participate as affiliates, the Plans would only be entitled to recover on a "trust-level" rather than "participant-level" basis.

5.	On September 13, 2013, the Plans and Evercore filed a Motion to Direct the Settlement Administrator to Approve the Plans' Claims and Distribute Settlement Proceeds to the Plans (ECF 716) (the "Motion"). In the Motion, the Plans and Evercore requested that the Court direct the Claims Administrator to approve the Plans' claims, including on a "participant-level" basis.

6.	After the completion of briefing on that Motion, on September 29, 2014, the Court entered an Order (ECF 749) (the "Order") denying the Motion and approving the Claims Administrator's rejection of the Plans' claims.

7.	The Plans and Evercore are currently evaluating whether to appeal the Order and file this Motion to establish party status in this case for the limited purpose of filing such an appeal.

8.	The Plans and Evercore are entitled to intervene as of right for the limited purpose of appealing the Order.

9.	Fed. R. Civ. P. 24(a)(2) provides that "[o]n timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter

impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."

    10.    In the Second Circuit:

> Intervention as of right under Rule 24(a)(2) is granted when all four of the following conditions are met: (1) the motion is timely; (2) the applicant asserts an interest relating to the property or transaction that is the subject of the action; (3) the applicant is so situated that without intervention, disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the other parties.

*Mastercard Int'l, Inc. v. Visa Int'l Serv. Ass'n*, 471 F.3d 377, 389 (2d Cir. 2006)

    11.    This Motion is timely as it is being filed within 15 days of entry of the Order. Prior to the entry of the Order, the Plans and Evercore believed that the Plans were parties to this action, insofar as they believed that the Plans were members of the respective Settlement Classes. Therefore, the Plans and Evercore had no reason to seek intervention prior to the entry of the Order.

    12.    The Plans and Evercore are asserting an interest relating to the property that is the subject of this action as they are seeking to allow the Plans and their participants to share in the Settlement Fund.

    13.    The Order impairs or impedes the Plans and Evercore's ability to protect the interests of the Plans and their participants as it denies them the ability to share in the Settlement Fund.

    14.    The interests of the Plans and their participants will not be adequately represented by any other parties, as evidenced by Lead Plaintiffs' assertions that the Plans were properly excluded from the respective Settlement Classes and Lead Plaintiffs' opposition to the Motion.

15. Accordingly, the Plans satisfy all of the requirements for intervention of right under Fed. R. Civ. P. 24(a).

16. In the alternative, the Plans and Evercore seek permissive intervention under Fed. R. Civ. P. 24(b)(1)(B), which provides that "the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." A common question of law or fact has been raised, namely with respect to an interpretation of who is entitled to participate as members of the respective Settlement Classes.

17. "The court considers substantially the same factors whether the claim for intervention is 'of right' under Fed. R. Civ. P. 24(a)(2), or 'permissive' under Fed. R. Civ. P. 24(b)(2)." *'R' Best Produce, Inc. v. Shulman-Rabin Mktg., Corp.*, 467 F.3d 238, 240 (2d Cir. 2006). Accordingly, for the reasons stated above, the Plans and Evercore also satisfy the requirements for permissive intervention under Fed. R. Civ. B. 24(b)(1)(B).

18. Permissive intervention would not unduly delay or prejudice the adjudication of the original parties' rights as the Plans and Evercore have not opposed the initial distributions proposed by Lead Plaintiffs. Rather, the Plans and Evercore only seek to have the Plans' participant-level claims paid out of the amounts held back from the initial distributions.[1]

19. The Plans and Evercore seek intervention out of an abundance of caution to ensure that they have properly preserved their right to appeal, as some courts have indicated that a nonparty should seek intervention prior to appealing a ruling which affects that nonparty's interests. However, the Plans and Evercore do not believe their right to appeal is contingent

---

[1] Likewise, while the Motion only dealt with the PwC and Company Settlements, any resolution of a possible appeal of the Order would also apply with respect to the Starr and Gen Re Settlements. As the Court has recognized, the Parties agree that a determination of this matter "is equally applicable to" the Starr and Gen Re Settlements "to the extent that the Plans submit claims." (ECF 749, p. 2 n.1).

upon being considered a formal party to this action. In this regard, the Second Circuit has "long allowed appeal 'when the nonparty has an interest that is affected by the trial court's judgment.'" *Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 313 F.3d 70, 88 (2d Cir. 2002) (quoting *United States v. Int'l Bhd. of Teamsters*, 931 F.2d 177, 183-84 (2d Cir. 1991)).

## CONCLUSION

For the foregoing reasons, the Plans and Evercore respectfully request that the Court grant the Motion and allow them to intervene for the limited purpose of a possible appeal of the Order.

Respectfully submitted,

Dated: October 14, 2014

*/s/ Jonathan G. Rose*
Jonathan G. Rose (JR1016)
H. Douglas Hinson (*pro hac vice*)
Richard S. Siegel (*pro hac vice*)
ALSTON & BIRD LLP
950 F Street, N.W.
Washington, DC  20004
Telephone: (202) 239-3300
Facsimile: (202) 239-3333
jonathan.rose@alston.com
doug.hinson@alston.com
richard.siegel@alston.com
*Attorneys for the Plans and Evercore*