```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X

IN RE AMERICAN INTERNATIONAL
GROUP, INC. SECURITIES LITIGATION          04-CV-8141(DAB)(AJP)
                                                  ORDER
-------------------------------------X
```

DEBORAH A. BATTS, United States District Judge.

The American International Group, Inc. Incentive Savings Plan, the American General Agents' and Managers' Thrift Plan, the American International Group, Inc. Retirement Plan, the Chartis Insurance Co. Puerto Rico Capital Growth Plan (the "Plans"), and Evercore Trust Company, N.A. ("Evercore), as independent fiduciary of the Plans, (collectively, "Movants"), moved to intervene in this matter for the limited purpose of potentially appealing the Court's September 29, 2014, Order denying the Plans and Evercore's Motion to Direct the Settlement Administrator to Approve the Plans' Claims and Distribute Settlement Proceeds to the Plans ("Order").  Movants argue that they satisfy the elements for intervention as a matter of right and for permissive intervention under Rule 24(a) and (b) of the Federal Rules of Civil Procedure.  Movants' Motion is DENIED as untimely.

Movants argue that their Motion is timely because it was filed within fifteen days of entry of the Court's September 29, 2014 Order.  Movants argue that "[p]rior to the entry of the

Order, the Plans and Evercore believed that the Plans were parties to this action, insofar as they believed that the Plans were members of the respective Settlement Classes.  Therefore, the Plans and Evercore had no reason to seek intervention prior to the entry of the Order."  (Mem. Of Law In Support Of Mot. To Intervene 3.)  The Movants have chosen to ignore the lengthy history of this litigation which put Movants on notice, since the beginning, that they are not parties to the Action.

The class definition proposed by the Plaintiffs specifically excluded affiliates, such as Movants, from the proposed class.  (See Consolidated Third Amended Class Action Complaint ¶ 152 ("Excluded from the Class are the Defendants herein, members of the immediate families of the Individual Defendants, any parent, subsidiary, affiliate, officer, or director of defendant AIG, any entity in which any excluded person has a controlling interest, and the legal representatives, heirs, successors and assigns of any excluded person.").)  Subsequently, and as set forth in the Order, on October 14, 2008, the Court signed an Order to Preliminarily Approve the Settlement and certified the Class as to PriceWaterHouseCoopers ("PwC"), which also instructed that the Notices and Proof of Claim forms be mailed by October 20, 2008. (ECF No. 444.)  Likewise, the Court preliminarily approved the Settlement and certified the class as to American International

2

Group, Inc. ("AIG") in an October 5, 2011 Order, which provided for the mailing of the Notices and Proof of Claim forms by October 14, 2011. (ECF No. 598.)  Potential members of the Settlement Class were instructed to return their claim forms within 100 days of the dates of mailing. (ECF Nos. 444, 598.) It is undisputed that the Plans sent in claim forms to be considered by the Claims Administrator. (Order 2 (citing Plans' Br. 3; Opp'n Br. 4-7).)  On December 2, 2010, the Court approved the Settlement and certification of the class as to PwC, (ECF Nos. 568, 569), and on February 2, 2012, as to AIG. (ECF Nos. 619, 622.)

    In February 2013, each of the Plans received two Notices of Ineligibility from the Claims Administrator, one notice for each settlement, with identical wording. (See Decl. of Jonathan G. Rose in support of Motion to Direct the Settlement Administrator to Approve the AIG Plans' Claims and Distribute Settlement Proceeds to the AIG Plans ¶¶ 8-13, Exs. 6, 7, 8, 9, 10, 11 (ECF No. 718).)  In relevant part, the Notices of Ineligibility read:

> The claim you submitted appears to be on behalf of an 'affiliate' of Defendant AIG and therefore is considered ineligible.
>
> Additionally, the claim filed was submitted on a 'participant level.' Based on the data we have, it appears the participants did not directly purchase and sell 'AIG Securities.' . . . As a result, claims filed on a 'participant level' will not be considered for eligibility in this settlement.

(Id.)  The Notices went on to explain the procedures to contest the determinations of the Claims Administrator, so that the recipients who disagreed with the conclusions could seek review. (Id.)  The Plans ostensibly complied with the instructions, as no Party has indicated otherwise.  It is therefore unreasonable for the Plans to argue that "[p]rior to entry of the Order . . . they believed that the Plans were members of the respective Settlement Classes."  (Mem. Of Law In Support of Mot. To Intervene 3.)

Motions for permissive intervention and intervention as a matter of right must be timely.  Mastercard Int'l Inc. v. Visa Int'l Serv. Ass'n, 471 F.3d 377, 391 (2d Cir. 2006).  Relevant factors to consider in determining timeliness include (1) the length of time the movant knew or should have known of its interest in making the motion; (2) prejudice to existing parties resulting from the movant's delay; (3) prejudice to the movant if the motion is denied; and (4) whether any unusual circumstances weigh for or against a finding of timeliness.  Id. at 390 (quoting United States v. New York, 820 F.2d 554, 557 (2d Cir. 1987).)  Here, the Plans have known that they were excluded from the proposed class definition at least as early as the filing of the Third Amended Complaint.  The Plans were also excluded from the class in the Preliminary Approval Orders, dating from 2008 and 2011.  The Plans have known of their

4

exclusion from the class for quite some time. While the Opposition papers do not argue that any prejudice will result from granting the Motion To Intervene, Movants themselves have indicated they will suffer no prejudice since Movants are of the opinion that their right to appeal is not contingent upon being a party to the action. (Mem. Of Law In Support Of Mot. To Intervene 4-5.) Finding no unusual circumstances, the Court finds that the factors weigh in favor of a finding of untimeliness. The Motion To Intervene is therefore DENIED.

SO ORDERED.

Dated:   December 3, 2014
         New York, New York

_____
Deborah A. Batts
United States District Judge