UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE AMERICAN INTERNATIONAL GROUP, INC. SECURITIES LITIGATION | **ECF CASE** <br><br> Case No. 04 Civ. 8141 (DAB) (AJP) |

# MEMORANDUM OF LAW IN SUPPORT OF
# LEAD PLAINTIFF'S MOTION FOR APPROVAL OF SETTLEMENT
# RESOLVING THE AIG PLANS' DISPUTED CLAIMS

## PRELIMINARY STATEMENT

The Ohio Public Employees Retirement System, State Teachers Retirement System of Ohio and the Ohio Police & Fire Pension Fund (collectively, "Lead Plaintiff"), as Court-appointed Lead Plaintiff in the above-captioned action (the "Action"), on behalf of the Settlement Class, and the American International Group, Inc. Incentive Savings Plan, the American General Agents' and Managers' Thrift Plan, the American International Group, Inc. Retirement Plan, the AIG Insurance Company - Puerto Rico Capital Growth Plan (formerly known as the Chartis Insurance Co. Puerto Rico Capital Growth Plan) (collectively, the "Plans"), and Evercore Trust Company, N.A., as independent fiduciary of the Plans, have reached an agreement that will finally resolve the Plans' claims with respect to the settlements with Defendants American International Group, Inc., PricewaterhouseCoopers LLP, General Reinsurance Corp., and the Starr Defendants. Lead Plaintiff hereby requests an order approving the settlement and deeming the pending Motion of the AIG Plans and Evercore Trust Company to Direct the Settlement Administrator to Approve the AIG Plans' Claims and Distribute Settlement Proceeds to the AIG Plans ("Motion to Direct") denied as moot.

In support of this motion, Lead Plaintiff respectfully submits this Memorandum, the Declaration of Louis Gottlieb ("Gottlieb Decl."), with an annexed exhibit, each filed herewith. A proposed Order is also being submitted for the Court's consideration.

## BACKGROUND

As is familiar to the Court, this Action was settled by four separate settlements, each governed by a settlement agreement, specifically: (1) the Agreement of Compromise and Settlement, dated Nov. 30, 2010 ("AIG Agreement" or "AIG Settlement"); (2) the Agreement and Compromise of Settlement, dated September 29, 2008, ("PwC Agreement" or "PwC

Settlement"); (3) the Agreement and Compromise and Settlement, dated February 24, 2009, ("Gen Re Agreement" or "Gen Re Settlement"); and (4) the Contingent Agreement of Compromise and Settlement, dated August 10, 2009, ("Starr Agreement" or "Starr Settlement," collectively, the "Settlements"). After holding separate final approval hearings, the Court approved each of the Settlements. All appeals from the judgments approving the Settlements have been resolved and the Settlements are effective according to their terms.

Over a period of several years, the Court-appointed Claims Administrator for the Settlements, Rust Consulting, administered the Settlement and processed claims. Claims on behalf of the Plans and their participants were submitted in the Settlements ("Plans' Claims"). The Plans' Claims were ultimately rejected by the Claims Administrator as ineligible in view of the consideration of the opinions in *In re Motorola Sec. Litig.*, 644 F.3d 511, 517 (7th Cir. 2011) and *In re Marsh & McClennan Cos., Inc. Secs. Litig.*, No. 04-CV-8144 (S.D.N.Y. June 1, 2011).

On May 29, 2013, Lead Plaintiff filed their Motion for Approval of an Initial Distribution of Settlement Proceeds in Connection with the Settlements with PricewaterhouseCoopers and AIG (ECF No. 692). On September 13, 2013, the Plans filed their Motion to Direct (ECF No. 716), which Lead Plaintiff opposed on September 30, 2013 (ECF Nos. 719). On June 23, 2014, Lead Plaintiff filed their Motion for Approval of an Initial Distribution of Settlement Proceeds in Connection with the Starr Defendants and General Reinsurance Corporation Settlements and Approval of Updates to Claims Determinations in Connection with PwC and Company Settlements (ECF No. 736).

