UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x
:
:
IN RE AMERICAN INTERNATIONAL :
GROUP, INC. SECURITIES LITIGATION :
:
This Document Relates To:  All Actions :
:
———————————————————— x

**ECF CASE**

Master File No. 04 Civ. 8141 (DAB) (AJP)

# LEAD PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR AUTHORIZATION TO CONDUCT ADDITIONAL DISTRIBUTIONS IN ALL SETTLEMENTS

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ............................................................................................... 2

BACKGROUND .................................................................................................................... 2

ARGUMENT .......................................................................................................................... 4

I.     Approval of Additional Distributions in all Settlements ........................................... 4

II.    Proposed Plan for Additional Distributions of the Net Settlement Funds .............. 5

CONCLUSION ....................................................................................................................... 6

# PRELIMINARY STATEMENT

The Ohio Public Employees Retirement System, State Teachers Retirement System of Ohio and the Ohio Police & Fire Pension Fund (collectively, "Lead Plaintiffs"), as Court-appointed Lead Plaintiffs in the above-captioned action (the "Action"), present for the Court's approval, pursuant to Rule 23 of the Federal Rules of Civil Procedure, a proposed order authorizing additional distributions of the proceeds of the four settlements of the Action. Rust Consulting, Inc. ("Rust"), the court-appointed Administrator, has completed the initial distributions of the Settlements and there are reserve funds and unclaimed funds available for redistribution, as discussed below.

In support of this motion, Lead Plaintiffs respectfully submit this Memorandum and the Declaration of Jason Rabe of Rust Consulting, Inc. in Support of Motion for Authorization to Conduct Additional Distributions of the Net Settlement Funds, dated March 2, 2018, ("Rabe Decl."), with annexed exhibits, filed herewith. A proposed Order is also being submitted for the Court's consideration.

# BACKGROUND

This Action was settled by four separate settlements, each governed by a settlement agreement, specifically: (1) the Agreement of Compromise and Settlement, dated Nov. 30, 2010 ("AIG Agreement" or "AIG Settlement"); (2) the Agreement and Compromise of Settlement, dated September 29, 2008, ("PwC Agreement" or "PwC Settlement"); (3) the Agreement and Compromise and Settlement, dated February 24, 2009, ("Gen Re Agreement" or "Gen Re Settlement"); and (4) the Contingent Agreement of Compromise and Settlement, dated August 10, 2009, ("Starr Agreement" or "Starr Settlement," collectively, the "Settlements"). After holding separate final approval hearings, the Court approved each of the Settlements. All

appeals from the judgments approving the Settlements have been resolved and the Settlements are effective according to their terms.

The Court-appointed Claims Administrator for the Settlements, Rust Consulting, has administered the Settlements and processed the claims. On May 29, 2013, Lead Plaintiffs filed their Motion for Approval of an Initial Distribution of Settlement Proceeds in Connection with the Settlements with PricewaterhouseCoopers and AIG (ECF No. 692). On June 23, 2014, Lead Plaintiffs filed their Motion for Approval of an Initial Distribution of Settlement Proceeds in Connection with the Starr Defendants and General Reinsurance Corporation Settlements and Approval of Updates to Claims Determinations in Connection with PwC and Company Settlements (ECF No. 736).

On September 29, 2014, the Court, *inter alia*, approved an initial distribution of the PwC and AIG Settlements and establishment of a 10% reserve fund (ECF Nos. 749, 751). On September 29, 2014, the Court also approved an initial distribution of the Starr and Gen Re Settlements and the establishment of a 10% reserve fund (ECF No. 750). The reserve funds were established to pay the claims, to the extent allowed, of the then-disputing AIG retirement plans ("AIG Plans"), to make equitable adjustments to claims upon just cause, and to pay additional Notice and Administration Expenses and Tax Expenses.[1] On August 15, 2017, the Court approved a settlement, in the amount of $4,543,333, between Lead Plaintiffs and the AIG Plans that resolved the AIG Plans claim disputes. ECF No. 773.

---

[1] Capitalized terms that are not otherwise defined herein are defined in the Settlement Agreements or the Rabe Declaration.

**ARGUMENT**

I.   **Approval of Additional Distributions in all Settlements**

Beginning on November 18, 2014, the Claims Administrator conducted initial distributions of the proceeds of the four Settlements, which totaled $762,444,391.98, to 395,492 Authorized Claimants pursuant to the initial distribution orders.  Rabe Decl. ¶ 6.

Thereafter, Rust communicated with payment recipients and conducted outreach to minimize the rejection of wire transfers, process undeliverable checks, and reissue checks where appropriate.  Rabe Decl. ¶¶ 7-11.  For Authorized Claimants who were issued a payment in excess of $2,000.00 and did not cash their check, Rust attempted to contact the Authorized Claimant by telephone or e-mail to advise them to cash their check or offer a check reissuance, if applicable. Rabe Decl. ¶ 10.