On September 29, 2014, the Court denied the Plans' Motion to Direct, ruling that the Plans were properly excluded from the Settlement Class as "affiliates" of AIG, and approved the initial distribution of the PwC and AIG Settlements and establishment of a 10% reserve fund

(ECF Nos. 749, 751).  On September 29, 2014, the Court also approved the initial distribution of the Starr and Gen Re Settlements and the establishment of a 10% reserve fund (ECF No. 750).

On October 29, 2014, the Plans timely filed a notice of appeal from the order on the Motion to Direct and did not appeal the orders authorizing the initial distribution of the Settlements.  Beginning on November 18, 2014, the Claims Administrator conducted initial distributions of the proceeds of the Settlements to Authorized Claimants pursuant to the initial distribution orders.

On September 20, 2016, the United States Court of Appeals for the Second Circuit issued a decision vacating the Court's denial of the Motion to Direct and remanding the case to this Court for further proceedings, *see Rothstein, et al. v. American International Group, Inc., et al.*, 837 F.3d 195 (2d Cir. 2016).  By letter, dated November 1, 2016, Lead Counsel wrote to inform the Court that Lead Plaintiff and the Plans had reached an agreement in principle to resolve the disputed claims and requested that the Court refrain from taking further action pursuant to the Second Circuit's Mandate.

## THE SETTLEMENT OF THE PLANS' CLAIMS

As of June 13, 2017, Lead Plaintiff and the Plans entered into the Stipulation and Agreement of Settlement Resolving the AIG Plans' Disputed Claims (the "Stipulation"), which is annexed as Exhibit 1 to the Gottlieb Declaration filed herewith.  The Stipulation provides that in exchange for a full release of the Plans' claims to the proceeds of the Settlements, the Plans will receive payments from the Net Settlement Funds totaling $4,543,333.49 (the "Settlement Amount").

The Settlement Amount provides the Plans with (A) the full amount they would be entitled to if their claims were calculated using the transactions of the Plans themselves, *i.e.*, at

the "Plan Level," which is $2,575,014.97, *plus* (B) a portion of the amount they would have been entitled to if their claims were calculated using the transactions of the Plan participants, *i.e.*, at the "Participant Level"), which is $1,968,318.52.

The proposed settlement will finally resolve all disputes between Lead Plaintiff and the Plans, accordingly the pending Motion to Direct will be moot.

## CONCLUSION

For all the foregoing reasons, Lead Plaintiff respectfully requests that the Court approve the proposed settlement with the Plans and enter the proposed Order.

Dated: New York, New York
       June 13, 2017

Respectfully submitted by:

| | |
|---|---|
| /s/ *Louis Gottlieb* | /s/ *Andrew Agati* |
| Thomas A. Dubbs (TD 9658) | Andrew Agati |
| Louis Gottlieb (LG 9169) | **HAHN LOESER & PARKS LLP** |
| Nicole M. Zeiss (NZ 3894) | 200 Public Square, Suite 2800 |
| Thomas G. Hoffman (TG 0330) | Cleveland, Ohio  44114-2301 |
| **LABATON SUCHAROW LLP** | (216) 621-0150 |
| 140 Broadway | (216) 241-2824 (Fax) |
| New York, New York  10005 | |
| (212) 907-0700 | |
| (212) 818-0477 (Fax) | |
| | |
| *Lead Counsel for Lead Plaintiff and Co-Lead Counsel for the Class* | *Special Counsel to Lead Plaintiff and Co-Lead Counsel for the Class* |

4

## CERTIFICATE OF SERVICE

     I hereby certify that on June 13, 2017 I caused the foregoing Memorandum of Law In Support of Lead Plaintiff's Motion for Approval of Settlement Resolving the AIG Plans Disputed Claims to be served electronically on all ECF participants.

.

                                             /s/ *Louis Gottlieb*
                                               Louis Gottlieb