Since the Initial Distribution, Rust has received and responded to numerous written, electronic and telephonic inquiries from class members and Authorized Claimants concerning the Settlements, distributions from the Net Settlement Funds, and the status of check reissue requests.  During the course of these communications, Rust has received inquiries from 6 Claimants whose Claims were not included in the Initial Distribution of the Net Settlement Funds.  Rabe Decl. ¶ 15.  Rust reviewed these Claims and has determined that they should be paid from the reserves on the basis of inadvertent error or equitable grounds ("Additional Eligible Claims").  If approved, the Additional Eligible Claims would add up to Recognized Losses of $22,915,058, and would result in total payments for the Additional Eligible Claims of $189,773.65, which would not materially impact the recoveries of Authorized Claimants, amounting to only 0.025% of the total payments made to date. *Id*.

As of March 2, 2018, $753,108,709 in Initial Distribution payments have been negotiated (or 98.78% of the total distributed amount), and $9,335,682 of the initially distributed amounts

remains in the Net Settlement Funds. *Id*. ¶ 12. In addition, approximately $82.51 million in reserve funds is available for distribution, after the deduction of the $4,543,333 settlement with the AIG Plans and the payment of Rust's estimate of the fees and expenses required to conduct an additional distribution, which totals $458,962 (*see* Rabe Decl., Exhibit B). Accordingly, approximately $91.84 million is available for re-distribution. Rabe Decl. ¶ 18.

II.     **Proposed Plan for Additional Distributions of the Net Settlement Funds**

Rust recommends the following Plan for Additional Distributions of the Net Settlement Funds and will undertake the following tasks:

First, upon Court approval of its determinations, Rust will issue Catch-Up Payments for the Additional Eligible Claims listed on Exhibit A to the Rabe Declaration from the reserves in order to put these Claimants on equal footing with Authorized Claimants who received payments in the Initial Distribution.

Second, utilizing the balance remaining in the Net Settlement Funds, including the reserves, after all Catch-Up Payment amounts are deducted, any additional Court-approved fees and expenses of Rust are deducted, and Tax Expenses are paid, Rust will implement a second distribution of the Net Settlement Funds, on a *pro rata* basis, to (i) Authorized Claimants who cashed their payment in the Initial Distribution and whose second distribution checks would result in a distribution amount equal to or greater than $10.00 and to (ii) Claimants that are receiving a "Catch-Up Payment," and whose second distribution checks would result in a distribution amount equal to or greater than $10.00 (the "Second Distribution"). Authorized Claimants who do not cash their second distribution checks within the time allotted will irrevocably forfeit recovery from the Settlements. The funds allocated to all such stale-dated checks will be subject to re-distribution to other Authorized Claimants.

Thereafter, Rust, at direction of Lead Counsel, shall, if economically feasible, continue to reallocate any further balance remaining in the Net Settlement Funds among Authorized Claimants who have cashed their checks, after payment of any outstanding Notice and Administrative Expenses, and Tax Expenses, in an equitable and economical fashion until it is no longer feasible to continue to do so.

Once Lead Counsel determines that further redistribution of any balance remaining is no longer economically feasible, such balance, after payment of outstanding Notice and Administrative Expenses and Tax Expenses, if any, will be contributed to a non-sectarian, not-for-profit charitable organization(s) serving the public interest that is recommended by Lead Plaintiffs and approved by the Court.

## CONCLUSION

For all the foregoing reasons, Lead Plaintiffs respectfully request that the Court enter the proposed Order submitted herewith, *inter alia*: (1) approving the proposed Plan for Additional Distributions of the Net Settlement Funds; (2) authorizing additional distributions of the Net Settlement Funds and reserve funds, as set forth in the Plan for Additional Distributions of the Net Settlement Funds; and (3) authorizing payment to Rust of its fees and expenses in connection with the services to be performed in conducting an additional distribution.

Dated:   New York, New York
         March 5, 2018

Respectfully submitted by:

| | |
|---|---|
| /s/ *Louis Gottlieb* | /s/ *Andrew Agati* |
| Thomas A. Dubbs (TD 9658) | Andrew Agati |
| Louis Gottlieb (LG 9169) | **HAHN LOESER & PARKS LLP** |
| Nicole M. Zeiss (NZ 3894) | 200 Public Square, Suite 2800 |
| Thomas G. Hoffman (TG 0330) | Cleveland, Ohio  44114-2301 |
| **LABATON SUCHAROW LLP** | (216) 621-0150 |
| 140 Broadway | |

New York, New York  10005
(212) 907-0700
(212) 818-0477 (Fax)

*Lead Counsel for Lead Plaintiffs and Co-Lead
Counsel for the Class*

(216) 241-2824 (Fax)

*Special Counsel to Lead Plaintiffs  and Co-Lead
Counsel for the Class*

## CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2018, I caused the foregoing Lead Plaintiffs' Memorandum of Law In Support of Motion for Authorization to Conduct Additional Distributions In All Settlements to be served electronically on all ECF participants.

.

                                              /s/ *Louis Gottlieb*
                                               Louis Gottlieb